SO ORDERED.

SIGNED this 29 day of April, 2011.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

**NEW BERN RIVERFRONT DEVELOPMENT, LLC,**
      **DEBTOR.**

**CASE NO.**
**09-10340-8-JRL**

**CHAPTER 11**

**NEW BERN RIVERFRONT DEVELOPMENT, LLC,**
      **Plaintiff**

      **v.**

**WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; JDAVIS ARCHITECTS, PLLC; FLUHRER REED, PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS INC.,**
      **Defendants**

**and**

**WEAVER COOKE CONSTRUCTION, LLC and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,**
      **Defendants, Counterclaimants and Crossclaimants,**

      **v.**

**ADVERSARY PROCEEDING NO.**

**10-00023-8-JRL**

**JDAVIS ARCHITECTS, PLLC; FLUHRER REED PA; SKYSAIL OWNERS ASSOCIATION, INC.; WACHOVIA BANK, NATIONAL ASSOCIATION and WELLS FARGO & COMPANY f/d/b/a WACHOVIA CORPORATION,**
       **Crossclaim Defendants.**

**and**

**NATIONAL ERECTORS REBAR, INC.,**
       **Defendant, Counterclaimant, Crossclaimant, and Third-Party Plaintiff,**

       **v.**

**ROBERT ARMSTRONG, JR., ROBERT P. ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.,**
       **Third-Party Defendants.**

**and**

**JDAVIS ARCHITECTS, PLLC,**
       **Third-Party Plaintiff,**

       **v.**

**MCKIM & CREED, P.A.,**
       **Third-Party Defendant.**

## ORDER

This matter came before the court on third-party plaintiff JDavis Architects, PLLC, motion to amend its third-party complaint asserted against third-party defendant McKim & Creed, P.A.  A hearing was held on March 22, 2011, in Raleigh, North Carolina.

The third-party complaint at issue relates to the primary litigation initiated by the debtor, New Bern Riverfront Development, LLC, ("NBRD") against various defendants including JDavis Architects, PLLC, ("JDavis") and Weaver Cooke Construction, LLC, ("Weaver Cooke").

NBRD owned real property in Craven County, North Carolina, and developed it into the SkySail Luxury Condominiums ("the project"), which is the subject of this adversary proceeding. Weaver Cooke, the general contractor for the project, filed a crossclaim against JDavis. NBRD and Weaver Cooke's claims against JDavis prompted JDavis to file the instant third-party complaint against McKim & Creed, P.A., ("McKim").

## BACKGROUND

NBRD contracted directly with JDavis to serve as the licensed architect on the project. JDavis was charged with designing most of the project's structural elements except for the post-tensioning concrete system ("PT system"). The general contractor, Weaver Cooke, was responsible for hiring a subcontractor to design and construct the PT system, which is a series of cables embedded in concrete structures integrated into the project to provide support. JDavis was responsible for overseeing and designing the manner in which the PT system connected with other structural elements of the project such as the vertical walls adjoining the PT system. JDavis hired McKim to provide professional surveying and civil engineering services for the project overall.

After completion of the design and construction of the PT system, the system failed in three separate sections. The failure caused the surrounding concrete to fracture and the reinforcing steel cables to be displaced. NBRD's lawsuit is based, among other things, on the damage done by the failure of the PT system. NBRD asserted claims for breach of contract against Weaver Cooke and JDavis.[1] In response, Weaver Cooke asserted crossclaims for

---

[1]NBRD also alleges willful and egregious breach of contract, unfair and deceptive trade practices, and breach of the covenant of good faith against Weaver Cooke.

negligence and negligent misrepresentation against JDavis.  The claims prompted JDavis to file a third-party complaint against McKim for negligence, implied-in-law indemnity, and contribution.  To the extent that JDavis is found liable for any damages suffered by NBRD and/or Weaver Cooke, JDavis asserts such damages were caused by McKim's deviations from its duties of care.  JDavis now moves to amend the original third-party complaint to add claims of breach of contract and express contractual indemnity.  McKim moved to dismiss the third-party complaint prior to the motion to amend, and now responds that JDavis' motion to amend should be denied.

### DISCUSSION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, courts should freely allow parties to amend pleadings when justice requires.  Fed. R. Civ. P. 15(a)(2) (made applicable in adversary proceedings by Fed. R. Bankr. P. 7015).  A motion to amend a complaint can be denied if the amended complaint fails to satisfy the requirements of the federal rules, particularly if it is insufficient to state a claim.  United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).  The court will examine the amendments submitted—the added breach of contract and express indemnification claims—and determine whether they satisfy the requirements of the federal rules.  The court's determination as to the sufficiency of these added claims does not prohibit third-party defendant McKim from filing a motion to dismiss the three original claims asserted by third-party plaintiff JDavis or the two amended claims.

