**SO ORDERED.**

**SIGNED this 11 day of August, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | |
| **NEW BERN RIVERFRONT DEVELOPMENT, LLC,** | **CASE NO.** |
|     DEBTOR. | **09-10340-8-JRL** |
| | **CHAPTER 11** |
| **NEW BERN RIVERFRONT DEVELOPMENT, LLC,** | |
|     Plaintiff | **ADVERSARY PROCEEDING NO.** |
|         v. | **10-00023-8-JRL** |
| **WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; JDAVIS ARCHITECTS, PLLC; FLUHRER REED, PA;** and **NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS INC.,** | |
|     Defendants | |
| **and** | |
| **WEAVER COOKE CONSTRUCTION, LLC** and **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | |
|     Defendants, Counterclaimants and<br>    Crossclaimants, | |
|         v. | |

**JDAVIS ARCHITECTS, PLLC; FLUHRER REED PA; SKYSAIL OWNERS ASSOCIATION, INC.; WACHOVIA BANK, NATIONAL ASSOCIATION and WELLS FARGO & COMPANY f/d/b/a WACHOVIA CORPORATION,**
 Crossclaim Defendants.

**and**

**NATIONAL ERECTORS REBAR, INC.,**
 Defendant, Counterclaimant, Crossclaimant,
 and Third-Party Plaintiff,

   v.

**ROBERT ARMSTRONG, JR., ROBERT P. ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.,**
 Third-Party Defendants.

**and**

**JDAVIS ARCHITECTS, PLLC,**
 Third-Party Plaintiff,

   v.

**MCKIM & CREED, P.A.,**
 Third-Party Defendant.

## ORDER

This matter came before the court on the motion of third-party defendant McKim & Creed, P.A. to dismiss the third-party complaint asserted against it by JDavis Architects, PLLC. A hearing was held on August 10, 2011, in Raleigh, North Carolina.

The third-party complaint at issue relates to the primary litigation initiated by the debtor, New Bern Riverfront Development, LLC, ("NBRD") against various defendants including JDavis Architects, PLLC, ("JDavis") and Weaver Cooke Construction, LLC, ("Weaver Cooke").

NBRD owned real property in Craven County, North Carolina, and developed it into the SkySail Luxury Condominiums ("the project"), which is the subject of this adversary proceeding. Weaver Cooke, the general contractor for the project, filed a crossclaim against JDavis. NBRD and Weaver Cooke's claims against JDavis prompted JDavis to file the instant third-party complaint against McKim & Creed, P.A., ("McKim").

## BACKGROUND

NBRD contracted directly with JDavis to serve as the licensed architect on the project. JDavis was charged with designing most of the project's structural elements except for the post-tensioning concrete system ("PT system"). The general contractor, Weaver Cooke, was responsible for hiring a subcontractor to design and construct the PT system, which is a series of cables embedded in concrete structures integrated into the project to provide support. JDavis was responsible for overseeing and designing the manner in which the PT system connected with other structural elements of the project such as the vertical walls adjoining the PT system. JDavis hired McKim to provide professional surveying and civil engineering services for the project overall.

After completion of the design and construction of the PT system, the system failed in three separate sections. The failure caused the surrounding concrete to fracture and the reinforcing steel cables to be displaced. NBRD's lawsuit is based, among other things, on the damage done by the failure of the PT system. NBRD asserted claims for breach of contract against Weaver Cooke and JDavis. In response, Weaver Cooke asserted crossclaims for negligence and negligent misrepresentation against JDavis. The claims prompted JDavis to file a third-party complaint against McKim for negligence, implied-in-law indemnity, and

contribution.  To the extent that JDavis is found liable for any damages suffered by NBRD and/or Weaver Cooke, JDavis asserts such damages were caused by McKim's deviations from its duties of care.  JDavis moved to amend its original third-party complaint to add claims of breach of contract and express contractual indemnity.  On April 29, 2011, the court granted JDavis' motion, specifying that the allowed amendment did not prohibit McKim from subsequently moving to dismiss the original and added claims.

## DISCUSSION

Turning to the claim for express indemnification, the court finds the claim is properly alleged.  The contract signed by the parties has indemnification clauses that can plausibly be interpreted as running to both parties.[1]  Ambiguities in contracts are construed against the party who drafted them—here, McKim.  Jones v. Palace Realty Co., 226 N.C. 303, 305-06 (1946).  The contract between JDavis and McKim includes a clause entitled "Liability" which states "[McKim] agrees to compensate [JDavis] for loss, damage, injury or liability arising directly and exclusively from the negligent acts or omissions of [McKim] . . . but only to the extent that the same is actually covered and paid under the foregoing policies of insurance."  Although the clause is labeled as a liability clause, the contract also includes a "paragraph headings" clause which states that the headings shall not affect the meaning or interpretation of the agreement.  Therefore, construing the "Liability" clause against McKim, JDavis has sufficiently stated a claim for express indemnity at this phase of the pleadings.

As to the breach of contract claim, JDavis has sufficiently alleged that McKim failed to

---

[1] The contract includes a clause labeled as "Indemnification" which provides a right of indemnification to McKim for damage caused by JDavis.

perform its duties as required by the contract, one of which requires McKim to perform in a manner consistent with that degree of care and skill ordinarily exercised by members of the same profession.  Finally, as to the remaining three claims—negligence, implied-in-law indemnity, and contribution—JDavis has also sufficiently stated these tort-based claims.  North Carolina law provides a general rule that a breach of contract does not give rise to a tort action between the contracting parties.  N.C. State Ports Authority v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81 (N.C. 1978) *rejected in part on other grounds by* Trs. Of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230 (1985); See also Moore v. Coachmen Industries, Inc., 129 N.C. App. 389, 401 (1998).  There are certain exceptions to this rule,[2] and JDavis argues an additional rule allows claims based on negligence to be asserted against McKim.  The North Carolina Court of Appeals has held that "[a]n engineer may be held liable in tort for breach of professional duty, even if its work is pursuant to a contract with the injured party and the injury suffered is to property which is the subject matter of the contract."  PVC, Inc. v. McKim & Creed, P.A., 188 N.C. App. 632 (2008) (citations omitted).  JDavis' complaint asserts that McKim is an engineer that is held to this professional duty of care and that McKim breached this duty causing the injury at issue.  Therefore, for purposes of a motion to dismiss pursuant to Rule 12(b)(6)[3] of the Federal Rules of Civil Procedure, JDavis has properly asserted claims of negligence, contribution and indemnity.[4]

---

[2]For a more detailed discussion, see the court's May 24, 2011 order (DE #169) denying the motion to dismiss filed by National Erectors Rebar, Inc., against NBRD at 8-11.

[3]Rule 12(b)(6) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

[4]Claims of contribution and indemnity are based on the plaintiff's ability to assert a tort-based claim, here negligence, against the defendant on the theory that the defendant was either a

Based on the foregoing, the third-party defendant's motion to dismiss the third-party plaintiff's complaint is **DENIED**.

"END OF DOCUMENT"

---

joint tortfeasor or an active tortfeasor in relation to the plaintiff's role in an injury caused to a third party.  See Kaleel Builders, Inc. v. Ashby, 161 N.C. App. 34, 45-47 (2003) (discussing generally the requirement of a tortious injury as well as a joint-tortfeasor relationship for a claim of contribution and active-passive tortfeasor relationship for a claim of indemnification).