United States Bankruptcy Court Eastern District of North Carolina

**SO ORDERED.**

**SIGNED this 22 day of November, 2011.**

**J. Rich Leonard**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**NEW BERN RIVERFRONT DEVELOPMENT, LLC,**
**DEBTOR.**

**CASE NO. 09-10340-8-JRL**

**CHAPTER 11**

---

**NEW BERN RIVERFRONT DEVELOPMENT, LLC,**
**Plaintiff**

**v.**

**WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; JDAVIS ARCHITECTS, PLLC; FLUHRER REED, PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS INC.,**
**Defendants**

**ADVERSARY PROCEEDING NO.**

**10-00023-8-JRL**

**and**

**WEAVER COOKE CONSTRUCTION, LLC and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,**
**Defendants, Counterclaimants and Crossclaimants,**

**v.**

**JDAVIS ARCHITECTS, PLLC; FLUHRER REED**

**PA; SKYSAIL OWNERS ASSOCIATION, INC.; WACHOVIA BANK, NATIONAL ASSOCIATION and WELLS FARGO & COMPANY f/d/b/a WACHOVIA CORPORATION,**
**Crossclaim Defendants.**

**and**

**NATIONAL ERECTORS REBAR, INC.,**
**Defendant, Counterclaimant, Crossclaimant, and Third-Party Plaintiff,**

**v.**

**ROBERT ARMSTRONG, JR., ROBERT P. ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.,**
**Third-Party Defendants.**

**and**

**JDAVIS ARCHITECTS, PLLC,**
**Third-Party Plaintiff,**

**v.**

**MCKIM & CREED, P.A.,**
**Third-Party Defendant.**

**ORDER**

Federal Rule of Bankruptcy Procedure 7008(a) mandates that in an adversary proceeding, "the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge." Similarly, Federal Rule of Bankruptcy Procedure 7012(b) requires that responsive pleadings in adversary proceedings "admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to the

entry of final orders or judgment by the bankruptcy judge." After reviewing a majority of the pleadings in this adversary proceeding, the court finds that the parties have failed to make the allegations required by these rules. In light of the Supreme Court's recent decision in Stern v. Marshall, 564 U.S. ___, 131 S.Ct. 2594 (2011), the court is hesitant to find that the parties have impliedly consented to its jurisdiction.

Therefore, each party is ordered to file a statement with the court within 30 days of entry of this order, stating whether the claims in which it is involved are core or non-core. Furthermore, to the extent that such claims are determined to be non-core, a party must state whether or not it consents to the exercise of this court's jurisdiction to enter final orders, pursuant to 11 U.S.C. 157(c)(2).

**END OF DOCUMENT**