**SO ORDERED.**

**SIGNED this 09 day of April, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

NEW BERN RIVERFRONT DEVELOPMENT,
LLC,
    DEBTOR.

CASE NO. 09-10340-8-JRL

CHAPTER 11

NEW BERN RIVERFRONT DEVELOPMENT,
LLC,
    **Plaintiff**

    v.

WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; JDAVIS
ARCHITECTS, PLLC; FLUHRER REED, PA; and
NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS INC.,
    **Defendants**

ADVERSARY
PROCEEDING NO.

and

10-00023-8-JRL

WEAVER COOKE CONSTRUCTION, LLC and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
    **Defendants, Counterclaimants and
    Crossclaimants,**

    v.

**JDAVIS ARCHITECTS, PLLC; FLUHRER REED PA; SKYSAIL OWNERS ASSOCIATION, INC.; WACHOVIA BANK, NATIONAL ASSOCIATION and WELLS FARGO & COMPANY f/d/b/a WACHOVIA CORPORATION,**
    Crossclaim Defendants.

**and**

**NATIONAL ERECTORS REBAR, INC.,**
    Defendant, Counterclaimant, Crossclaimant,
    and Third-Party Plaintiff,

        **v.**

**ROBERT ARMSTRONG, JR., ROBERT P. ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.,**
    Third-Party Defendants.

**and**

**JDAVIS ARCHITECTS, PLLC,**
    Third-Party Plaintiff,

        **v.**

**MCKIM & CREED, P.A.,**
    Third-Party Defendant.

## ORDER

This matter came before the court on McKim & Creed, PA's ("McKim") motion for the court to abstain or remand the proceedings to state court. A hearing was held on April 5, 2012 in Raleigh, North Carolina.

On March 30, 2009, New Bern Riverfront Development, LLC ("New Bern") filed a complaint against nine individually named defendants, including JDavis Architects, PLLC

-2-

("JDavis"), in Wake County Superior Court ("Wake County action"). New Bern filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 30, 2009. The Wake County action was removed to this court on February 3, 2010. JDavis then filed a third-party complaint against McKim on October 14, 2010. McKim filed an answer and motion to dismiss on November 2, 2010. On December 13, 2010, JDavis filed a response in opposition to McKim's motion to dismiss and its own motion to amend the third-party complaint. On April 29, 2011, the court entered an order allowing JDavis's motion to amend. On May 9, 2011, JDavis filed its first amended third-party complaint. McKim filed another motion to dismiss the third-party complaint on May 18, 2011. On August 11, 2011, the court entered an order denying McKim's motion to dismiss. In September 2011, McKim began serving JDavis with discovery requests. On December 20, 2011, McKim filed a motion for the court to abstain or remand the proceedings to state court. At the hearing, JDavis objected to McKim's motion.

McKim contends that the court is required to abstain from the proceedings under the doctrine of mandatory abstention or in the alternative permissive abstention. McKim further argues that if the court does not abstain then the court should remand the proceedings to state court on equitable grounds. JDavis argues that mandatory abstention is improper and permissive abstention and equitable remand are unwarranted.

A federal court must abstain from "hearing a non-core matter which can be timely adjudicated in state court in a previously commenced action." L. Ardan Development Corporation v. Newell (In re Newell), 424 B.R. 730, 733 (Bankr. E.D.N.C 2010) (citing Seascape at Wrightsville Beach, LLC v. Mercer's Enterprises Inc. (In re Mercer's Enterprises, Inc.), 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008)). Abstention is mandatory when the following

-3-

factors are met: (1) a timely motion to abstain is filed, (2) the removed proceeding is based on a state law claim or state law cause of action, (3) the removed proceeding is "related to" a bankruptcy case, but does not "arise under" Title 11 or "arise in" a case under Title 11, (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334, (5) the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction. If all of the elements are present, a court must abstain from hearing the matter. 28 U.S.C. § 1334(c)(2).

The court finds that McKim's motion is untimely. McKim has actively participated in the case for over a year before filing the present motion. McKim answered the complaint, filed two motions to dismiss, and begun engaging in the discovery process. McKim has had ample opportunities to file this motion. Therefore, the first requirement for mandatory abstention is not present.

McKim argues in the alternative that if the court did not find mandatory abstention was warranted that the court should nevertheless abstain under the doctrine of permissive abstention. Pursuant to 28 U.S.C. § 1334(c)(1), the court has discretionary authority to abstain from hearing a proceeding related to a case under title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Based on the procedural history of this case and the number of parties involved, it would not be in the interest of justice for the court to abstain. Thus, the court will not abstain from hearing this proceeding.

Finally, McKim argues that the court should remand the proceeding to state court on equitable grounds. Section 1452(b) of the United States Code states, "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable

ground." This case is on track to be resolved in the next eight to nine months. It would unfair to the other parties involved to remand the case at this juncture.

Based on the foregoing, McKim's motion is **DENIED**.

**END OF DOCUMENT**