**SO ORDERED.**

**SIGNED this 31 day of January, 2014.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

NEW BERN RIVERFRONT DEVELOPMENT, LLC,
    DEBTOR.

CASE NO. 09–10340–8–SWH
CHAPTER 11

---

NEW BERN RIVERFRONT DEVELOPMENT, LLC,
    Plaintiff,

       v.

WEAVER COOKE CONSTRUCTION, LLC, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, JDAVIS ARCHITECTS, PLLC, FLUHRER REED, PA, and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS INC.,
    Defendants

and

WEAVER COOKE CONSTRUCTION, LLC and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
    Defendants, Counterclaimants, Crossclaimants
    and Third–Party Plaintiffs,

       v.

AP NO. 10–00023–8–SWH

-1-

JDAVIS ARCHITECTS, PLLC; FLUHRER REED, PA, SKYSAIL OWNERS ASSOCIATION, INC., NATIONAL REINFORCING SYSTEMS, INC, ROBERT ARMSTRONG, JR., ROBERT P. ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC., PERFORMANCE FIRE PROTECTION, LLC, RANDOLPH STAIR AND RAIL COMPANY, STOCK BUILDING SUPPLY, LLC, PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY, UNITED FORMING, INC., a/d/b/a UNITED CONCRETE, INC., and WATERPROOFING SPECIALTIES, INC.,
  Crossclaimants, Counterclaimants and Third-Party Defendants

and

NATIONAL ERECTORS REBAR, INC.,
  Defendant, Counterclaimant, Crossclaimant, and Third–Party Plaintiff,

   v.

ROBERT ARMSTRONG, JR., ROBERT P. ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.,
  Third-Party Defendants

and

JDAVIS ARCHITECTS, PLLC,
  Third-Party Plaintiff,

   v.

-2-

MCKIM & CREED, P.A.,
    Third-Party Defendant

and

GOURAS, INC.,
    Fourth-Party Plaintiff,

        v.

RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ
d/b/a CHAVEZ DRYWALL, 5 BOYS, INC., and
ALEX GARCIA d/b/a JC 5,
    Fourth-Party Defendants

and

STOCK BUILDING SUPPLY, LLC
    Third Party Plaintiff,

        v.

CARLOS O. GARCIA d/b/a C.N.N.C.
    Third Party Defendant.

## ORDER REGARDING MOTION TO COMPEL

The matter before the court in this adversary proceeding is the Motion to Compel Testimony Pursuant to Fed. R. Civ. P. 30(b)(6), Production of Documents and for Sanctions filed by New Bern Riverfront Development LLC (the "plaintiff"). A hearing was held on January 7, 2014.

The plaintiff initiated an action in Wake County Superior Court in 2009 for the recovery of damages arising from alleged construction defects at the SkySail Luxury Condominiums in New Bern, North Carolina ("SkySail") and removed that action to this court in February of 2010. On September 24, 2013, the plaintiff served a subpoena duces tecum on non-party JELD-WEN, Inc. ("JELD-WEN"), seeking the production of a variety of documents, including those concerning the

testing of doors and windows manufactured and supplied by JELD-WEN for installation at the SkySail Condos. The subpoena duces tecum was issued by this court and the documents were to be produced for inspection within this district, in Raleigh, North Carolina. JELD-WEN's agent accepted service of the subpoena duces tecum in Charlotte, North Carolina, on September 25, 2013, and served its objections to the subpoena on the plaintiff on October 4, 2013.

On October 7, 2013, plaintiff served a subpoena for a Rule 30(b)(6) deposition on JELD-WEN (the "deposition subpoena") and a corresponding Notice of Deposition that designated the topics to be discussed at the deposition. The deposition subpoena and the notice of deposition indicated that the deposition would take place in San Diego, California, on November 7, 2013. Despite the fact that the deposition subpoena was issued by this court, counsel for JELD-WEN waived any objections as to the issuance and service of the subpoena.[1]

On October 21, 2013, JELD-WEN produced some documents responsive to the subpoena duces tecum but asserted privilege as to others on the basis of the work product doctrine and the attorney-client privilege. The withheld documents were listed on a privilege log produced to the plaintiff. On October 25, 2013, the plaintiff requested that JELD-WEN provide more detail to its privilege log regarding the nature of the documents withheld. On October 30, 2013, JELD-WEN provided an amended privilege log to the plaintiff and also produced some of the documents that it initially withheld. However, also included in the amended privilege log were documents which JELD-WEN claims were *not* responsive to the plaintiff's document request. JELD-WEN claims that although these non-responsive documents were outside the scope of the subpoena duces tecum, it

---

[1] At the time the deposition subpoena was issued and served, the former version of Rule 45 of the Federal Rules of Civil Procedure was still in effect. On December 1, 2013, the amendments to Rule 45 became effective.

identified them in the amended privilege log in an attempt to cooperate in good faith with the plaintiff.

