**SO ORDERED.**

**SIGNED this 25 day of August,2014.**

_____
Stephani W. Humrickhouse
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-10340-8-SWH** |
| **NEW BERN RIVERFRONT DEVELOPMENT, LLC** | |
| **DEBTOR** | |
| **NEW BERN RIVERFRONT DEVELOPMENT, LLC** | **ADVERSARY PROCEEDING NO.** |
| **Plaintiff** | **10-00023-AP** |
| **v.** | |

**WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC.,**
        **Defendants,**

        **and**

**WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,**
        **Defendants, Counterclaimants,**
        **Crossclaimants and Third-Party Plaintiffs,**

**v.**

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN  ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**

> **Crossclaimants, Counterclaimants and Third-Party Defendants.**

**and**

**NATIONAL ERECTORS REBAR, INC.**
> **Defendant, Counterclaimant, Crossclaimant and Third-Party Plaintiff,**

> **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
> **Third-Party Defendants.**

> **and**

**J. DAVIS ARCHITECTS, PLLC,**
      **Third-Party Plaintiff,**

        **v.**

**MCKIM & CREED, P.A.,**
      **Third-Party Defendant.**

        **and**

**GOURAS, INC.,**
      **Third Party Defendant and**
      **Fourth-Party Plaintiff,**

        **v.**

**RAFAEL HERNANDEZ, JR., CARLOS
CHAVEZ d/b/a CHAVEZ DRYWALL,
5 BOYS, INC. and ALEX GARCIA
d/b/a/ JC 5,**
      **Fourth-Party Defendants.**

        **and**

**STOCK BUILDING SUPPLY, LLC,**
      **Third-Party Defendant and**
      **Fourth-Party Plaintiff,**

        **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
      **Fourth-Party Defendant.**

### ORDER DENYING SUMMARY JUDGMENT
### REGARDING STATUTE OF LIMITATIONS DEFENSE
### ASSERTED BY GOURAS, INCORPORATED

This matter came on to be heard upon the motion for summary judgment filed by Gouras,

Incorporated ("Gouras") regarding the third party complaint of Weaver Cooke Construction, LLC

("Weaver Cooke"), in Raleigh, North Carolina, on March 5, 2014.  Although summary judgment

is sought on several bases, this order will deal with the issue of whether the statute of limitations

bars the negligence and breach of express warranty claims asserted by Weaver Cooke against Gouras.

## BACKGROUND

New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Luxury Condominiums (the "SkySail Project" or the "Project") located in New Bern, North Carolina.  On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to their roles in the construction of the SkySail Condos (the "State Action").  The named defendants in the State Action included: New Bern's general contractor, Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER") and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code.  The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010.  After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the State Action, New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke; Travelers; NER, and the additional parties of J. Davis Architects, PLLC, and Fluhrer Reed, PA.

On May 27, 2010, Weaver Cooke filed an answer to New Bern's first amended complaint and a third-party complaint against Wachovia Bank, National Association and Wells Fargo & Company f/d/b/a Wachovia Corporation.  Absent as third-party defendants in Weaver Cooke's

4

original third-party complaint were any of the subcontractors hired by Weaver Cooke during the construction of the SkySail Project.

On June 14, 2012, Weaver Cooke filed its second, third-party complaint asserting claims of negligence, contractual indemnity and breach of express warranty against many of the subcontractors hired during the construction of the SkySail Project, including Gouras. Gouras filed an answer to Weaver Cooke's second, third-party complaint on August 17, 2012, asserting numerous defenses, including the statute of limitations.

On December 20, 2013, Gouras filed an amended motion for summary judgment regarding all three causes of action alleged by Weaver Cooke. As grounds for summary judgment, Gouras argued: (1) the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty; (2) the economic loss rule bars Weaver Cooke's negligence claim; and (3) Weaver Cooke's contractual indemnity claim is barred by N.C. Gen. Stat. § 22B-1. Inasmuch as the resolution of the statute of limitations affirmative defense may dramatically affect the complexion of the litigation, the court has chosen to deal first with that issue as to each third-party defendant.

Simply put, Gouras argues that Weaver Cooke's negligence and breach of warranty claims accrued more than three years prior to the June 14, 2012, filing date of Weaver Cooke's second, third-party complaint. Weaver Cooke's claims against Gouras relate to damages caused by water intrusion at the SkySail Project. However, Gouras claims that Weaver Cooke had knowledge of water intrusion at the SkySail Project prior to June of 2009. In addition, Gouras claims that the defects Weaver Cooke complains of were open and obvious conditions that Weaver Cooke should have been aware of by, or prior to, February 2008, when Gouras completed its work at the SkySail

Project.  Accordingly, Gouras argues that Weaver Cooke's negligence and breach of warranty claims are time-barred.  In response, Weaver Cooke argues that a genuine dispute of material fact exists as to when Weaver Cooke should have discovered the defects giving rise to its causes of action alleged against Gouras; i.e., Weaver Cooke claims it discovered the defects attributable to Gouras within three years of its second, third-party complaint.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)).  In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

