**SO ORDERED.**

**SIGNED this 27 day of August, 2014.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-SWH-AP |
|     v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
| and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
|     v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
  Crossclaimants, Counterclaimants and
  Third-Party Defendants.


  **and**

**NATIONAL ERECTORS REBAR, INC.**
  Defendant, Counterclaimant,
  Crossclaimant and Third-Party
  Plaintiff,

  v.

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
  Third-Party Defendants.

  **and**

2

**J. DAVIS ARCHITECTS, PLLC,**
    Third-Party Plaintiff,

    v.

**MCKIM & CREED, P.A.,**
    Third-Party Defendant.

    and

**GOURAS, INC.,**
    Third Party Defendant and
    Fourth-Party Plaintiff,

    v.

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
    Fourth-Party Defendants.

    and

**STOCK BUILDING SUPPLY, LLC,**
    Third-Party Defendant and
    Fourth-Party Plaintiff,

    v.

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    Fourth-Party Defendant.

### ORDER ON SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS DEFENSE ASSERTED BY RANDOLPH STAIR AND RAIL COMPANY

This matter came on to be heard upon the motion for summary judgment filed by Randolph Stair and Rail Company ("Randolph Stair") regarding the third-party complaint of Weaver Cooke Construction, LLC ("Weaver Cooke"), in Raleigh, North Carolina, on March 5, 2014. Although summary judgment is sought on several bases, this order will deal with the issue of whether the statute

of limitations bars the negligence and breach of express warranty claims Weaver Cooke asserts against Randolph Stair.

## BACKGROUND

New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to the alleged defective construction of the SkySail Condos (the "State Action"). The named defendants in the State Action included: New Bern's general contractor, Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER") and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code. The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010. After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the State Action, New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke; Travelers; NER; and the additional parties of J. Davis Architects, PLLC, and Fluhrer Reed, PA.

On May 27, 2010, Weaver Cooke filed an answer to New Bern's first amended complaint and a third-party complaint against Wachovia Bank, National Association and Wells Fargo & Company f/d/b/a Wachovia Corporation. Absent as third-party defendants in Weaver Cooke's original third-party complaint were any of the subcontractors hired by Weaver Cooke during the construction of the SkySail Project.

On June 14, 2012, Weaver Cooke filed its second, third-party complaint asserting claims of negligence, contractual indemnity and breach of express warranty against many of the subcontractors hired during the construction of the SkySail Project, including Randolph Stair.  Randolph Stair filed an answer to Weaver Cooke's second, third-party complaint on August 30, 2012, asserting numerous defenses, including the statute of limitations.

On December 20, 2013, Randolph Stair filed a motion for summary judgment regarding all three causes of action alleged by Weaver Cooke.  As grounds for summary judgment, Randolph Stair argued: (1) the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty; (2) the economic loss rule bars Weaver Cooke's negligence claim; (3) Weaver Cooke's contractual indemnity claim is barred by N.C. Gen. Stat. § 22B-1.[1]  Inasmuch as the resolution of the statute of limitations affirmative defense may dramatically affect the complexion of the litigation, the Court has chosen to deal first with that issue as to each third-party defendant.

Simply put, Randolph Stair argues that Weaver Cooke's negligence and breach of warranty claims accrued more than three years prior to the June 14, 2012, filing date of Weaver Cooke's second, third-party complaint.  Weaver Cooke alleges that Randolph Stair failed to install an adequate number of shelf angles as called for by the project specifications and that this resulted in structural deficiencies. In response, Randolph Stair argues that Weaver Cooke was aware of the lack of shelf angles more than three years prior the filing of its second, third-party complaint and thus, claims based on this defect are barred by the three-year statute of limitations found in N.C. Gen. Stat. 1-52.

---

[1] On December 20, 2013, Randolph Stair filed a memorandum of law in support of its motion for summary judgment, in which it stated that "[i]n an effort to avoid undue repetition for the Court, Randolph Stair adopts and incorporates the Memorandum in Support of Motion for Summary Judgment submitted by East Carolina Masonry." *Randolph Stair and Rail, Inc's Memorandum in Support of Motion for Summary Judgment* (Docket Entry 689 at 3).  The above identified arguments were contained in the memorandum of law submitted by East Carolina Masonry (Docket Entry 686).

**DISCUSSION**

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

In this proceeding, the court turns to North Carolina state law, and as is typical in this context, the determination of "whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes one of law." Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). North Carolina General Statute § 1-52 provides a three-year statute of limitations for actions sounding in tort or contract. N.C. Gen. Stat. § 1-52(1), (5) (2010). Additionally,

> [f]or purposes of the three-year limitation prescribed by G.S. 1-52, a cause of action based upon or arising out of the defective or unsafe condition of an improvement to real property shall not accrue until the injury, loss, defect or damage becomes apparent or ought reasonably to have become apparent to the claimant.

