**SO ORDERED.**

**SIGNED this 3 day of September, 2014.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

___

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC<br>    DEBTOR | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC<br>    Plaintiff | ADVERSARY PROCEEDING NO.<br>10-00023-AP |
| v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC.,<br>    Defendants, | |
| and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>    Defendants, Counterclaimants,<br>    Crossclaimants and Third-Party Plaintiffs, | |
| v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
        **Crossclaimants, Counterclaimants and**
        **Third-Party Defendants.**

        **and**

**NATIONAL ERECTORS REBAR, INC.**
        **Defendant, Counterclaimant,**
        **Crossclaimant and Third-Party**
        **Plaintiff,**

        **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
        **Third-Party Defendants.**

        **and**

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

### ORDER GRANTING 5 BOYS, INC.'S MOTION FOR SUMMARY JUDGMENT ON THE FOURTH-PARTY COMPLAINT OF GOURAS, INCORPORATED.

This matter came on to be heard upon the motion for summary judgment filed by 5 Boys, Inc. ("5 Boys") regarding the fourth-party complaint of Gouras, Incorporated ("Gouras"), in Raleigh, North Carolina, on March 6, 2014.

3

**BACKGROUND**

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project and Weaver Cooke Construction, LLC ("Weaver Cooke") was the Project's general contractor.[1] On June 14, 2012, Weaver Cooke filed a second, third-party complaint, asserting claims of negligence, contractual indemnity and breach of express warranty against many of the subcontractors hired during the construction of the SkySail Project, including Gouras. On August 17, 2012, Gouras filed an answer to Weaver Cooke's second, third-party complaint and a fourth-party complaint against certain subcontractors that Gouras claims it hired to perform its work on the SkySail Project. In its fourth-party complaint, Gouras asserts a claim of negligence against Rafael Hernandez, Jr., Carlos Chavez d/b/a Chavez Drywall, 5 Boys and Alex Garcia d/b/a Jc 5.

5 Boys filed an answer to Gouras' fourth-party complaint on March 15, 2013, and is the only fourth-party defendant to make an appearance in this case. On December 20, 2013, 5 Boys filed a motion for summary judgment, arguing that no genuine issues of material fact exist and it is therefore entitled to judgment as a matter of law. Specifically, 5 Boys argues: (1) it did not perform any work on the SkySail Project and Gouras has failed to produce any evidence tending to show otherwise; (2) even if there is sufficient evidence to conclude that 5 Boys performed work on the SkySail Project, Gouras cannot identify what specific work 5 Boys performed; and (3) the economic

---

[1] A more detailed history of this litigation and the numerous parties involved can be found in the *Order Granting Summary Judgment Regarding Statute of Limitations Defense Asserted by Stock Building Supply, LLC* (Docket Entry 884) entered on June 10, 2014.

loss rule bars Gouras' negligence claim. Gouras asserts that genuine issues of material fact exist and therefore 5 Boys' motion for summary judgment should be denied.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). No material facts are in dispute when the non-moving party:

> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Id. at 322-23. In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

Weaver Cooke subcontracted the task of installing sheathing and building wrap on the Project's exterior to Gouras. Gouras, in turn, hired several subcontractors to assist it in performing its work on the SkySail Project. Weaver Cooke claims that Gouras' work was defective in the following ways: Gouras failed to properly secure the Tyvek installation at windows and doors and instead "loose-laid" Tyvek over the jamb nailing flanges; Tyvek was butted to the shelf angles when it should have been taped; and Tyvek was butted, not taped, to the balcony floor slabs. Weaver

Cooke claims that these alleged defects contributed to water intrusion problems. Gouras, in its fourth-party complaint, asserts that, to the extent its work on the Project is found to be defective, and to the extent it is determined that such work was performed by 5 Boys, then 5 Boys was negligent in that it failed to exercise reasonable care and failed to comply with the applicable standard of care for the work and labor supplied.

5 Boys asserts that Gouras has failed to make a sufficient showing to establish the essential elements of its negligence claim and, thus, it is entitled to judgment as a matter of law.[2] First, 5 Boys argues that it did not perform any work on the SkySail Project and that Gouras has failed to produce any evidence tending to show otherwise. Second, 5 Boys asserts that, even if a genuine issue of material fact exists as to whether it performed work at the Project, Gouras cannot identify what work 5 Boys performed. 5 Boys argues that, without that evidence, Gouras cannot establish that 5 Boys breached any duty it may have owed or that any acts of 5 Boys could possibly have caused the damages claimed. In response, Gouras claims that it has produced sufficient evidence to raise a genuine issue of material fact as to whether 5 Boys performed work on the SkySail Project and that it has otherwise sufficiently supported its negligence claim. Based on the record before the court, which includes a forecast of Gouras' evidence and viewing all facts and inferences in a light most favorable to it, the court can determine the following:

There was no contract between Gouras and 5 Boys relating to the SkySail Project and Gouras does not possess any invoices payable to 5 Boys for the Project. *Gouras, Incorporated's Memorandum of Law in Opposition to 5 Boys, Inc.'s Motion for* Summary *Judgment* (Docket

---

[2] The elements on common law negligence under North Carolina law consist of: (1) duty; (2) breach; (3) causation; and (4) damages. See Martishius v. Carolco Studios, Inc. 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002).

