**SO ORDERED.**

**SIGNED this 10 day of September, 2014.**

                                            _____
                                            Stephani W. Humrickhouse
                                            United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-AP |
|     v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
|     and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
|     v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
  **Crossclaimants, Counterclaimants and Third-Party Defendants.**

  **and**

**NATIONAL ERECTORS REBAR, INC.**
  **Defendant, Counterclaimant, Crossclaimant and Third-Party Plaintiff,**

  **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
  **Third-Party Defendants.**

  **and**

2

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS**
**CHAVEZ d/b/a CHAVEZ DRYWALL,**
**5 BOYS, INC. and ALEX GARCIA**
**d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

## ORDER GRANTING NATIONAL REINFORCING
## SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT

This matter came on to be heard upon the motion for summary judgment filed by National Reinforcing Systems, Inc. ("NRS") regarding the third party complaint of Weaver Cooke Construction, LLC ("Weaver Cooke"), in Raleigh, North Carolina, on June 2, 2014. Although

3

summary judgment is sought on several bases, this order shall only address whether NRS is a proper party to this action.

## BACKGROUND

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project and Weaver Cooke was the Project's general contractor. On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to the alleged defective construction of the SkySail Condos (the "State Action"). The named defendants in the State Action included: Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc., and certain subcontractors of the general contractor. On June 8, 2009, Weaver Cooke filed an answer to New Bern's complaint and within it, asserted crossclaims against "Defendant National Erectors Rebar, Inc. and National Reinforcing Systems, Inc."[1]

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code. The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010. New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke; Travelers; National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc.; and the additional parties of J. Davis Architects, PLLC and Fluhrer Reed, PA. New Bern served a summons and a copy of the first amended complaint on National Erectors Rebar, Inc. f/k/a

---

[1] Docket Entry 1-17 at 12.

4

National Reinforcing Systems Inc., but a separate summons and copy of the complaint were not served on NRS.

On May 27, 2010, Weaver Cooke filed an answer to New Bern's first amended complaint and within it, asserted crossclaims against "Defendant National Erectors Rebar, Inc. *and* National Reinforcing Systems, Inc." (Docket Entry 30 at 54, emphasis added). However, NRS argued that Weaver Cooke could not assert crossclaims against it because New Bern had not served NRS with a summons or a copy of the first amended complaint and New Bern had only asserted a claim against National Erectors Rebar, Inc. *f/k/a* National Reinforcing Systems, Inc. NRS argued that it was not a party defendant and therefore, Weaver Cooke could not assert *crossclaims* against it. Thereafter, on September 9, 2010, Weaver Cooke filed a third-party complaint, asserting claims of negligence, contractual indemnity and breach of express warranty, exclusively against "National Reinforcing Systems, Inc." (NRS).

On December 20, 2013, NRS filed a motion for summary judgment regarding all three causes of action alleged by Weaver Cooke in its September 9, 2010, third-party complaint. Although, NRS asserts several arguments in support of its motion, the court shall only address whether NRS is a proper party to this action.

## DISCUSSION

On September 26, 2006, Weaver Cooke entered into a purchase order contract ("Purchase Order") with NRS. The Purchase Order required NRS to provide the labor, material, equipment, and supervision for the SkySail Project's post-tension concrete system. The post-tension concrete system is a series of cables embedded in concrete structures integrated into the project to provide structural support. Pursuant to the Purchase Order, NRS provided the materials and equipment

needed for the design of the post-tension system and National Erectors Rebar, Inc. ("NER"), acting pursuant to a separate contract, installed the system at the SkySail Project.

During construction, the concrete fractured due to the displacement of post-tension cables in several sections of the post-tension system. These fractures and displacements are known as "blowouts." In total, five blowouts occurred at the SkySail Project–the first was on April 19, 2007, the second and third on August 7, 2007, the fourth on May 10, 2007, and the fifth on August 7, 2008. Weaver Cooke has alleged that NER and NRS are responsible for damages related to the August 7, 2008, blowout.

However, according to the Articles of Merger filed with the North Carolina Secretary of State on July 12, 2006, NRS merged into NER, and NER was designated as the surviving entity. In North Carolina, once a merger takes effect "[e]ach other merging corporation merges into the surviving corporation and the separate existence of each merging corporation except the surviving corporation ceases." N.C. Gen. Stat.§ 55-11-06(a)(1) (2013). In addition, "[t]he surviving corporation has all liabilities of each merging corporation." N.C. Gen. Stat. § 55-11-06(a)(3) (2013). Therefore, to the extent that NRS is liable to Weaver Cooke, that liability belongs with NER.

Additionally, Weaver Cooke has maintained at all times that NER, as the surviving entity of its merger with NRS, is responsible for the acts of NRS.[2] It was not until NRS requested that it be separately named as a defendant in this litigation that Weaver Cooke filed a third-party complaint

---

[2] See e.g., *Weaver Cooke Construction, LLC's Answer to First Amended Complaint, Counterclaims, Cross Claims, and Third-Party Complaint* (Docket Entry 30 at 54-55). ("National Erectors, as a result of its ownership and relationship of National Reinforcing, is legally responsible and liable for all claims, acts, and obligations of National Reinforcing.") Id. at 55.

for that purpose.[3]  NRS' present motion for summary judgment arises from that third-party complaint.  Because NRS is not a proper party to this action, Weaver Cooke's third-party complaint against it must be dismissed.  Accordingly, NRS' motion for summary judgment on all of Weaver Cooke's claims shall be granted.

**SO ORDERED.**

**END OF DOCUMENT**

---

[3] See *Weaver Cooke Construction, LLC's Motion for Leave to file Third-Party Complaint against National Reinforcing Systems, Inc.* (Docket Entry 75).