**SO ORDERED.**

**SIGNED this 11 day of September, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-AP |
|     v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
|     and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants,<br>    Crossclaimants and Third-Party Plaintiffs, | |
| v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
      **Crossclaimants, Counterclaimants and Third-Party Defendants.**

      **and**

**NATIONAL ERECTORS REBAR, INC.**
      **Defendant, Counterclaimant, Crossclaimant and Third-Party Plaintiff,**

      **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
      **Third-Party Defendants.**

      **and**

2

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS
CHAVEZ d/b/a CHAVEZ DRYWALL,
5 BOYS, INC. and ALEX GARCIA
d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

## ORDER GRANTING MCKIM & CREED P.A.'S MOTION
## FOR SUMMARY JUDGMENT ON THE THIRD-PARTY
## COMPLAINT OF J. DAVIS ARCHITECTS, PLLC.

This matter came on to be heard upon the motion for summary judgment filed by McKim & Creed, P.A. ("McKim") regarding the third-party complaint of J. Davis Architects, PLLC ("J. Davis"), in Raleigh, North Carolina, on June 2, 2014.

**BACKGROUND**

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project; Weaver Cooke Construction, LLC ("Weaver Cooke") was the Project's general contractor and J. Davis was the Project's architect. On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to the alleged defective construction of the SkySail Condos (the "State Action"). The named defendants in the State Action included: Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER") and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code. The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010. After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the State Action, New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke; Travelers; NER; and the additional parties of J. Davis and Fluhrer Reed, PA. In its first amended complaint, New Bern asserts a breach of contract claim against J. Davis. On May 27, 2010, Weaver Cooke filed an answer to New Bern's first amended complaint and within it, asserts crossclaims of negligence and negligent misrepresentation against J.Davis.

J. Davis filed a third-party complaint against McKim on October 14, 2010, asserting claims of negligence, indemnity and contribution. On November 2, 2010, McKim filed a motion to dismiss J. Davis' third-party complaint, and on December 13, 2010, J. Davis filed a motion to amend its third-party complaint. J. Davis' motion to amend was granted, and on May 9, 2011, J. Davis filed its first amended third-party complaint, asserting claims of negligence, breach of contract, express indemnification, implied indemnification and contribution. On May 18, 2011, McKim filed a motion to dismiss J. Davis' first amended third-party complaint. This court entered on order denying McKim's motion to dismiss on August 11, 2011, finding that J. Davis' causes of action were sufficiently alleged.

On December 20, 2013, McKim filed a motion for summary judgment as to all of J. Davis' claims. In support of its motion, McKim argues that J. Davis has forecast no evidence to support its causes of action and therefore, McKim is entitled to judgment as a matter of law. In response, J. Davis does not offer <u>any</u> evidence to support its claims against McKim. Instead, J. Davis argues that if McKim is granted summary judgment on its claims, then J. Davis should be granted summary judgment on New Bern and Weaver Cooke's claims, at least to the extent that those claims relate to work performed by McKim.

### DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). No material facts are in dispute when the non-moving party:

> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Id. at 322-23. In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

New Bern hired J. Davis to provide architectural engineering designs as well as construction administration services for the SkySail Project. J. Davis, in turn, contracted with McKim to provide professional surveying and civil engineering services for the Project. Specifically, McKim was to survey the Project site, prepare civil engineering plans, including a grading and draining plan, storm water management plan, utility plan, erosion control details and construction detail sheets, and was to obtain the necessary permits for the Project. New Bern has alleged that J. Davis, among other things, failed to design the Project in a manner that was consistent with applicable laws, ordinances, codes, rules and regulations, including but not limited to, issues involving water meters, the Americans with Disabilities Act, and storm water management. Weaver Cooke's claims against J. Davis include similar allegations. J. Davis asserts that the allegations made against it by New Bern and Weaver Cooke, at least in part, relate to work performed by McKim.

J. Davis, in its first amended third-party complaint, alleges that McKim has: failed to properly design the Civil Engineering Sheets in a manner that was consistent with the applicable laws, ordinances, codes, rules, and regulations; failed to design the Civil Engineering Sheets in a

manner consistent with sound and generally-accepted design practice; failed to coordinate submittals to the appropriate authorities to obtain permits for the Project in a consistent and cohesive manner; failed to properly correct design deficiencies; failed to properly provide construction administration for Phase I and Phase II of the Project; and, otherwise failed to perform all of the services required to be performed.

However, McKim asserts that J. Davis has not and cannot put forward any evidence to substantiate or support its claims. "[O]nce the movant has satisfied [the] 'initial burden' of demonstrating the absence of a genuine dispute as to any material fact, the nonmoving party must show that a genuine dispute does, in fact, exist." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013) (citations omitted). In making that showing, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.' Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). In responding to McKim's motion for summary judgment, J. Davis does not offer any evidence to support its claims.[1] Although J. Davis acknowledges that its claims against McKim are derivative of the claims New Bern and Weaver Cooke assert against it, J. Davis may not survive McKim's motion for summary judgment in the absence of any evidence to support its own claims.

Instead, J. Davis argues that, if McKim is entitled to summary judgment, then J. Davis should also be entitled to summary judgment to the extent that New Bern and Weaver Cooke's claims relate to work performed by McKim. J. Davis argues that, pursuant to Federal Rule of Civil

---

[1] Indeed, J. Davis concedes that "[its] position has been and continues to be that its consultants are free of fault." *Defendant JDavis Architects, PLLC's Memorandum of Law in Response to McKim & Creed, P.A.'s Motion for Summary Judgment* (Docket Entry 770 at 7).

7

Procedure 56(f), the court may grant J. Davis summary judgment on New Bern and Weaver Cooke's claims. Rule 56(f) of the Federal Rules of Civil Procedure provides:

> After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f). Although the court may have the authority on its own initiative to grant J. Davis summary judgment on New Bern and Weaver Cooke's claims, the court declines to exercise such discretion, opting instead to consider those issues in the context of a motion filed by J. Davis, where all parties will have an opportunity to fully respond and vet their respective positions. See Nunn v. Keller, No. 5:10-CT-3211-FL, 2012 WL 5835537 at *4, 2012 U.S. Dist. Lexis 164437 at *10 (E.D.N.C. Nov. 16, 2012). Such an opportunity having been given to J. Davis regarding McKim's motion for summary judgment, the motion shall be granted.

**SO ORDERED.**

**END OF DOCUMENT**