**SO ORDERED.**

**SIGNED this 17 day of
September,2014.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                            CASE NO. 09-10340-8-SWH

**NEW BERN RIVERFRONT DEVELOPMENT,
LLC**
     **DEBTOR**

**NEW BERN RIVERFRONT DEVELOPMENT,**          ADVERSARY PROCEEDING NO.
**LLC**
     **Plaintiff**                          10-00023-8-SWH-AP

     **v.**

**WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; J. DAVIS
ARCHITECTS, PLLC; FLUHRER REED PA;
and NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS, INC.,**
     **Defendants,**

     **and**

**WEAVER COOKE CONSTRUCTION, LLC;
and TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,**
     **Defendants, Counterclaimants,
     Crossclaimants and Third-Party Plaintiffs,**

**v.**

**J. DAVIS ARCHITECTS, PLLC, FLUHRER
REED PA, SKYSAIL OWNERS ASSOCIATION,
INC.; NATIONAL REINFORCING SYSTEMS,
INC., ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INC., HAMLIN ROOFING
COMPANY, INC.; HAMLIN  ROOFING
SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.;
PERFORMANCE FIRE PROTECTION, LLC;
RANDOLPH STAIR AND RAIL COMPANY;
STOCK BUILDING SUPPLY, LLC; PLF
OF SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY; UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.;
JOHNSON'S MODERN ELECTRIC
COMPANY, INC.; and WATERPROOFING
SPECIALITIES, INC.,**

      **Crossclaimants, Counterclaimants and
      Third-Party Defendants.**


      **and**

**NATIONAL ERECTORS REBAR, INC.**
      **Defendant, Counterclaimant,
      Crossclaimant and Third-Party
      Plaintiff,**

      **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.**
      **Third-Party Defendants.**

      **and**

2

**J. DAVIS ARCHITECTS, PLLC,**
        **Third-Party Plaintiff,**

        **v.**

**MCKIM & CREED, P.A.,**
        **Third-Party Defendant.**

        **and**

**GOURAS, INC.,**
        **Third Party Defendant and**
        **Fourth-Party Plaintiff,**

        **v.**

**RAFAEL HERNANDEZ, JR., CARLOS**
**CHAVEZ d/b/a CHAVEZ DRYWALL,**
**5 BOYS, INC. and ALEX GARCIA**
**d/b/a/ JC 5,**
        **Fourth-Party Defendants.**

        **and**

**STOCK BUILDING SUPPLY, LLC,**
        **Third-Party Defendant and**
        **Fourth-Party Plaintiff,**

        **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
        **Fourth-Party Defendant.**

**ORDER DENYING SUMMARY JUDGMENT**
**REGARDING ECONOMIC LOSS DEFENSE**
**ASSERTED BY GOURAS, INCORPORATED**

This matter came on to be heard upon the motion for summary judgment filed by Gouras,

Incorporated ("Gouras") regarding the third party complaint of Weaver Cooke Construction, LLC

("Weaver Cooke"), in Raleigh, North Carolina, on March 5, 2014.  On August 25, 2014, this court

entered an order partially denying Gouras' motion for summary judgment regarding Gouras' statute

3

of limitations defense to the breach of warranty and negligence causes of action. This order shall specifically address whether Weaver Cooke's negligence claim is barred by the economic loss rule.

## BACKGROUND

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project and Weaver Cooke was the Project's general contractor. On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to the alleged defective construction of the SkySail Condos (the "State Action"). The named defendants in the State Action included: Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER") and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code. The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010. After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the State Action, New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke; Travelers; NER; and the additional parties of J. Davis and Fluhrer Reed, PA.

On June 14, 2012, Weaver Cooke filed its second, third-party complaint asserting claims of negligence, contractual indemnity and breach of express warranty against many of the subcontractors Weaver Cooke hired during the construction of the SkySail Project, including Gouras. Gouras filed an answer to Weaver Cooke's second, third-party complaint on August 17,

4

2012, and asserted as an affirmative defense that Weaver Cooke's negligence claim was barred by the economic loss rule.

On December 20, 2013, Gouras filed an amended motion for summary judgment regarding all three causes of action alleged by Weaver Cooke. As grounds for summary judgment, Gouras argued: (1) the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty; (2) the economic loss rule bars Weaver Cooke's negligence claim; and (3) Weaver Cooke's contractual indemnity claim is barred by N.C. Gen. Stat. § 22B-1. This order shall address whether Weaver Cooke's negligence claim is barred by the economic loss rule.

