**SO ORDERED.**

**SIGNED this 19 day of September, 2014.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-AP |
|     v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
|     and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
|     v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
      **Crossclaimants, Counterclaimants and Third-Party Defendants.**

      **and**

**NATIONAL ERECTORS REBAR, INC.**
      **Defendant, Counterclaimant, Crossclaimant and Third-Party Plaintiff,**

      **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
      **Third-Party Defendants.**

      **and**

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

### ORDER GRANTING SUMMARY JUDGMENT REGARDING ECONOMIC LOSS DEFENSE ASSERTED BY RANDOLPH STAIR AND RAIL COMPANY

This matter came on to be heard upon the motion for summary judgment filed by Randolph Stair and Rail Company ("Randolph Stair") regarding the third party complaint of Weaver Cooke Construction, LLC ("Weaver Cooke"), in Raleigh, North Carolina, on March 5, 2014. On August 27, 2014, this court entered an order partially denying Randolph Stair's motion for summary

judgment on its statute of limitations defense regarding Weaver Cooke's negligence and breach of warranty claims. This order shall specifically address whether Weaver Cooke's negligence claim is barred by the economic loss rule.

## BACKGROUND

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project and Weaver Cooke was the Project's general contractor. On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to the alleged defective construction of the SkySail Condos (the "State Action"). The named defendants in the State Action included: Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER") and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code. The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010. After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the State Action, New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke; Travelers; NER; and the additional parties of J. Davis and Fluhrer Reed, PA.

On June 14, 2012, Weaver Cooke filed its second, third-party complaint asserting claims of negligence, contractual indemnity and breach of express warranty against many of the

subcontractors Weaver Cooke hired during the construction of the SkySail Project, including Randolph Stair. Randolph Stair filed an answer to Weaver Cooke's second, third-party complaint on August 30, 2012.

On December 20, 2013, Randolph Stair filed an amended motion for summary judgment regarding all three causes of action alleged by Weaver Cooke. As grounds for summary judgment, Randolph Stair argued: (1) the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty; (2) the economic loss rule bars Weaver Cooke's negligence claim; and (3) Weaver Cooke's contractual indemnity claim is barred by N.C. Gen. Stat. § 22B-1. This order shall address whether Weaver Cooke's negligence claim is barred by the economic loss rule.

## DISCUSSION

This court has previously considered the scope and application of the economic loss rule in this adversary proceeding. On June 28, 2010, NER filed a motion to dismiss the negligence claim asserted against it by New Bern, arguing that it was barred under the economic loss rule. NER's motion to dismiss was heard before the Honorable Judge J. Rich. Leonard on March 29, 2011, and an order was entered on May 24, 2011. Judge Leonard defined the issue presented in NER's motion as "whether in light of the contractual relations between National Erectors and third parties, [New Bern] can still assert a claim for negligence." New Bern Riverfront Dev., LLC v. Weaver Cooke Constr., LLC (In re New Bern Riverfront Dev., LLC), 2011 WL 5902621 at *4, 2011 Bankr. LEXIS 1996 at *13 (Bankr. E.D.N.C. May 24, 2011). Citing to the North Carolina Supreme Court case of N.C. State Ports Authority v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 240 S.E.2d 345 (1978), Judge Leonard found that the "general rule in North Carolina is that a breach of contract does not

give rise to a tort action between the contracting parties," but went on to lay out four categories of exceptions to the economic loss rule where:

1. the injury was to the person or property of someone other than the promisee;
2. the injury was to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee;
3. the injury was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy with the duty to use care in the safegaurding of the property from harm; and
4. the injury was willful injury to or a conversion of the property of the promisee, which was the subject of the contract.

In re New Bern, 2011 WL 5902621 at *4, 2011 Bankr. LEXIS 1996 at *13-15 (citations omitted).

Ultimately, Judge Leonard denied NER's motion to dismiss, holding that New Bern's negligence claim against NER was properly brought under an exception to the economic loss rule, specifically, that the damages New Bern sustained related to property other than that which was the subject matter of the contract. Id., 2011 WL 5902621 at *5, 2011 Bankr. LEXIS 1996 at *19-20. In so holding, Judge Leonard explained:

> [New Bern] alleges that the subject matter of its contract with Weaver Cooke, in part, and Weaver Cooke's contract with National Erectors was to design and construct the PT system. [New Bern] also alleges that the improper design and construction of the PT system caused damage to parts of the parking deck and swimming pool. Therefore, [New Bern] alleges that the injury sustained was to property other than that which was the subject matter of the contract.

Id., 2011 WL 5902621 at *5, 2011 Bankr. LEXIS 1996 at *17-18.

The court adopts Judge Leonard's analysis and interpretation of the economic loss rule in accordance with the doctrine of law of the case. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." City of Charleston, S.C. v. Hotels.com, LP, 520 F. Supp. 2d 757, 774 (D.S.C. 2007). This legal principle is referred to as the law of the case doctrine, and it exists in order to promote "the interests of

stability, finality, and judicial efficiency." <u>United States v. Williams</u>, 162 Fed. Appx. 254, 258-59 (4th Cir.2006).

Randolph Stair was responsible for furnishing and installing the floor line relief angles, or shelf angles, on the Project's buildings.  Shelf angles are steel angles that resemble the shape of a capital "L" and are attached to a building's floor slabs and integrated into the brick veneer to provide both support for the load of the brick veneer and to allow for a gap, or space, between the building and the brick veneer. Once the brick veneer is installed, the shelf angles would be concealed from view. Weaver Cooke alleges that Randolph Stair failed to install an adequate number of shelf angles as called for by the Project's specifications and that this has resulted in structural deficiencies in the brick veneer.

The installation of shelf angles is integrally related to construction of the brick veneer.  Any defect in the installation of shelf angles would necessarily affect the brick veneer.  Furthermore, in order to perform the remedial work of installing the missing shelf angles, it would be necessary to deconstruct the brick veneer.  For purposes of the economic loss rule, the damages alleged to the brick veneer relate to the subject of Randolph Stair's contract, i.e., installation of the anchors for the brick veneer.  Weaver Cooke's negligence cause of action does not fall under any of the exceptions to the economic loss rule as recognized in <u>Ports Authority</u>, 294 N.C. 73, 240 S.E.2d 345. Accordingly, Randolph Stair's motion for summary judgment on its economic loss defense shall be granted.  The court shall enter a separate order regarding Randolph Stair's motion for summary judgment on Weaver Cooke's indemnity claim.

**SO ORDERED.**

**END OF DOCUMENT**