**SO ORDERED.**

**SIGNED this 22 day of September, 2014.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-AP |
| v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
| and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
| v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
  Crossclaimants, Counterclaimants and
  Third-Party Defendants.


  and

**NATIONAL ERECTORS REBAR, INC.**
  Defendant, Counterclaimant,
  Crossclaimant and Third-Party
  Plaintiff,

  v.

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
  Third-Party Defendants.

  and

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

**ORDER DENYING SUMMARY JUDGMENT
REGARDING ECONOMIC LOSS DEFENSE
ASSERTED BY HAMLIN ROOFING COMPANY, INC.**

This matter came on to be heard upon the motion for summary judgment filed by Hamlin Roofing Company, Inc. ("HRCI") regarding the third party complaint of Weaver Cooke Construction, LLC ("Weaver Cooke"), in Raleigh, North Carolina, on March 5, 2014. On September 18, 2014, this court entered an order partially denying HRCI's motion for summary

judgment on its statute of limitations defense regarding Weaver Cooke's negligence and breach of warranty claims.[1] This order shall specifically address whether Weaver Cooke's negligence claim is barred by the economic loss rule.

## BACKGROUND

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project and Weaver Cooke was the Project's general contractor. On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to the alleged defective construction of the SkySail Condos (the "State Action"). The named defendants in the State Action included: Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER") and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code. The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010. After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the State Action, New Bern filed its first amended complaint on May 6, 2010,

---

[1] Weaver Cooke had also asserted claims against a sister corporation of HRCI, Hamlin Roofing Services, Inc. ("HRSI"). HRCI and HRSI jointly filed a motion for summary judgment on Weaver Cooke's claims and the court's September 18, 2014, order granted HRSI summary judgment but denied it as to HRCI on its statute of limitations defense.

asserting claims against Weaver Cooke; Travelers; NER; and the additional parties of J. Davis and Fluhrer Reed, PA.

On June 14, 2012, Weaver Cooke filed its second, third-party complaint asserting claims of negligence, contractual indemnity and breach of express warranty against many of the subcontractors Weaver Cooke hired during the construction of the SkySail Project; however HRCI was not named as a third-party defendant. Thereafter, on August 3, 2012, Weaver Cooke filed a second amendment to its second, third-party complaint and named HRCI as a third-party defendant. HRCI filed an answer to Weaver Cooke's second, third-party complaint on August 13, 2012.

On December 20, 2013, HRCI filed a motion for summary judgment regarding all three causes of action alleged by Weaver Cooke. As grounds for summary judgment, HRCI argues that: (1) the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty; (2) the economic loss rule bars Weaver Cooke's negligence claim; (3) Weaver Cooke's contractual indemnity claim is barred by N.C. Gen. Stat. § 22B-1; (4) the negligence and contractual indemnity claims are barred by the doctrine of contributory negligence; and (5) Weaver Cooke's claim for breach of express warranty is barred by Weaver Cooke's failure to furnish notice of a claim as required by the warranties. This order shall address whether Weaver Cooke's negligence claim is barred by the economic loss rule.

## DISCUSSION

This court has previously considered the scope and application of the economic loss rule in this adversary proceeding. On June 28, 2010, NER filed a motion to dismiss the negligence claim asserted against it by New Bern, arguing that it was barred under the economic loss rule. NER's motion to dismiss was heard before the Honorable Judge J. Rich. Leonard on March 29, 2011, and

an order was entered on May 24, 2011. Judge Leonard defined the issue presented in NER's motion as "whether in light of the contractual relations between National Erectors and third parties, [New Bern] can still assert a claim for negligence." New Bern Riverfront Dev., LLC v. Weaver Cooke Constr., LLC (In re New Bern Riverfront Dev., LLC), 2011 WL 5902621 at *4, 2011 Bankr. LEXIS 1996 at *13 (Bankr. E.D.N.C. May 24, 2011). Citing to the North Carolina Supreme Court case of N.C. State Ports Authority v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 240 S.E.2d 345 (1978), Judge Leonard found that the "general rule in North Carolina is that a breach of contract does not give rise to a tort action between the contracting parties," but went on to lay out four categories of exceptions to the economic loss rule where:

1. the injury was to the person or property of someone other than the promisee;
2. the injury was to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee;
3. the injury was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy with the duty to use care in the safegaurding of the property from harm; and
4. the injury was willful injury to or a conversion of the property of the promisee, which was the subject of the contract.

In re New Bern, 2011 WL 5902621 at *4, 2011 Bankr. LEXIS 1996 at *13-15. (citations omitted).

