**SO ORDERED.**

**SIGNED this 23 day of September, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-AP |
|     v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
|     and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
|     v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
    Crossclaimants, Counterclaimants and
    Third-Party Defendants.

    **and**

**NATIONAL ERECTORS REBAR, INC.**
    Defendant, Counterclaimant,
    Crossclaimant and Third-Party
    Plaintiff,

    v.

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
    Third-Party Defendants.

    **and**

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS
CHAVEZ d/b/a CHAVEZ DRYWALL,
5 BOYS, INC. and ALEX GARCIA
d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

## ORDER DENYING NATIONAL ERECTORS REBAR INC.'S
## MOTION FOR SUMMARY JUDGMENT

This matter came on to be heard upon the motion for summary judgment filed by National Erector's Rebar, Inc. (NER) regarding the complaint of New Bern Riverfront Development, LLC ("plaintiff" or "New Bern"). A hearing took place on March 6, 2014, in Raleigh, North Carolina.

## BACKGROUND

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern is the owner and developer of the SkySail Project and Weaver Cooke Construction, LLC ('Weaver Cooke") was the Project's general contractor. On March 30, 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to their roles in the construction of the SkySail Condos (the "State Action"). The named defendants in the State Action included: Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER")[1] and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11 of the Bankruptcy Code. The State Action was removed to the United States District Court for the Eastern District of North Carolina on December 16, 2009, and subsequently transferred to this court on February 3, 2010. After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the State Action, New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke; Travelers; NER, and the additional parties of J. Davis Architects, PLLC, and Fluhrer Reed, PA. New Bern's sole cause of action against NER sounds in negligence.

On June 28, 2010, NER filed a motion to dismiss New Bern's complaint, arguing that, due to NER's contractual relationship with Weaver Cooke, the economic loss rule barred New Bern's

---

[1] According to the Articles of Merger filed with the North Carolina Secretary of State on July 12, 2006, NRS merged into NER, and NER was designated as the surviving entity.

4

negligence claim. In addition, NER asserted that New Bern had failed to sufficiently plead a claim of professional negligence against it. In an order entered on May 24, 2011, this court denied NER's motion to dismiss, holding that New Bern's negligence claim was properly brought under an exception to the economic loss rule and that New Bern had sufficiently plead a professional negligence cause of action against NER.[2] Thereafter, on June 7, 2011, NER filed an answer to New Bern's complaint and asserted numerous defenses, including contributory negligence.

On December 20, 2013, NER filed a motion for summary judgment regarding New Bern's complaint. As grounds for summary judgment, NER argues: (1) the economic loss rule is a bar to New Bern's negligence claim; (2) New Bern has not presented any evidence of professional negligence against NER; and, (3) New Bern's contributory negligence is a bar to its negligence claim.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

---

[2] See Order, dated May 24, 2011 (Docket Entry 169).

5

In September, 2006, NER contracted with Weaver Cooke to provide the design, labor, equipment and materials necessary for the installation of the post-tension concrete system at the SkySail Project.[3] The post-tension concrete system is a series of cables embedded in concrete structures integrated into the Project to provide structural support. During construction of the Project, the concrete fractured due to the displacement of post-tension cables in several sections of the post-tension system. These fractures and displacements are known as "blowouts." New Bern claims that the blowouts have caused cracks in the parking deck, the pool, the courtyard and areas within the main building, and have caused damage to several different areas of the Project. New Bern's negligence claim against NER relates to the alleged defective design and installation of the post-tension system.

## I.     NER's Economic Loss Argument

NER argues that, due to its contract with Weaver Cooke, New Bern's negligence cause of action is barred by the economic loss rule, as is recognized by the North Carolina Supreme Court in N.C. State Ports Authority v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 240 S.E. 2d, 345 (1978). NER notes that, although there are four recognized exceptions to the general rule, none of the exceptions are applicable in this case. See id. 294 N.C. at 83, 240 S.E. 2d at 350-51. However, the court has already specifically addressed this argument in the context of NER's motion to dismiss. In an order entered May 24, 2011, this court addressed, "whether in light of the contractual relations

---

[3] According to NER, it was actually NRS who contracted with Weaver Cooke to *design* the post-tension system and NER contracted with Weaver Cooke only to *install* the post-tension system. However this distinction is pedantic because in July of 2006, NRS merged into NER, and NER was designated as the surviving entity. As a result of the merger, the separate entity of NRS ceased to exist and NER assumed all of NRS' liabilities. N.C. Gen. Stat. §§ 55-11-06(a)(1), (3) (2013). See also footnote 1, *supra*.

6

between National Erectors and third parties, [New Bern] can still assert a claim for negligence."[4] The court went on to hold that "[New Bern's] negligence claim against National Erectors is properly brought as an exception to the economic loss rule described in Ports Authority,"[5] because "the injury sustained was to property other than that which was the subject matter of the contract."[6] Neither NER nor New Bern address the court's prior ruling on the issue, and the May, 24, 2011, order was not appealed or otherwise modified.

