**SO ORDERED.**

**SIGNED this 26 day of September, 2014.**

_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC,<br>　　DEBTOR | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC,<br>　　Plaintiff,<br>　　v.<br>WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC.,<br>　　Defendants,<br>　　and<br>WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>　　Defendants, Counterclaimants,<br>　　Crossclaimants and Third-Party Plaintiffs,<br>　　v. | ADVERSARY PROCEEDING NO.<br>10-00023-8-AP |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER
REED PA, SKYSAIL OWNERS ASSOCIATION,
INC.; NATIONAL REINFORCING SYSTEMS,
INC., ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INC., HAMLIN ROOFING
SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.;
PERFORMANCE FIRE PROTECTION, LLC;
RANDOLPH STAIR AND RAIL COMPANY;
STOCK BUILDING SUPPLY, LLC; PLF OF
SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY; UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.;
JOHNSON'S MODERN ELECTRIC
COMPANY, INC.; and WATERPROOFING
SPECIALITIES, INC.,**
      Crossclaimants, Counterclaimants and
      Third-Party Defendants.

      and

**NATIONAL ERECTORS REBAR, INC.**
      Defendant, Counterclaimant,
      Crossclaimant and Third-Party
      Plaintiff,

      v.

**ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.**
      Third-Party Defendants.

      and

**J. DAVIS ARCHITECTS, PLLC,**
   **Third-Party Plaintiff,**

v.

**MCKIM & CREED, P.A.,**
   **Third-Party Defendant.**

   **and**

**GOURAS, INC.,**
   **Third-Party Defendant and**
   **Fourth-Party Plaintiff,**

v.

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
   **Fourth-Party Defendants.**

   **and**

**STOCK BUILDING SUPPLY, LLC,**
   **Third-Party Defendant and**
   **Fourth-Party Plaintiff,**

v.

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
   **Fourth-Party Defendant.**

### ORDER ALLOWING CARLOS O. GARCIA'S
### MOTION FOR SUMMARY JUDGMENT

Pending before the court is the motion for summary judgment filed by fourth-party defendant Carlos O. Garcia, d/b/a C.N.N.C. against Stock Building Supply, LLC ("Stock"), in its capacity as fourth-party plaintiff. The court previously entered orders allowing the motion for summary judgment filed by Stock, in its capacity as a third-party defendant, against third-party Weaver Cooke

3

Construction, LLC ("Weaver Cooke"), with respect to all claims asserted by Weaver Cooke against Stock.[1]

Each of the three claims asserted against Garcia in the third-party complaint – for equitable indemnity/contribution, for contractual indemnity, and for negligence – is derivative in nature and premised on a finding that Stock Supply is liable to Weaver Cooke. Because there are no remaining claims asserted by Weaver Cooke against Stock Supply, there is no presently viable basis for the claims set out in the fourth-party complaint against Garcia.[2]

On that ground, Garcia's motion for summary judgment is **ALLOWED**, subject to reconsideration, if necessitated by appeal.

**SO ORDERED.**

**END OF DOCUMENT**

---

[1] An order granting Stock Supply summary judgment on Weaver Cooke's claims of negligence and breach of warranty was entered on June 10, 2014. An order granting Stock Supply summary judgment on Weaver Cooke's remaining claim of indemnity was entered on August 22, 2014.

[2] Weaver Cooke has appealed both orders granting summary judgment to Stock Supply, and the court will address the content of Garcia's motion if the ultimate disposition of that appeal so requires.

4