**SO ORDERED.**

**SIGNED this 26 day of September, 2014.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC, | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC, | ADVERSARY PROCEEDING NO. |
|     Plaintiff, | 10-00023-8-AP |
| v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
| and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
| v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
  Crossclaimants, Counterclaimants and
  Third-Party Defendants.


  **and**

**NATIONAL ERECTORS REBAR, INC.**
  Defendant, Counterclaimant,
  Crossclaimant and Third-Party
  Plaintiff,

  **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
  Third-Party Defendants.

  **and**

**J. DAVIS ARCHITECTS, PLLC,**

2

  **Third-Party Plaintiff,**

  v.

**MCKIM & CREED, P.A.,**
  Third-Party Defendant.

  and

**GOURAS, INC.,**
  Third-Party Defendant and
  Fourth-Party Plaintiff,

  v.

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
  Fourth-Party Defendants.

  and

**STOCK BUILDING SUPPLY, LLC,**
  Third-Party Defendant and
  Fourth-Party Plaintiff,

  v.

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
  Fourth-Party Defendant.

## ORDER ALLOWING MOTION OF WEAVER COOKE CONSTRUCTION, LLC AND TRAVELERS CASUALTY & SURETY CO. OF AMERICA FOR SUMMARY JUDGMENT ON FOURTH CLAIM FOR RELIEF

This matter came on to be heard upon the motion of Weaver Cooke Construction, LLC ("Weaver Cooke") and Travelers Casualty and Surety Company of America ("Travelers") for summary judgment on New Bern Riverfront Development, LLC's ("New Bern") Fourth Claim for Relief, in Raleigh, North Carolina, on March 4, 2014.

In its First Amended Complaint, filed on May 6, 2010, New Bern alleges that Weaver Cooke resolved payment claims asserted by some of its subcontractors on the Project and, as a part of the resolution, obtained assignment from the settling subcontractors of their claims of lien.  New Bern further notes that Weaver Cooke had previously provided New Bern with waivers related to some of the condominium units which were the subject of the assignments.  New Bern further alleges that Weaver Cooke and Travelers failed to discharge or otherwise release these settlers' liens and that such failure impaired New Bern's ability to market the condominium unites.  Finally, New Bern states that Weaver Cooke and Travelers' failure to discharge the settling subcontractors' liens was an attempt to improperly cause duress for New Bern and cause it to compromise its claims, or to otherwise harm it financially.  New Bern First Amended Complaint ("Amended Complaint") at ¶¶ 137-145 (Docket Entry #15).

In its Fourth Claim for Relief (Wilful and Egregious Breach; Bad Faith; Breach of Covenant of Good Faith; Unfair and Deceptive Trade Practices), New Bern states that the unjustified refusal of Weaver Cooke and Travelers to cancel the settling subcontractors' claim of liens which were assigned to them was wrongful, and constituted an unlawful attempt to extort funds from New Bern, and to exert improper financial duress against it, thus constituting an unfair and deceptive trade practice under Chapter 75 of the North Carolina General Statutes.  Amended Complaint at ¶¶ 187-198.  The court interprets New Bern's allegations in support of its unfair and deceptive trade practices claim, from the plain language of the Amended Complaint, as related solely to Weaver Cooke's action or inaction regarding the settling subcontractors' claims of lien.

Weaver Cooke and Travelers advance five reasons why it (Weaver Cooke) did not commit an unfair and deceptive practice: 1) the assignment of the settling subcontractors' lien rights was a

nullity since Weaver Cooke had already waived those rights; 2) Weaver Cooke did in fact discharge or cancel all the liens of the settling subcontractors; 3) there are no aggravating circumstances; 4) the alleged breach is not an act in or affecting commerce; and 5) there is no evidence of injury. Weaver Cooke and Travelers argue that its failure to discharge the settling subcontractors' lien rights was not unfair or deceptive because those lien rights had already been waived by Weaver Cooke. Weaver Cooke asserts that despite the unenforceability of the settling subcontractors' lien rights, it in fact did affirmatively discharge or cancel the settling subcontractors' assigned lien rights. Weaver Cooke further alleges that despite the depositions of five Weaver Cooke employees and two New Bern principals, there is no evidence that it accepted the assignments of the settling subcontractors' lien rights to extort funds from New Bern, and proffers a non-nefarious reason for obtaining the assignments: Namely, to ensure that the settling subcontractors had no outstanding legal rights or claim that they could later assert against Weaver Cooke, Travelers, or the Property. Finally, Weaver Cooke argues that the wrongful conduct alleged by New Bern was not in or affecting commerce, and that New Bern has forecast no evidence of damages.

New Bern's memorandum in opposition to the summary judgment motion states that "Weaver Cooke committed two egregious and petulant acts that qualify as 'unfair' and 'deceptive' because (1) without any basis, they did not timely discharge the ECM lien; and (2) without any basis, [they] filed a lien for $2,353,270.22." New Bern Mem. in Opp. to Mot. for Sum J. ("New Bern Mem.") at 10. The court can make quick work of the second alleged operative fact. Nowhere in New Bern's Amended Complaint does it make mention of the $2,353,270.22 lien filed by Weaver Cooke. It can therefore not provide a basis for its claims. Similarly, the alleged failure to timely discharge the ECM lien cannot provide a basis for New Bern's unfair and deceptive trade practices

5

claim because there is no evidence that the failure to cancel that lien caused any damage to New Bern. The deposition transcript portions cited by New Bern to show the effect of undischarged liens on its marketing efforts all related to the lien filed by Weaver Cooke – i.e., the lien that is not even mentioned in the Amended Complaint – *not* the liens filed by the settling subcontractors.[1] See New Bern Mem. Exs. K, J.

Inasmuch as the determination of whether an act or practice is unfair or deceptive is a question of law for the court, the court finds that the acts alleged by New Bern do not constitute unfair or deceptive trade practices as a matter of law. See Harty v. Underhill, 710 S.E.2d 327 (N.C. App. 2011). Accordingly, summary judgment therefore is **ALLOWED** on behalf of Weaver Cooke and Travelers as to New Bern's Fourth Claim for Relief.

**SO ORDERED.**

**END OF DOCUMENT**

---

[1] The court attributes the selection of deposition excerpts to a series of unfortunate and careless oversights by New Bern, and not to any effort to misrepresent the substance of the testimony.