**SO ORDERED.**

**SIGNED this 26 day of September,2014.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-10340-8-SWH** |

**NEW BERN RIVERFRONT DEVELOPMENT, LLC**
      **DEBTOR**

| | |
|---|---|
| **NEW BERN RIVERFRONT DEVELOPMENT, LLC** | **ADVERSARY PROCEEDING NO.** |
|     **Plaintiff** | **10-00023-AP** |

    **v.**

**WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; J. DAVIS
ARCHITECTS, PLLC; FLUHRER REED PA;
and NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS, INC.,**
      **Defendants,**

      **and**

**WEAVER COOKE CONSTRUCTION, LLC;
and TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,**
      **Defendants, Counterclaimants,**
      **Crossclaimants and Third-Party Plaintiffs,**

**v.**

J. DAVIS ARCHITECTS, PLLC, FLUHRER
REED PA, SKYSAIL OWNERS ASSOCIATION,
INC.; NATIONAL REINFORCING SYSTEMS,
INC., ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INC., HAMLIN ROOFING
COMPANY, INC.; HAMLIN  ROOFING
SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.;
PERFORMANCE FIRE PROTECTION, LLC;
RANDOLPH STAIR AND RAIL COMPANY;
STOCK BUILDING SUPPLY, LLC; PLF OF
SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY; UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.;
JOHNSON'S MODERN ELECTRIC
COMPANY, INC.; and WATERPROOFING
SPECIALITIES, INC.,

       Crossclaimants, Counterclaimants and
       Third-Party Defendants.


       and

NATIONAL ERECTORS REBAR, INC.
       Defendant, Counterclaimant,
       Crossclaimant and Third-Party
       Plaintiff,

       v.

ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.
       Third-Party Defendants.

       and

**J. DAVIS ARCHITECTS, PLLC,**
         **Third-Party Plaintiff,**

         **v.**

**MCKIM & CREED, P.A.,**
         **Third-Party Defendant.**

         **and**

**GOURAS, INC.,**
         **Third Party Defendant and**
         **Fourth-Party Plaintiff,**

         **v.**

**RAFAEL HERNANDEZ, JR., CARLOS
CHAVEZ d/b/a CHAVEZ DRYWALL,
5 BOYS, INC. and ALEX GARCIA
d/b/a/ JC 5,**
         **Fourth-Party Defendants.**

         **and**

**STOCK BUILDING SUPPLY, LLC,**
         **Third-Party Defendant and**
         **Fourth-Party Plaintiff,**

         **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
         **Fourth-Party Defendant.**

**ORDER DENYING SUMMARY JUDGMENT
ON CONTRIBUTORY NEGLIGENCE DEFENSE
ASSERTED BY EAST CAROLINA MASONRY, INC.**

This matter came on to be heard upon the motion for summary judgment filed by East

Carolina Masonry, Inc. ("ECM") regarding the third party complaint of Weaver Cooke Construction,

LLC ("Weaver Cooke"), in Raleigh, North Carolina, on March 5, 2014.  The court has previously

entered orders regarding ECM's motion for summary judgment and this order shall address ECM's remaining argument that Weaver Cooke's negligence claim is barred by the doctrine of contributory negligence.

## BACKGROUND

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project and Weaver Cooke was the Project's general contractor. The background facts and chronology of the pleadings have been recounted in numerous orders and opinions entered in this case and are incorporated herein.

On June 14, 2012, Weaver Cooke filed its second, third-party complaint asserting claims of negligence, contractual indemnity and breach of express warranty against many of the subcontractors Weaver Cooke hired during the construction of the SkySail Project, including ECM. ECM filed an answer to Weaver Cooke's second, third-party complaint on August 9, 2012, asserting numerous defenses, including contributory negligence.

On December 20, 2013, ECM filed a motion for summary judgment regarding all three causes of action alleged by Weaver Cooke. As grounds for summary judgment, ECM argues that: (1) the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty; (2) the economic loss rule bars Weaver Cooke's negligence claim; (3) Weaver Cooke's contractual indemnity claim is barred by N.C. Gen. Stat. § 22B-1; and, (4) Weaver Cooke's negligence claim is barred by the doctrine of contributory negligence. This order shall address

4

EMC's remaining argument that Weaver Cooke's negligence claim is barred by its contributory negligence.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

"Under North Carolina law, contributory negligence generally will act as a complete bar to a plaintiff's recovery." Thompson v. Bradley, 142 N.C.App. 636, 640, 544 S.E.2d 258, 261 (2001) (citing Cobo v. Raba, 347 N.C. 541, 495 S.E.2d 362 (1998)). "Issues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment. Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted. " Nicholson v. American Safety Util. Corp., 346 N.C. 767, 774, 488 S.E. 2d 240, 244 (1997) (citations omitted).

Weaver Cooke subcontracted with ECM to install the Project's brick veneers, which included work related to joint reinforcing, brick wall ties, grout, thru-wall flashing and mortar netting. Based on the court's ruling regarding ECM's economic loss defense, Weaver Cooke's negligence claim is

limited to ECM's alleged defective installation of the thru-wall flashing and mortar netting.[1] Thru-wall flashing is attached to shelf angles, behind the brick veneer and is used to divert moisture that entered the space between the building and the veneer, to the outside of the veneer. Mortar netting is a spongy type of netting installed on top of the flashing and behind the veneer to ensure unimpeded drainage through the flashing to the outside of the veneer.

ECM argues that Weaver Cooke's failure to adequately manage, supervise and sequence the construction at the Project, including ECM's installation of the thru-wall flashing and mortar netting, has contributed to the defects of which it now complains. ECM offers the testimony of certain management level employees of Weaver Cooke who supervised the work on the Project and testify, generally, that they had a responsibility to supervise the work on the Project and believe that they would have detected any defects in the work of the subcontractors.[2] ECM argues that by failing to identify the defects in its work, Weaver Cooke necessarily must have been negligent. However, the defects related to the thru-wall flashing and mortar netting would have been concealed behind the brick veneer once it was built, potentially limiting its discovery. In addition, David Cline, Weaver Cooke's assistant project manager, testified that he did not recall seeing any issues with the mortar netting or missing shelf angles (which would result in missing thru-wall flashing).[3] Finally, Weaver

---

[1] See *Order Partially Granting and Partially Denying Summary Judgment Regarding Economic Loss Defense Asserted by East Carolina Masonry, Inc.* (Docket Entry 935).

[2] The summary of this evidence can be found in *Third-Party Defendant East Carolina Masonry's Memorandum of Law in Support of its Motion for Summary Judgment* (Docket Entry 686 at 23-31).

[3] See deposition of David Cline at 39-40, 83-83 (as found in Docket Entry 686-4 at 134 (mortar netting); Docket Entry 808 at 30-31 (missing shelf angles)).

Cooke maintains that it was not until it received the report of New Bern's expert, George Barbour, that it was aware of the alleged defects in ECM's work.

The court finds that genuine issues of material fact still exist as to whether Weaver Cooke was negligent in failing to identify the defects in ECM's work of which it now complains. Accordingly, ECM's motion for summary judgment on its contributory negligence defense shall be denied.

**SO ORDERED.**

**END OF DOCUMENT**