**SO ORDERED.**

**SIGNED this 29 day of September, 2014.**

_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

___

S UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-8-AP |
|     v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC.; | |
|     Defendants | |
|     and | |
| J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN | |

**GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURRENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INCORPORATED, HAMLIN ROOFING COMPANY, INC., HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC. PERFORMANCE FIRE PROTECTION, LLC, RANDOLPH STAIR AND RAIL COMPANY, STOCK BUILDING SUPPLY, LLC, PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY, UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC. WATERPROOFING SPECIALITIES, INC., and JOHNSON'S MODERN ELECTRIC COMPANY, INC.,**
  Crossclaim, Counterclaim and
  Third-Party Defendants.

  and

**NATIONAL ERECTORS REBAR, INC.**
  Defendant, Counterclaimant,
  Crossclaimant and Third-Party
  Plaintiff

  v.

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
  Third-Party Defendants.

  and

**J. DAVIS ARCHITECTS, PLLC,**
  Third-Party Plaintiff

  v.

**MCKIM & CREED, P.A.,**
    **Third Party Defendant**

    **and**

**GOURAS, INCORPORATED**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff**

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5**
    **Fourth-Party Defendants**

    **and**

**STOCK BUILDING SUPPLY, LLC**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

### ORDER DENYING NATIONAL ERECTORS REBAR, INC.'S MOTION FOR SUMMARY JUDGMENT ON CROSSCLAIM FOR BREACH OF CONTRACT AGAINST WEAVER COOKE

Pending before the court is the motion of National Erectors Rebar, Inc. ("NER") for summary judgment as to the crossclaim it asserts against Weaver Cooke Construction, LLC ("Weaver Cooke"), for breach of contract.

The facts and background relevant to this order also were set forth in this court's order of September 23, 2014, in which the court denied NER's motion for summary judgment on Weaver Cooke's claims against NER for negligence and professional negligence, and rejected NER's argument that the economic loss rule applied. In that order, the court also discussed the significance

3

of the 1996 merger between NER and National Reinforcing Systems, Inc. ("NRS"), and specifically rejected an argument that NER advanced in support of this motion as well:

> According to NER, it was actually NRS who contracted with Weaver Cooke to design the post-tension system and NER contracted with Weaver Cooke only to install the post-tension system. However this distinction is pedantic because in July of 2006, NRS merged into NER, and NER was designated as the surviving entity. As a result of the merger, the separate entity of NRS ceased to exist and NER assumed all of NRS's liabilities. N.C. Gen. Stat. §§ 55-11-06(a)(1), (3) (2013).

*Order Denying National Erector Rebar Inc.'s Mot. for Sum. J.* at 6 n.3 (Sept. 23, 2014) (Docket Entry 941); see also *Order Granting National Reinforcing Systems, Inc.'s Mot. for Sum. J.* (Sept. 10, 2014) (Docket Entry 923) (granting NRS motion for summary judgment on grounds that NRS was not a proper party and stating that Weaver Cooke's third-party complaint against it must be dismissed).

With respect to the instant motion, NER contends that the matter is relatively simple: NER asserts that it completed its scope of work on the Project, which was limited only to installation (not design, which was in the scope of work for NRS) of the post-tension concrete system, then submitted a final bill for payment to Weaver Cooke. NER asserts that it has not been provided payment, and lacking that explanation or basis for failing to withhold final payment, Weaver Cooke is in breach of contract.

In response, Weaver Cooke cites both the significance of the merger of NER with NRS (which NER does not acknowledge) and multiple provisions of the parties' subcontracts addressing the circumstances in which Weaver Cooke may offset an amount owed to NER with regard to corrective work performed as a result of NER's alleged negligence. As to this, Weaver Cooke notes its crossclaim against NER for costs, damages and expenses of $230,627.90 in analysis and repair work done by the Mikula Group, Inc. Weaver Cooke Mem. in Resp. to Mot. for Sum. J. at 4, 7-8

& Exs. 1, 2. Moreover, Weaver Cooke asserts that it does not owe the amount of $46,012.40 to NER as claimed, but that its accounts reflect an unpaid balance due to NRS (as opposed to NER) in the amount of $43,350.66.

It is readily apparent that there are material issues of fact in dispute with regard to the competing payment responsibilities of NER and Weaver Cooke, and also in connection with the ramifications of the NER-NRS merger. Accordingly, NER's motion for summary judgment on its crossclaim against Weaver Cooke for breach of contract is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**