**SO ORDERED.**

**SIGNED this 29 day of
September,2014.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                    CASE NO. 09-10340-8-SWH

**NEW BERN RIVERFRONT DEVELOPMENT,
LLC,**
      **DEBTOR**


**NEW BERN RIVERFRONT DEVELOPMENT,
LLC,**
      **Plaintiff,**                         ADVERSARY PROCEEDING NO.

      **v.**                                            **10-00023-8-AP**

**WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; J. DAVIS
ARCHITECTS, PLLC; FLUHRER REED PA;
and NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS, INC.,**
      **Defendants,**

      **and**

**WEAVER COOKE CONSTRUCTION, LLC;
and TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,**
      **Defendants, Counterclaimants,
      Crossclaimants and Third-Party Plaintiffs,**

**v.**

**J. DAVIS ARCHITECTS, PLLC, FLUHRER
REED PA, SKYSAIL OWNERS ASSOCIATION,
INC.; NATIONAL REINFORCING SYSTEMS,
INC., ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INC., HAMLIN  ROOFING
SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.;
PERFORMANCE FIRE PROTECTION, LLC;
RANDOLPH STAIR AND RAIL COMPANY;
STOCK BUILDING SUPPLY, LLC; PLF OF
SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY; UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.;
JOHNSON'S MODERN ELECTRIC
COMPANY, INC.; and WATERPROOFING
SPECIALITIES, INC.,**
       **Crossclaimants, Counterclaimants and
       Third-Party Defendants.**


       **and**

**NATIONAL ERECTORS REBAR, INC.**
       **Defendant, Counterclaimant,
       Crossclaimant and Third-Party
       Plaintiff,**

       **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.**
       **Third-Party Defendants.**

       **and**

**J. DAVIS ARCHITECTS, PLLC,**

2

**Third-Party Plaintiff,**

 **v.**

**MCKIM & CREED, P.A.,**
 **Third-Party Defendant.**

 **and**

**GOURAS, INC.,**
 **Third-Party Defendant and**
 **Fourth-Party Plaintiff,**

 **v.**

**RAFAEL HERNANDEZ, JR., CARLOS**
**CHAVEZ d/b/a CHAVEZ DRYWALL,**
**5 BOYS, INC. and ALEX GARCIA**
**d/b/a/ JC 5,**
 **Fourth-Party Defendants.**

 **and**

**STOCK BUILDING SUPPLY, LLC,**
 **Third-Party Defendant and**
 **Fourth-Party Plaintiff,**

 **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
 **Fourth-Party Defendant.**

### ORDER DENYING MOTION OF
### TRAVELERS CASUALTY & SURETY CO. OF AMERICA FOR PARTIAL
### SUMMARY JUDGMENT ON PLAINTIFF'S FIRST SUPPLEMENTAL COMPLAINT

 Pending before the court is the motion for summary judgment filed by Travelers Casualty

and Surety Company of America ("Travelers") on the first supplemental complaint of plaintiff New

Bern Riverfront Development, LLC's ("New Bern").  The matter came on for hearing on March 3,

2014, in Raleigh, North Carolina.

Travelers moves for summary judgment on grounds that plaintiff New Bern's First Supplemental Complaint, which was filed on June 8, 2012, was "filed beyond the two-year period allowed under Paragraph 9 [of Traveler's Performance Bond for the Project], and thus was untimely." Travelers Mot. for Partial Sum. J. on Plaintiff's First Supp. Clt. ("Travelers Mot.") at ¶ 5. In support of this assertion, Travelers cites the contractual time limitation in the performance bond it issued for the SkySail condominiums project, which provides as follows in paragraph 9:

> *Any proceeding*, legal or equitable under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and *shall be instituted within two years* after Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provision of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of this suit shall be applicable.

Id. at ¶¶ 1-2 (emphasis by the court). According to Travelers, Weaver Cooke ceased work on the Project on December 15, 2008, New Bern declared Weaver Cooke in default on March 6, 2009, and Travelers denied liability under the Bond on June 8, 2009. Thus, the two-year period began to run on December 15, 2008, such that pursuant to the terms of the Bond, any action brought under it would need to be "instituted" prior to December 15, 2010.

New Bern's First Amended Complaint was filed on May 6, 2010. In it, New Bern alleges that Weaver Cooke breached the construction contract in multiple ways, including:

> k. failing to properly construct the balconies of certain condominium units in the Project;
>
> l. failing to properly construct the Project buildings in a manner preventing water intrusion, which is causing damage and the potential for significant mold problems in the residential units as well as in the common areas ...

New Bern First Amended Complaint ¶ 150.

In its motion, Travelers asserts that the First Amended Complaint did not serve to put it on notice of "any of the conditions identified in the Catalogue of Issues attached as Exhibit 1 to the First Supplemental Complaint, other than the Default Issues." Travelers Mem. in Support of Mot. ("Travelers Mem.") at 15.[1]  Instead, Travelers contends, the First Amended Complaint focuses primarily on the post-tensioning system, swimming pool, and the garage and pool decks, such that the conditions addressed in Exhibit 1 to the First Supplemental Complaint (which derive from what the parties refer to as "the Barbour Report") were essentially new and thus untimely with regard to it.  In particular, it argues, "the mere use of the word 'water intrusion' in one subparagraph to one of 203 paragraphs in the First Amended Complaint cannot be said to adequately describe the wide variety and range of new conditions contained in the Barbour Catalogue of Issues attached to the First Supplemental Complaint." Travelers Mem. at 18.  In sum, Travelers construes paragraph 9 of the Bond to require not only that any *proceeding* be instituted within two years, but that *all claims against it* be lodged in some formal capacity within that two-period; in other words, that the contractual term operates as a statute of limitation.  Further, Travelers contends that it "has been prejudiced by the late assertion of the new claims set out in the Supplemental Complaint.  Travelers had no opportunity to investigate the new claims within the two-year period prescribed in Paragraph 9 of the Performance Bond and to protect its subrogation rights by asserting timely claims against subcontract performance bonds."  Travelers Mem. Ex. A ¶ 15 (Affidavit of Kelly C. Perry).