JDavis' third-party complaint against McKim must comply with Federal Rule of Civil Procedure 14, governing impleader claims.  Impleading a third party involves "an attempt to pass

on to the third party all or part of the liability asserted against the defendant."  3 Moore's Federal Practice - Civil, §14.04[3][a] (Matthew Bender 3d ed.).  It requires an assertion of the third-party defendant's derivative liability to the third-party plaintiff.  Id.  The derivative liability test is narrower than the "arising from the same transaction or occurrence" test for adding claims in the underlying litigation.  Id.; See also Laughlin v. Dell Fin. Servs., L.P., 465 F. Supp. 2d 563, 566 (D.S.C. 2006) (finding an impleader claim is viable only if defendant's liability to plaintiff is secondary or partial and third-party defendant is derivatively liable and must reimburse defendant for such liability to plaintiff).  A classic example of derivative liability is one in which the "third-party defendant is obligated by contract to indemnify the defendant against the liability on which the plaintiff has sued."  3 Moore's Federal Practice - Civil §14.03[3][b].  Furthermore, for a claim to be derivative, identity between the primary and third-party claims is not required.  ARB Inc. v. Western Homes Corp., 233 F.R.D. 602 (D. Colo. 2006) (citing Wright, Miller et al., Federal Practice and Procedure, Civil 2d §1446 ("The third-party claim need not be based on the same theory as the main claim.  For example, there are cases in which the third-party claim is based on an express indemnity contract and the original complaint is framed in terms of negligence.")).

The facts are similar to the third-party complaint at issue in ARB Inc. v. Western Homes Corp.. 233 F.R.D. 602 (D. Colo. 2006).  There, the plaintiff was a general contractor who hired ARB, the defendant and third-party plaintiff, to perform certain work on a construction project.  ARB, in turn, hired Western Homes, the third-party defendant, to supply materials for ARB.  Id. at 603.  The plaintiff asserted breach of contract claims against defendant ARB for failing to pay its suppliers and to adequately supervise ARB's own subcontractors and perform its work.  Id.

ARB impled Western Homes for breach of its contract to supply materials, as well as for contractual contribution and/or indemnity.  Id.  Western Homes argued these claims were not derived from and dependent upon the main claims asserted by the plaintiff because they involved different sets of contracts, different alleged breaches, and different available remedies.  Id. at 605.  The court held that the third-party claims were precisely the type of derivative and dependant claims contemplated by Rule 14.  Of further proof was the fact that the plaintiff cited ARB's failure to properly manage and supervise its contract with Western in the primary complaint.  Id.

JDavis' claims for breach of contract and express indemnification against McKim are derived from and dependent on NBRD and Weaver Cooke's prosecution of their claims against JDavis.  JDavis asserts that to the extent it is liable for damages suffered by NBRD and/or Weaver Cooke, such damages were primarily caused by McKim's deviations from its contractual and professional duties of care.[2]  In addition, it does not matter that Weaver Cooke's theory of recovery is based on negligence while JDavis is impleading McKim, in part, on a breach of contract theory, as discussed in ARB above.  Finally, Weaver Cooke's crossclaim against JDavis, just as the plaintiff's main claim in ARB, references the fact that "other professionals" performed work at the direction of JDavis and that JDavis is legally responsible for the work performed by these other professionals—here, McKim.  Thus the addition of the two claims satisfies the requirements of Rule 14 and are properly brought before the court.

---

[2]As mentioned above, the claims for contribution, indemnification and negligence may or may not withstand a potential motion to dismiss or other such attack.  The court is only addressing whether amending the complaint to add the contractual claims would be futile and not in compliance with the federal rules.

McKim argues the express indemnification claim should not be added to the third-party complaint because the contract does not include an express indemnification clause.  The contract between JDavis and McKim includes a clause entitled "Liability" which states "[McKim] agrees to compensate [JDavis] for loss, damage, injury or liability arising directly and exclusively from the negligent acts or omissions of [McKim] . . . but only to the extent that the same is actually covered and paid under the foregoing policies of insurance."  Further on in the contract, the clause entitled "Indemnity" states that JDavis agrees to indemnify McKim against all losses, costs, and liability arising out of claims such as lawsuits.  The parties dispute whether the "Liability" clause constitutes an express indemnification.  The interpretation of this clause is unclear at this stage of the proceedings, particularly in light of the fact that the expressly labeled "Indemnity" clause only provides for indemnity running from JDavis to McKim.  The court need not determine whether the contract includes an express indemnification provision at this point. JDavis has sufficiently stated a claim for express indemnification under the terms of the contract, which arguably includes such a clause.  Similarly, in ARB, the third-party defendant argued the terms of its contract with the third-party plaintiff did not include an express indemnification clause.  ARB, 233 F.R.D. at 606.  The court held that the terms of the contract were ambiguous and that they arguably included express indemnification.  Id.

Based on the foregoing, the third-party plaintiff's motion to amend the third-party complaint is GRANTED.

"END OF DOCUMENT"