On November 7, 2013, counsel for the plaintiff deposed JELD-WEN's Rule 30(b)(6) representative, Wallace Corwin, in San Diego, California. Although Mr. Corwin did respond to a variety of question posed by plaintiff's counsel during the deposition, Mr. Corwin refused to answer certain questions regarding testing that JELD-WEN had performed on the windows and doors installed at SkySail, asserting the attorney-client privilege.

The plaintiff's present motion seeks to compel the production of documents withheld by JELD-WEN and identified in its amended privilege log, to compel JELD-WEN to provide testimony regarding the unanswered questions asked at the deposition and the topics identified in the notice of deposition, and an award of sanctions in favor of the plaintiff. To the extent the plaintiff seeks to compel the production of documents listed in the amended privilege log that were *outside* the scope of its document request, the plaintiff orally requested to amend its subpoena duces tecum to include such documents at the January 7, 2014, hearing.

In response, JELD-WEN argues that this court is without jurisdiction to hear the plaintiff's motion, not only to the extent it seeks to compel JELD-WEN to provide testimony, but also to the extent plaintiff seeks to compel the production of documents identified in the amended privilege log. JELD-WEN also claims that the documents identified in the amended privilege log were properly withheld under the protection afforded by the work product doctrine.

During the January 7, 2014, hearing, the court requested that JELD-WEN submit additional information and background concerning the water testing performed by it at the SkySail Project.

On January 17, 2014, JELD-WEN complied with the court's request by filing its Submission to Court by JELD-WEN, Inc.

**DISCUSSION**

I. Motion to Compel Testimony

Rule 37(a) of the Federal Rules of Civil Procedure governs the procedure by which a moving party may seek an order compelling discovery, including answers to question posed at a deposition. Fed. R. Civ. P. 37(a)(3)(B)(i). Rule 37(a) provides:

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
> . . .
>
> (2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. *A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.*

Fed. R. Civ. P. 37(a)(2) (emphasis added). The court agrees with JELD-WEN that to the extent the plaintiff's motion seeks to compel JELD-WEN to provide testimony regarding questions raised at the deposition or topics identified in the deposition subpoena and/or the notice of deposition, it is not the proper court to adjudicate that dispute. JELD-WEN is a non-party to the litigation and the deposition took place in San, Diego, California, therefore, any motion to compel JELD-WEN to comply with the deposition subpoena or answer question asked at the deposition must be made in the United States District Court for the Southern District of California. Fed. R. Civ. P. 37(a). See Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D. 622 (D. Mass. 1988) (holding that United States District Court for District of Massachusetts lacked jurisdiction to compel non-party to provide testimony when deposition was taken in New York) ; W. R. Grace & Co. v. Pullman, Inc., 74 F.R.D. 80 (W.D. Okla. 1977) (holding that United States District Court for Western District of

Oklahoma lacked jurisdiction to compel non-party to provide testimony when deposition was taken in Texas). Furthermore, the fact that JELD-WEN waived any objections it had to the *issuance* and *service* of the deposition subpoena cannot be deemed as a waiver by JELD-WEN to objections it had to having a court outside of the Southern District of California resolve any disputes arising from the deposition.

## II. Motion to Compel the Documents Identified in the Amended Privilege Log

Rule 45 of the Federal Rules of Civil Procedure governs the procedure for objecting to a subpoena duces tecum and the procedure for bringing motions to compel the production of such documents. Fed. R. Civ. P. 45(d)(2). See Buyer's Direct Inc. v. Belk, Inc., No. 5:10-CV-65-H, 2011 WL 6749828, at *2 (E.D.N.C. Dec. 23, 2011). Under the former Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure:

> A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials. . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> > (i) At any time, on notice to the commanded person, the serving party may move the *issuing court* for an order compelling production or inspection.