In this proceeding, the court turns to North Carolina state law, and as is typical in this context, the determination of "whether a cause of action is barred by the statute of limitations is a mixed question of law and fact.  However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes one of law." Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). North Carolina General Statute § 1-52 provides a three year statute of limitations for actions sounding in tort or contract.  N.C. Gen. Stat. § 1-52(1), (5) (2010).  Additionally,

> [f]or purposes of the three-year limitation prescribed by G.S. 1-52, a cause of action based upon or arising out of the defective or unsafe condition of an improvement to real property shall not accrue until the injury, loss, defect or damage becomes apparent or ought reasonably to have become apparent to the claimant.

N.C. Gen. Stat. § 1-50(a)(5)(f) (2009).

Actions based upon or arising out of the defective or unsafe condition of an improvement to real property include those which seek to "recover damages for breach of a contract to construct or repair an improvement to real property" and those based upon the "negligent construction or repair of an improvement to real property." N.C. Gen. Stat. § 1-50(a)(5)(b) (2009). Gouras argues that, even with the benefit of a discovery rule, which would serve to delay accrual of Weaver Cooke's causes of action against it until the defect became apparent or ought reasonably to have become apparent, Weaver Cooke knew, or reasonably should have known, of the defects it attributes to Gouras or its agents more than three years prior to the filing of the second, third-party complaint.

Weaver Cooke subcontracted the task of installing sheathing and building wrap on the Project's exterior to Gouras. Gouras' work was to be performed in conjunction with that of other subcontractors in order to tie the sheathing and building wrap into other parts of each building's envelope. The sheathing installed by Gouras was "Dens-Glass" and the building wrap was "Tyvek." Gouras completed its work at the SkySail Project in February of 2008. At some point in 2008, Weaver Cooke became aware of water intrusion problems at the SkySail Project. The water intrusion problems first identified by Weaver Cooke were manifesting at or around the exterior balcony doors and into certain units of the SkySail Project.

Weaver Cooke claims that Gouras' work was defective in the following ways: Gouras failed to properly secure the Tyvek installation at windows and doors and instead "loose-laid" Tyvek over

the jamb nailing flanges; Tyvek was butted to the shelf angles, when it should have been taped; and Tyvek was butted, not taped, to the balcony floor slabs.  Weaver Cooke claims that these alleged defects relate to water intrusion.[1]

In support of its motion for summary judgment, Gouras first argues that any defects in the Tyvek installation would have been open and obvious during this construction phase and that the accrual of any cause of action related to the Tyvek installation should be no later than the date it completed its work on the project, February 2008.  Second, Gouras notes that water intrusion at the Project was detected by Weaver Cooke no later than February 2009, and that the presence of water intrusion at this time should have alerted Weaver Cooke to the defects it now attributes to Gouras.

To support its argument that the defects Weaver Cooke complains of were open and obvious conditions, Gouras highlights the deposition testimony of several management-level employees for Weaver Cooke, including: Kevin Lloyd, Weaver Cooke's project manager and vice president; Steve Tidey, Weaver Cooke's project superintendent; and, David Cline, Weaver Cooke's assistant project manager.  Cline agreed that, if there were locations where Tyvek was not sealed, it would have been open and obvious.  Additionally, Tidey agreed that he would have noticed if Tyvek was not installed correctly because it was an open and obvious condition and that the failure to seal the Tyvek would have been open and obvious.  Lloyd testified that he would not disagree with Cline or Tidey on these issues.  However, Tidey further testified that he does not recall ever seeing any defectively installed

---

[1] Gouras notes that although Weaver Cooke's expert Mr. Yarborough mentioned a location where DensGlass sheathing had not been sealed properly, Mr. Yarborough admitted that there was no evidence that the DensGlass seal allowed any water penetration into the building. Weaver Cooke does not dispute this statement and focuses its remarks regarding the statute of limitations solely to the installation of the Tyvek.  Since there is no dispute that the DensGlass installation did not contribute to the water intrusion, the court does not reach that issue in this summary judgment ruling.

Tyvek or ever being informed of defectively installed Tyvek.  Similarly, Cline testified that he was not aware of any instances where he saw Gouras "cutting corners" in its work.  Accordingly, Gouras has not presented any evidence that Weaver Cooke was *actually* aware of any defectively installed Tyvek.

In response, Weaver Cooke claims that it could not possibly have been everywhere on the Project, simultaneously monitoring all the work being performed by dozens of subcontractors during the construction phases.  Additionally, Weaver Cooke notes that essentially every aspect of a construction project is open and obvious during a given point in time and that once the Tyvek was installed, it was later concealed from view by the brick veneer.  Weaver Cooke alleges that whether it *should* have been aware of the defects it attributes to Gouras is a disputed issue of material fact.