N.C. Gen. Stat. § 1-50(a)(5)(f) (2009).

Actions based upon or arising out of the defective or unsafe condition of an improvement to real property include those which seek to "recover damages for breach of a contract to construct or

repair an improvement to real property" and those based upon the "negligent construction or repair of an improvement to real property." N.C. Gen. Stat. § 1-50(a)(5)(b) (2009). Randolph Stair argues that even with the benefit of a discovery rule, which would serve to delay accrual of Weaver Cooke's causes of action against it until the defect became apparent or ought reasonably to have become apparent, Weaver Cooke knew, or reasonably should have known, of the lack of shelf angles more than three years prior to the filing of the second, third-party complaint.

Randolph Stair was responsible for furnishing and installing the floor line relief angles, or shelf angles, on the Project's buildings. Shelf angles are steel angles that resemble the shape of a capital "L" and are attached to a building's floor slabs and integrated into the brick veneer to provide both support for the load of the brick veneer and to allow for a gap, or space, between the building and the brick veneer. Once the brick veneer is installed, the shelf angles would be concealed from view. According to Randolph Stair, it completed its work on the project in 2007 and the brick veneer was completed, by another subcontractor, in September of 2008.

Randolph Stair argues that Weaver Cooke should have been aware of missing shelf angles prior to the completion of the brick veneer because this condition was open and obvious.[2] Randolph Stair cites the deposition testimony of certain management-level employees of Weaver Cooke who oversaw and supervised the major construction activities at the SkySail Project, including Steve Tidey, Weaver Cooke's project superintendent, and David Cline, Weaver Cooke's assistant project manager, to support its argument. Tidey agreed that if shelf angles were omitted at certain locations, that was something

---

[2] In response to Weaver Cooke's *Memorandum in Response to Motion for Summary Judgment of Randolph Stair and Rail Company* (Docket Entry 756), Randolph Stair filed a *Reply in Support of Motion for Summary Judgment* (Docket Entry 808), wherein for the first time it asserted the factual bases for it statute of limitations argument.

7

he would have expected Cline to notice.[3] Cline admitted that if there were shelf angles missing, "for no good reason," that is something he felt like he would have noticed.[4] However, Cline also testified that he was not aware of any locations where shelf angles were *actually* omitted and that if there were any omitted shelf angles, Weaver Cooke would have had something in writing, "for sure."[5]

Randolph Stair also asserts that Weaver Cooke was actually aware of missing shelf angles more than three years prior to Weaver Cooke's second, third-party complaint. Indeed, Randolph Stair's president, Vance Davis, claims that Weaver Cooke directed Randolph Stair to omit shelf angles from certain "short spans" on the building because they were not needed at these locations.[6] However, Cline testified that he does not recall any discussion about intentionally omitting shelf angles at the Project and that Weaver Cooke certainly would not have left them off if they were required.[7] Cline further testified that he would be surprised to learn that there were missing shelf angles at the Project.[8]

Weaver Cooke maintains that the missing shelf angles were a latent defect and that it was not until it received the report of New Bern's expert, George Barbour (the "Barbour Report"), that it became aware of that problem. The court agrees. The condition Weaver Cooke complains of was likely latent and difficult to detect. Randolph Stair's installation of the shelf angles was apparently closely paired with the installation of the brick veneer.[9] Once the brick veneer was installed, the shelf

---

[3] Deposition of Steve Tidey, Vol. I at 59 (as found in Docket Entry 808 at 57).

[4] Deposition of David Cline, Vol I at 300-01 (as found in Docket Entry 808 at 49-50).

[5] Id. at 70 (as found in Docket Entry 808 at 41).

[6] See deposition of Vance Davis at 31-32 (as found in Docket Entry 808 at 13-14).

[7] Deposition of David Cline at 39-40 (as found in Docket Entry 808 at 30-31).

[8] Id, at 300 (as found in Docket Entry 808 at 49).

[9] Id. at 56-57 (as found in Docket Entry 808 at 33-34).

angles, or lack thereof, would have been concealed from view. In addition, conflicting testimony exists as to whether Weaver Cooke instructed Randolph Stair to omit shelf angles from certain locations. Accordingly, genuine issues of material fact still exist and Randolph Stair's motion for summary judgment on its statute of limitations defense shall be denied.

**SO ORDERED.**

**END OF DOCUMENT**