Entry 750 at 3); *Third Party Defendant/Fourth-Party Plaintiff Gouras, Incorporated Responses to the Fourth-Party Defendant 5 Boys, Inc.'s Requests for Admission* (Docket Entry 724-3 at ¶ 16) (hereinafter "Gouras' Admissions"). Gouras does not possess any timesheets for the Skysail Project that identify 5 Boys as a "sub-contractor." (Gouras' Admissions ¶ 19). Although Gouras has produced copies of checks it issued to 5 Boys during the time period that Gouras worked on the SkySail Project,[3] Gouras admits that it hired 5 Boys on other projects during that same time period. (Gouras' Admissions ¶ 13). In addition, the checks identified by Gouras do not correspond to any invoices related to the Skysail Project. (Gouras' Admissions ¶¶ 16, 23-26.)[4]

Martin Doddy, a Gouras employee who supervised the work of the subcontractors that Gouras hired for the SkySail Project, could not recall the names of these same subcontractors. (Gouras Deposition at 39, 93).[5] In addition, Doddy testified that he could not name any employee of 5 Boys, he would not have been able to identify any 5 Boys employees while he was working on the Project, and that he did not have any conversations with 5 Boys employees with regard to the SkySail Project. (Gouras Deposition at 192, 194). Finally, when asked whether he knew which subcontractors did what work, in relation to the application of the Dens Glass and the Tyvek, Doddy testified, "I wouldn't know who did what." (Gouras Deposition at 92-93).

---

[3] Copies of these checks can be found in Docket Entry 750-3 at 56, 59, 62, 65, 68.

[4] The referenced inconsistent invoices can be found in Docket Entry 750-3 at 47-48, 50, 52, 54, 60, 63, 66, 69.

[5] On March 15, 2013 , pursuant to Federal Rule of Civil Procedure 30(b)(6), a deposition of Gouras took place in Raleigh, North Carolina (the "Gouras Deposition"). Gouras' Rule 30(b)(6) representatives included Martin Doddy, John Kissaine and Bobby Gouras. To the extent the court cites to portions of the Gouras Deposition transcript, all citations are in reference to the transcript as found at Docket Entry 724-2.

John Kissaine, a Gouras employee who inspected the work of Gouras' subcontractors daily, admitted that he had never heard of 5 Boys prior to this lawsuit. (Gouras Deposition at 93, 317, 320). Furthermore, Kissaine never saw the name 5 Boys on the side of any trucks at the Skysail Project, never saw any of Gouras' subcontractors' employees wearing shirts or anything else that identified 5 Boys and never heard or observed any of Gouras' subcontractors' employees saying or doing anything to demonstrate that they were employees of 5 Boys. (Id. at 323). Kissaine also admitted that he did not know which subcontractors performed what work on the Project's exterior. (Id. at 319-20). Indeed, Kissaine agreed that if there was a defect in the application of the Tyvek, there would not be any way for him or anyone else to know which of the subcontractors performed the defective work. (Id.)

The only evidence Gouras possesses that tends to show that 5 Boys performed work at the SkySail Project is a job cost inquiry-cost spreadsheet (the "job cost inquiry spreadsheet"), which indicates that 5 Boys, as a "vendor," was paid $1,540. (Exhibit B, Docket Entry 750-2 at 2). The job cost inquiry spreadsheet does not contain the word "SkySail" anywhere on the document. However, Gouras claims that the job number, "10-2166," which does appear on the document, is Gouras' internal job number for the SkySail Project. In addition, the job cost inquiry spreadsheet contains the job code "3-08," which, according to the "Gouras Walls & Ceilings Cost Code List,"[6] is the job code for "Hang Sheathing/ Dens." Finally, Gouras also notes that 5 Boys has not presented any affirmative evidence that it did not perform work at the SkySail Project; i.e., 5 Boys'

---

[6] The "Gouras Walls & Ceilings Cost Code List" can be found in *Gouras, Incorporated's Memorandum of Law in Opposition to 5 Boys, Inc.'s Motion for* Summary *Judgment*, Exhibit C (Docket Entry 750-3 at 25).

answer to Gouras' fourth-party complaint is not verified and 5 Boys has not offered any affidavits of its employees.

Although the job cost inquiry spreadsheet *may* create a factual issue regarding 5 Boys' involvement at the Project, the court need not determine the motion on that basis. Gouras must also present a showing of causation. 5 Boys argues that Gouras has failed to produce any evidence tending to show that 5 Boys was responsible for any allegedly defective work. 5 Boys notes that Gouras' agents who were present at the SkySail Project, Doddy and Kissaine, both admit that they cannot identify what work was performed by the subcontractors Gouras hired at the SkySail Project, let alone the specific work that 5 Boys performed. Indeed, Kissaine stated that he had never heard of 5 Boys until this lawsuit. In response, Gouras asserts that the New Bern's expert, George Barbour, recommended that *all* of the Tyvek at the Project needed to be removed and replaced because of the presence of systemic defects. Gouras argues, therefore, there is no need to distinguish which work was performed by its subcontractors because all of the Tyvek will need to be replaced, and 5 Boys' work included installation of the Tyvek.

However, none of the evidence presented by Gouras indicates that 5 Boys *did* perform work on the Tyvek. Gouras hired it subcontractors to install not only the Tyvek but also the Dens Glass sheathing. The job cost inquiry spreadsheet, at best, indicates that 5 Boys performed work related to hanging Dens Glass sheathing. In addition, even if 5 Boys did perform *some* of the work related to installation of the Tyvek, Gouras has no evidence that 5 Boys' work was the *cause* of any defects related to the Tyvek or water intrusion issues.

"[O]nce the movant has satisfied [the] 'initial burden' of demonstrating the absence of a genuine dispute as to any material fact, the nonmoving party must show that a genuine dispute does,

in fact, exist." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013) (citations omitted). In making that showing, "the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). (citations omitted). Gouras has failed to forecast any evidence of causation attributable to 5 Boys and therefore summary judgment in favor of 5 Boys is appropriate.

     **SO ORDERED.**

**END OF DOCUMENT**