## DISCUSSION

This court has previously considered the scope and application of the economic loss rule in this adversary proceeding. On June 28, 2010, NER filed a motion to dismiss the negligence claim asserted against it by New Bern, arguing that it was barred under the economic loss rule. NER's motion to dismiss was heard before the Honorable Judge J. Rich. Leonard on March 29, 2011, and an order was entered on May 24, 2011. Judge Leonard defined the issue presented in NER's motion as "whether in light of the contractual relations between National Erectors and third parties, [New Bern] can still assert a claim for negligence." New Bern Riverfront Dev., LLC v. Weaver Cooke Constr., LLC (In re New Bern Riverfront Dev., LLC), 2011 WL 5902621 at *4, 2011 Bankr. LEXIS 1996 at *13 (Bankr. E.D.N.C. May 24, 2011). Citing to the North Carolina Supreme Court case of N.C. State Ports Authority v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 240 S.E.2d 345 (1978), Judge Leonard found that the "general rule in North Carolina is that a breach of contract does not give rise to a tort action between the contracting parties," but went on to lay out four categories of exceptions to the economic loss rule where:

1.      the injury was to the person or property of someone other than the promisee;

    2.      the injury was to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee;

    3.      the injury was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy with the duty to use care in the safeguarding of the property from harm; and

    4.      the injury was willful injury to or a conversion of the property of the promisee, which was the subject of the contract.

In re New Bern, 2011 WL 5902621 at *4, 2011 Bankr. LEXIS 1996 at *13-15 (citations omitted).

Ultimately, Judge Leonard denied NER's motion to dismiss, holding that New Bern's negligence claim against NER was properly brought under an exception to the economic loss rule, specifically, that the damages New Bern sustained related to property other than that which was the subject matter of the contract. Id., 2011 WL 5902621 at *5, 2011 Bankr. LEXIS 1996 at *19-20. In so holding, Judge Leonard explained:

[New Bern] alleges that the subject matter of its contract with Weaver Cooke, in part, and Weaver Cooke's contract with National Erectors was to design and construct the PT system. [New Bern] also alleges that the improper design and construction of the PT system caused damage to parts of the parking deck and swimming pool. Therefore, [New Bern] alleges that the injury sustained was to property other than that which was the subject matter of the contract.

Id., 2011 WL 5902621 at *5, 2011 Bankr. LEXIS 1996 at *17-18.

The court adopts Judge Leonard's analysis and interpretation of the economic loss rule in accordance with the doctrine of law of the case. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." City of Charleston, S.C. v. Hotels.com, LP, 520 F. Supp. 2d 757, 774 (D.S.C. 2007). This legal principle is referred to as the law of the case doctrine, and it exists in order to promote "the interests of stability, finality, and judicial efficiency." United States v. Williams, 162 Fed. Appx. 254, 258-59 (4th Cir. 2006).

Weaver Cooke subcontracted the task of installing sheathing and building wrap on the Project's exterior to Gouras. Gouras' work was to be performed in conjunction with that of other subcontractors in order to tie the sheathing and building wrap into other parts of each building's envelope. The sheathing installed by Gouras was "Dens-Glass" and the building wrap was "Tyvek." Weaver Cooke claims that Gouras' work was defective in the following ways: Gouras failed to properly secure the Tyvek installation at windows and doors and instead "loose-laid" Tyvek over the jamb nailing flanges; Tyvek was butted to the shelf angles, when it should have been taped; and Tyvek was butted, not taped, to the balcony floor slabs. Weaver Cooke claims that these alleged defects relate to water intrusion and caused damage to the interior of certain condo units and created the potential for significant mold problems in the residential units as well as the common areas.

The damages that Weaver Cooke sustained from Gouras' allegedly defective work relate to property other than that which was the subject matter of Weaver Cooke's contract with Gouras. Although Weaver Cooke alleges that Gouras defectively installed the Tyvek, it also alleges that Gouras' defective work caused damage to other parts of the Project, separate and apart from the Tyvek, namely to the interior of the condo units and potential mold problems in the residential units and the common areas. Accordingly, Weaver Cooke's negligence cause of action is properly brought under an exception to the economic loss rule. Based on the foregoing, Gouras' motion for summary judgment on its economic less defense shall be denied. The court shall enter a separate order on Gouras' motion for summary judgment relating to Weaver Cooke's indemnity claim.

**SO ORDERED.**

**END OF DOCUMENT**

7