Ultimately, Judge Leonard denied NER's motion to dismiss, holding that New Bern's negligence claim against NER was properly brought under an exception to the economic loss rule, specifically, that the damages New Bern sustained related to property other than that which was the subject matter of the contract. Id., 2011 WL 5902621 at *5, 2011 Bankr. LEXIS 1996 at *19-20. In so holding, Judge Leonard explained:

> [New Bern] alleges that the subject matter of its contract with Weaver Cooke, in part, and Weaver Cooke's contract with National Erectors was to design and construct the PT system. [New Bern] also alleges that the improper design and construction of the PT system caused damage to parts of the parking deck and swimming pool.

> Therefore, [New Bern] alleges that the injury sustained was to property other than that which was the subject matter of the contract.

Id., 2011 WL 5902621 at *5, 2011 Bankr. LEXIS 1996 at *17-18.

The court adopts Judge Leonard's analysis and interpretation of the economic loss rule in accordance with the doctrine of law of the case. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." City of Charleston, S.C. v. Hotels.com, LP, 520 F. Supp. 2d 757, 774 (D.S.C. 2007). This legal principle is referred to as the law of the case doctrine, and it exists in order to promote "the interests of stability, finality, and judicial efficiency." United States v. Williams, 162 Fed. Appx. 254, 258-59 (4th Cir.2006).

Weaver Cooke subcontracted with HRCI to install the roofing system for the Project. Part of HRCI's work involved installing the thermoplastic polyolefin ("TPO") roofing membrane on the Project's roof. The TPO membrane is a flexible, plastic material which comes in rolled sheets and is the primary water and air barrier on the Project's roof. The Project's roof was designed such that in certain locations, the exterior walls extended above the roof-line, resulting in the roof being partially walled at those locations. The portions of the exterior walls that extended above the roof-line are known as parapet walls. HRCI was to install the TPO such that the TPO would be laid up the back of the roof's parapet walls, over the top of the parapet, and then secured to the front of the parapet wall, resulting in the TPO terminating with the sheet pointing downward, towards the ground. This design was intended to prevent water from getting trapped underneath the TPO membrane and potentially causing leaks in the roof.

The parapet walls were to be constructed by another subcontractor, Gouras Incorporated.[2] At the time that HRCI installed the TPO membrane on the roof, the parapet walls had not yet been built. Therefore, and in order to accommodate for the later installation and attachment of the TPO over the top of and to the front of the parapet walls, HRCI left excess TPO material hanging over the edge of the unfinished building. Thereafter, another subcontractor, Carolina Custom Molding, Inc. ("CCMI") began its work on the roof. CCMI was responsible for installing the cornice work, which rested on top of the parapet walls. Once the parapet walls were built, but before the TPO had been secured to the parapet walls, CCMI began installing its cornice work. In order to complete its work, CCMI claims that it was forced to cut back the TPO membrane, resulting in the TPO no longer running down the face of the parapet walls.

Weaver Cooke claims that the cutting of the TPO membrane has contributed to water intrusion problems at the Project's roof and caused damage to the interior of certain condo units, including damage to the condo floors. Weaver Cooke alleges that HRCI contributed to these damages by failing to complete its installation of the TPO membrane and failing to communicate with the other roof subcontractors in such a way to ensure the TPO was installed correctly.

The damages that Weaver Cooke sustained from HRCI's allegedly defective work relate to property other than that which was the subject matter of Weaver Cooke's contract with HRCI. Although Weaver Cooke alleges that HRCI failed to complete its installation of the TPO and that the TPO, as installed, is defective, Weaver Cooke also alleges that HRCI's negligence caused damage to other parts of the Project, separate and apart from the TPO, namely to the interior of the

---

[2] See *Defendant Weaver Cooke Construction, LLC's Memorandum in Response to the Motion for Summary Judgment of Hamlin Roofing Services, Inc. and Hamlin Roofing Company, Inc.* (Docket Entry 763 at 5).

condo units and the condo unit floors.  Accordingly, Weaver Cooke's negligence cause of action is properly brought under an exception to the economic loss rule.  Based on the foregoing, HRCI's motion for summary judgment on its economic less defense shall be denied.  The court shall enter a separate order on HRCI's motion for summary judgment on its remaining arguments related to Weaver Cooke's indemnity claim, Weaver Cooke's contributory negligence and Weaver Cooke's failure to furnish notice of a claim as required by the warranties.

**SO ORDERED.**

**END OF DOCUMENT**