At this summary judgment stage, NER attempts, through the depositions of both Daniel Estes, Weaver Cooke's president, and Kevin Lloyd, Weaver Cooke's project manager and vice president, to show that there is no evidence that the blowouts caused any direct damage to property other than to the post-tension concrete slab itself, in order to avoid application of the exception to the economic loss rule.[7] However, the testimony of Weaver Cooke's agents relate to only *one particular* blowout and do not address all of the damages caused by defects in the post-tension system.[8] In addition, New Bern cites to the deposition testimony of professional engineers Martin Mikula, and Dean Penny to show that the deficiencies in the post-tension system lead to cracks and

---

[4] *Order*, dated May 24, 2011 (Docket Entry 169 at 8). The matter was heard and ruled upon by then-presiding Judge J. Rich Leonard.

[5] Id, (Docket Entry 169 at 12).

[6] Id. (Docket Entry 169 at 11).

[7] *Defendant National Erectors Rebar, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment against Plaintiff* (Docket Entry 711 at 9).

[8] See deposition of Daniel Estes at 135-136 (Exhibit 4, as found in Docket Entry 711-4 at 2-3); deposition of Kevin Lloyd at 139 (Exhibit 5, as found in Docket Entry 711-5 at 2).

...
...

leaks in the parking deck, the pool, the courtyard, and areas within the main building.[9] Whether or not the economic loss rule exception applies is in genuine dispute and therefore summary judgment is not appropriate. Accordingly, NER's motion for summary judgment on its economic loss argument shall be denied.

## II.    Sufficient Evidence of Professional Negligence to Survive Summary Judgment

NER next argues that New Bern's professional negligence claim against it should be dismissed because New Bern has failed to produce any evidence that NER provided architectural or engineering services for the Project. To support its argument, NER claims that it contracted with Weaver Cooke only to install the post-tension system and that the design of the post-tension system was specifically removed from its responsibilities. NER further points to an admission of NRS, where NRS admits that *it* was retained to provide the design of the post-tension system. NRS, in turn, subcontracted with professional engineer, Robert Armstrong, Jr., of Summit Design Group, Inc., to provide an engineer's seal for the plans and drawings associated with the post-tension system.

However, according to the Articles of Merger filed with the North Carolina Secretary of State on July 12, 2006, NRS merged into NER, and NER was designated as the surviving entity. In North Carolina, once a merger takes effect "[e]ach other merging corporation merges into the surviving corporation and the separate existence of each merging corporation except the surviving corporation ceases." N.C. Gen. Stat.§ 55-11-06(a)(1) (2013). In addition, "[t]he surviving corporation has all liabilities of each merging corporation." N.C. Gen. Stat. § 55-11-06(a)(3) (2013).

---

[9] See deposition of Martin Makula at 33 (Exhibit A, as found in Docket Entry 764-1 at 3); deposition of Dean Penny at 129, 158-59, 210, 286 (Exhibit B, as found in Docket Entry 764-1 at 8-12) and Kimley-Horn Report # 2, prepared by Dean Penny (Docket Entry 764-1 at 22).

In its first amended complaint, New Bern asserts its negligence claim against "National Erectors Rebar, Inc. f/k/a National Reinforcing Systems." Furthermore, NER admits that NRS was responsible for the design of the post-tension system. Based on the merger between NRS and NER, which occurred before NER had contracted to perform any work on the SkySail Project, North Carolina law provides that NER is responsible for the work of NRS. Summary judgment would therefore not be appropriate on the plaintiff's claim of negligence on the basis of the division of duties between NRS and NER.

### III.   New Bern's Contributory Negligence

Finally, NER argues that New Bern's negligence claim is barred because New Bern was contributorily negligent, as a matter of law. "Under North Carolina law, contributory negligence generally will act as a complete bar to a plaintiff's recovery." Thompson v. Bradley, 142 N.C.App. 636, 640, 544 S.E.2d 258, 261 (2001) (citing Cobo v. Raba, 347 N.C. 541, 495 S.E.2d 362 (1998)). "Issues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment. Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted." Nicholson v. American Safety Util. Corp., 346 N.C. 767, 774, 488 S.E. 2d 240, 244 (1997) (citations omitted).

NER asserts that New Bern, through certain agents it hired to inspect and monitor the construction of the SkySail Project, including components related to the post-tension system, failed to discover the defects in the post-tension system of which it now complains. However, genuine issues of material fact still exists as to whether New Bern did discover or should have discovered

deficiencies in the post-tension system as it was monitoring the construction of the SkySail Project.

Accordingly, NER's motion for summary judgment shall be denied.

**SO ORDERED.**

**END OF DOCUMENT**