---

[1]The "Default Issues" to which Travelers refers are the construction related problems that were first advanced as the bases upon which New Bern declared Weaver Cooke to be in default, and include blowouts in the post-tensioning system and cracking in the pool and parking deck. New Bern's allegations with respect to those problems also are set out in the First Amended Complaint, separately from the allegations pertaining to the construction of the balconies and issues with water intrusion.  New Bern First Amended Complaint ¶ 150.

In response, New Bern makes the following points: 1) that the First Amended Complaint was timely per the terms of the Bond, and specifically sought damages for the faulty construction of balconies and water intrusion throughout Project buildings, among other things; 2) that Travelers (with Weaver Cooke) filed a notice stating its lack of opposition to New Bern's motion for leave to file the Supplemental Complaint; 3) that the Twombly/Iqbal argument advanced by Travelers pertains to the standards for a motion to dismiss, not a motion for summary judgment; 4) that, in any event, the content of the Supplemental Complaint also could relate back to the First Amended Complaint pursuant to Rule 15(c)[2]; and 5) that Travelers incurred no prejudice in connection with the filing of the Supplemental Complaint.

In reply to these arguments, Travelers asserts that its failure to oppose the supplemental complaint is essentially of no consequence because it was not required, in the context of a Rule 15(d) motion to supplement, to present its arguments with respect to whether those supplements to the complaint also would relate back, under Rule 15(c), to the date of the First Amended Complaint for purposes of complying with Travelers' two-year limitation in the Bond. The court agrees with New Bern on all points. First, the single case cited by Travelers in support of its "untimeliness" argument, Pineville v. Atkinson, 442 S.E.2d 73 (N.C. App. 1994), involved a party that filed suit *after* expiration of the two-year period set out in the parties' bond agreement, and thus involves inapposite facts. Here, it is undisputed that the First Amended Complaint was timely, and it also is readily apparent that the Bond itself requires only that a "proceeding" shall "be

---

[2] New Bern's motion for leave to file a supplemental complaint under Rule 15(d) cites what it perceived to be scheduling advantages inherent in proceeding with a supplemental complaint, as opposed to an amended complaint under Rule 15(c). New Bern's Motion for Leave to Amend Pleadings (May 1, 2012) (Docket Entry 320).

instituted."   Travelers, however, contends that all possible *claims* are subject to this "absolute outside limit." Travelers Mem at 14.   That is not what the Bond says.   As Travelers itself points out, this two-year limitation is a creature of contract, such that the parties are "free to contract for any terms they so desire, and are presumed competent to do so."   Travelers Mem. at 13 (quoting Pineville, 442 S.E.2d at 74).   There is no plausible basis upon which the court could interpret this language in the manner advanced by Travelers.

Because the two-year limitation does not operate in the way Travelers' contends, there is no basis upon which it can attempt to require New Bern to establish that the content of its Supplemental Complaint "relates back" to the date of the First Amended Complaint.   And, as to that, Travelers cannot now challenge the claims set out in the Supplemental Complaint or assert that it is prejudiced in any way.   There are ample indications that Travelers was on notice of the water intrusion issue (not least of which was the allegation in the First Amended Complaint of damages ensuing from water intrusion), including Travelers' receipt of warranty lists detailing these issues and its participation through counsel in on-site inspections as detailed in New Bern's memorandum.   New Bern Mem. at 16-19.

Finally, together with Weaver Cooke,  Travelers is on record as having no objection to New Bern's motion for leave to file the Supplemental Complaint:

> Weaver Cooke and Travelers do not oppose NBRD's [New Bern's] Motion for Leave to File Supplemental Complaint, provided Weaver Cooke and Travelers are afforded a reasonable time to respond to the Supplemental Complaint as provided in Rule 15(d); Weaver Cooke's Motion for Leave to File Second Third-Party Complaint is allowed; and the Scheduling Order in this matter is adjusted so as to allow the new third-party defendants a reasonable opportunity to prepare for and defend the claims being asserted against them in Weaver Cooke's Third-Party Complaint, without prejudice.

Response of Defendants Weaver Cooke Const. Co. and Travelers to Plaintiff New Bern's Response to the Court's Directive at the April 23, 2012 Hearing and Motion for Leave to File Supp. Complaint Pursuant to Rule 15(d) at 7 (May 14, 2012) (Docket Entry 333).

This response was filed *after* Travelers, through counsel, participated in the April 23, 2014 hearing, at which the court required that the parties address the specific question of whether the issues outlined in the Barbour Report and presented in the Catalogue of Issues came within scope of the Amended Complaint. Travelers' response to that directive was to state its lack of opposition to the First Supplemental Complaint, and it has articulated no basis upon which it can now circle back to rethink it.

For the foregoing reasons, summary judgment is **DENIED** as to Travelers' Motion for Partial Summary Judgment as to New Bern's First Supplemental Complaint.

**SO ORDERED.**

**END OF DOCUMENT**