Fed. R. Civ. P. 45(c)(2)(B) (2007) (repealed 2013) (emphasis added).[2] The subpoena duces

---

[2] The plaintiff's motion to compel was filed on November 15, 2013, prior to the December 1, 2013, effective date for the amendments to Rule 45. Although the changes under Rule 45 likely would not change this court's analysis because both the issuing court and the place for compliance are located in the Eastern District of North Carolina, this court will analyze the motion to compel under the former version of Rule 45. The relevant portion of Rule 45(d)(2), as amended, provides:

> A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or

-7-

tecum in question was issued by this court and the documents sought were to be produced for inspection in Raleigh, North Carolina, within this district. JELD-WEN timely served an objection to the subpoena duces tecum on the plaintiff and the plaintiff has moved the issuing court, pursuant to Rule 45, for an order compelling the production of the documents. Fed. R. Civ. P. 45(c)(2)(B) (2007) (repealed 2013). To the extent the plaintiff's motion seeks to compel JELD-WEN to produce the documents in accordance with the subpoena duces tecum, this court has jurisdiction to hear and decide the dispute. Fed. R. Civ. P. 45(c)(2)(B) (2007) (repealed 2013). See Hanwha Azdel, Inc. v. C & D Zodiac, Inc., No. 6:12-CV-00023, 2013 WL 3660562 (W.D. Va. July 11, 2013) (upholding order of United States Magistrate Judge for the Western District of Virginia compelling the production of documents when the subpoena duces tecum was served on a non-party in Massachusetts but the subpoena itself was issued by the United States District Court for the Western District of Virginia and the documents were to be produced within the Western District of Virginia). See also Buyer's Direct Inc. v. Belk, Inc., No. 5:10-CV-65-H, 2011 WL 6749828 (E.D.N.C. Dec. 23, 2011) (holding that Eastern District of North Carolina did *not* have jurisdiction to hear the motion to compel because the subpoena duces tecum was issued by the Central District of California).

To the extent the plaintiff's motion seeks to compel JELD-WEN to produce documents that were identified in the amended privilege log but are *outside* the scope of the subpoena duces tecum,

---

sampling any or all of the materials . . . . If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the *court for the district where compliance is required* for an order compelling production or inspection.

Fed. R. Civ. P. 45(d)(2)(B) (emphasis added).

this court accepts the oral amendment to the subpoena offered by the plaintiff at the January 7, 2014, hearing. The court finds that allowing the plaintiff to orally amend the subpoena duces tecum to include such documents is without prejudice to JELD-WEN because the documents have already been identified and retrieved by JELD-WEN and are only withheld pending the outcome of the plaintiff's motion to compel. Further, as the plaintiff represented at the January 7, 2014, hearing, it no longer seeks the production of the documents identified in the amended privilege log with Bates Stamp numbers JW-002033 to JW-003568. As to the remaining documents, JELD-WEN argues that they are privileged under the work product doctrine because they were prepared in anticipation of litigation.

Rule 26(b)(3) of the Federal Rules of Civil Procedure provides, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). This rule is a codification of the work product doctrine recognized by the United States Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947), and its progeny. See, e.g., Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co., 967 F.2d 980, 983-84 (4th Cir. 1992). Under this doctrine, the protection afforded to work product is two-fold: an attorney's mental impressions and legal theories are given near absolute immunity while other documents prepared in anticipation of litigation are discoverable upon a showing of substantial need by the moving party. Fed. R. Civ. P. 26(b)(3)(A). See, e.g., Nat'l Union Fire Ins. Co., 967 F.2d at 983-84 (4th Cir. 1992). However, "materials prepared in the ordinary course of business . . . or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3)." Nat'l Union Fire Ins. Co., 967 F.2d

at 984 (citing Goosman v. A. Duie Pyle, Inc., 320 F.2d 45, 52 (4th Cir. 1963)). Furthermore, "[t]he fact that a defendant anticipates the contingency of litigation resulting from an . . . event does not automatically qualify an 'in house' report as work product." Janicker v. George Washington Univ., 94 F.R.D 648, 650 (D.D.C. 1982).