The court agrees with Weaver Cooke.  A genuine issue of material fact exists as to whether, considering the nature of the defects alleged by Weaver Cooke as attributable to Gouras, these conditions were open and obvious and Weaver Cooke should have reasonably been aware of them. In order for Weaver Cooke to have discovered the defects it attributes to Gouras, i.e., the failure to integrate the Tyvek to the windows, doors and other components of the building envelope, Weaver Cooke would have perhaps been required to closely examine where the Tyvek met with each window on the project, or even each shelf angle, thus necessitating a more careful inspection of the building's exterior.  Whether the alleged defects attributable to Gouras should have been apparent to Weaver Cooke as it performed its supervisory tasks during the construction phase is in dispute. Accordingly, summary judgment is not appropriate in this instance.

Gouras additionally argues that Weaver Cooke was aware of water intrusion issues at the SkySail Project, and the resulting damage, by February 2009, and that this knowledge should have

led Weaver Cooke to identify the defects it now attributes to Gouras.  That being the case, Gouras

argues that accrual of any cause of action against it, taking into consideration the discovery rule

found in § 1-50(a)(5)(f), occurred at least by February 2009, and therefore the three year statute of

limitations found in § 1-52 had expired at the time Weaver Cooke filed its second, third-party

complaint.

Gouras again cites the deposition testimony of some of Weaver Cooke's management-level

employees to argue that Weaver Cooke was aware of water intrusion issues which should have

ultimately led Weaver Cooke to identify Gouras as potentially responsible for the problem.[2]

However, the testimony referred to by Gouras primarily relates to the presence of ponding water on

the Project's concrete balconies, and resulting water intrusion through the balcony doors, along with

water intrusion through the Project's roof.  The defects Weaver Cooke complains of relate to Tyvek

that was defectively installed to shelf angles along the Project's exterior walls and the integration

of Tyvek with the Project's windows, doors, and balcony slabs.  Water intrusion through the roof

does not necessarily implicate the defects of which Weaver Cooke complains.  Furthermore, even

properly installed Tyvek (which is a water resistant, not waterproof material) may not have

prevented water intrusion through the exterior balcony doors when it was caused by ponding water

on the concrete balconies.

Gouras also refers to the North Carolina Supreme Court case of Pembee Mfg. Corp. v. Cape

Fear Constr. Co., 313 N.C. 488, 329 S.E.2d 350 (N.C. 1985), to argue that the presentment of water

intrusion problems in 2008 put Weaver Cooke on notice of potential defects in construction, and

---

[2] See *Gouras, Incorporated's Memorandum of Law in Support of its Amended Motion for Summary Judgment* (Docket Entry 714 at 15-17) (citing deposition testimony of certain management level employees of Weaver Cooke, who testified as to their knowledge of water intrusion problems at the SkySail Project).

thus, initiated the running of the limitations period.  However, that case is factually distinguishable.

In Pembee, the plaintiff became aware of leaks in a roof within two months of installation, but did

not file suit for nearly eight years.  Id. at 489, 329 S.E.2d at 351.  However, the plaintiff in Pembee

was at all times aware of the party, or parties, responsible for constructing the roof; the only delay

in the plaintiff's filing of the suit was the plaintiff's lack of knowledge as to the *extent* of damage

caused by the defective roof.  Id. at 493-94, 329 S.E. 2d at 354.  The court in Pembee held that,

"[a]lthough the plaintiff may not have realized the extent of the defect in the roof," the plaintiff was

aware of the defective roof more than three years prior to the initiation of its action and thus, its

claims were time-barred.  Id. at 394, 329 S.E. 2d at 355.

Unlike Pembee, where the plaintiff had knowledge of the defective roof *and* the identity of

the parties responsible for the defect, Weaver Cooke's knowledge of water intrusion through the roof

and the sliding glass doors did not necessarily put them on notice of potential defects created by

Gouras.  Weaver Cooke  maintains that it was not until it received the report prepared by the debtor's

expert, George Barbour, in March 2012 (the "Barbour Report"), that it knew to attribute the water

intrusion to Gouras' allegedly defective work.

Here, although Weaver Cooke was aware of certain water intrusion problems in late 2008

and early 2009, it is not evident that this knowledge would have put Weaver Cooke on notice that

Gouras was potentially responsible for this defect and the resulting damages.  Whether Weaver

Cooke's admitted knowledge of water intrusion in late 2008 and early 2009 would have led it to

conclude that Gouras had potential liability for that problem is a genuine issue of material fact, and

thus, summary judgment is not appropriate.  Accordingly, since genuine issues of material fact exist

as to whether Weaver Cooke knew, or should have known, about Gouras' alleged defects more than

three years prior to the June 14, 2012, filing date of its second, third-party complaint, summary judgment on the statute of limitations defense is **DENIED**.

    **SO ORDERED.**

**END OF DOCUMENT**