The documents sought by the plaintiff fall into two general categories, "service reports" and "test reports," along with the relevant related documents such as emails and photographs that accompany such reports. Service reports are created as a result of service calls lodged by customers or users of JELD-WEN's windows or doors, such as an apartment owner or a building contractor. The customer or user will call JELD-WEN with a complaint about the window, such as, a crack in the window, a window that does not open properly or a water intrusion problem in or around a window. A JELD-WEN representative will then respond to the complaint, provide any necessary repairs and then produce a report of the incident, i.e., a service report. The documents sought by the plaintiff relating to the service reports include the actual reports, photographs accompanying the reports and email correspondences regarding the reports or service related work performed. The service reports and related documents specifically sought by the plaintiff were all created after the plaintiff had initiated the underlying SkySail litigation.

The other category of documents sought by the plaintiff include test reports and related documents prepared by JELD-WEN. The test reports were created after Weaver Cooke Construction, LLC ('Weaver Cooke"), the general contractor of the SkySail project and a defendant in the SkySail litigation, contacted PLF of Sanford, Inc. ("Lee Window & Door") and Stock Building Supply, LLC ("Stock") about concerns related to the windows and glass doors at the Skysail Project, including problems with water infiltration. Weaver Cooke requested that an

evaluation be conducted to determine any defects in the windows and glass doors and a protocol established for correcting any defects discovered. Lee Window & Door and Stock in turn contacted JELD-WEN, the manufacturer of the windows, to determine the source of the alleged water infiltration and any potential solutions to the problem. JELD-WEN agreed to conduct water tests and to assist in addressing any water infiltration issues observed. On February 9 and 10, 2010, JELD-WEN representatives conducted a water test at Skysail, made notes of its activities and took photographs related to the water test and JELD-WEN's windows. These notes and photographs constitute the test reports and related documents.

After the water test, Lee Window & Door and Stock made various repairs for Weaver Cook at SkySail, and JELD-WEN performed various service work for the plaintiff at SkySail; however no service work was performed in relation to the actual water test. In June of 2011, JELD-WEN returned to SkySail to perform a second water test. This test was, in essence, a follow-up and was conducted for the same reasons as the original water test in February 2010.

As to the service reports, they lack the requisite "prepared in anticipation of litigation" quality that defines work product. The impetus for the creation of the service reports was the lodging of a service call by a user or customer of JELD-WEN's windows or doors. As opposed to being prepared in anticipation of litigation, these materials were created in the ordinary course of business and in response to customers' needs. Although JELD-WEN could possibly foresee that litigation could ensue from a potentially faulty product, this does not change the characteristic of an otherwise regularly generated document. JELD-WEN tries to rebut these arguments by noting that at the time the service reports were created, litigation was already pending for other parties involved in the SkySail project and therefore, JELD-WEN was anticipating litigation when they responded

to the service calls. However, the fact that litigation was already underway as to other parties does not change the *reason* why the service reports were created. JELD-WEN would have responded to the service calls, provided any necessary repairs and produced a service report regardless of whether any litigation was or was not pending. The concern over litigation is not what spurred the creation of the service report. The service reports were created in the ordinary course of JELD-WEN's business and therefore are not protected under the work product doctrine.

On January 17, 2014, and in response to the court's request, JELD-WEN filed additional information regarding the generation of the test reports dated February 16 and 17, 2010, and June 13 - 16, 2011, and accompanying documents. It appears from JELD-WEN's submission that the test reports were the result of requests by entities in JELD-WEN's customer chain to evaluate the existence of defects in the windows and glass doors used at the SkySail Project. JELD-WEN "agreed to conduct water tests . . . to respond to the Weaver Cooke allegations of water infiltration and to assist in a program to address any water infiltration observed." At the time of both the request to conduct the water test and the performance of the test, this litigation was ongoing.

It appears to the court that although JELD-WEN states that the test activity "was not a normal field activity," the main purpose of the test was to determine if a defect existed and to develop a remedy. Such conduct is, or at least should be, the normal response of a manufacturer, not one engaged "in anticipation of litigation," and thus the documents are not protected by the work product doctrine and must be produced.

Finally, the positions of the parties were not frivolous and the motion was allowed in part only. Therefore, the court finds no basis upon which to award sanctions.

**SO ORDERED.**

**END OF DOCUMENT**