**SO ORDERED.**

**SIGNED this 29 day of September, 2014.**

_____
  **Stephani W. Humrickhouse
  United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-AP |
| v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | |
|     Defendants, | |
| and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
| v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
      **Crossclaimants, Counterclaimants and Third-Party Defendants.**

      **and**

**NATIONAL ERECTORS REBAR, INC.**
      **Defendant, Counterclaimant, Crossclaimant and Third-Party Plaintiff,**

      **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
      **Third-Party Defendants.**

      **and**

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS
CHAVEZ d/b/a CHAVEZ DRYWALL,
5 BOYS, INC. and ALEX GARCIA
d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

## ORDER DENYING JMW CONCRETE
## CONTRACTORS' MOTION FOR SUMMARY JUDGMENT

This matter came on to be heard upon the motion for summary judgment filed by JMW Concrete Contractors ("JMW") regarding the third party complaint of National Erectors Rebar, Inc. ("NER"), in Raleigh, North Carolina, on June 2, 2014.

**BACKGROUND**

This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina (the "SkySail Project" or the "Project"). New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Project and Weaver Cooke Construction, LLC ("Weaver Cooke") was the Project's general contractor. The background facts and chronology of the pleadings have been recounted in numerous orders and opinions entered in this case and are incorporated herein.

In September 2006, NER contracted with Weaver Cooke to provide the design, labor, equipment and materials necessary for the installation of the post-tension concrete system at the SkySail Project.[1] The post-tension concrete system is a series of cables embedded in concrete structures integrated into the Project to provide structural support. During construction of the Project, the concrete fractured due to the displacement of post-tension cables in several sections of the post-tension system. These fractures and displacements are known as "blowouts," and have allegedly caused cracks in the parking deck, the pool, the courtyard and areas within the main building, and have caused other damages to several different areas of the Project. New Bern and Weaver Cooke have both asserted claims against NER, alleging that NER's design and installation of the post-tension system was defective and caused or contributed to the blowouts.

---

[1] According to NER, it was actually NRS who contracted with Weaver Cooke to *design* the post-tension system and NER contracted with Weaver Cooke only to *install* the post-tension system. However, according to the Articles of Merger filed with the North Carolina Secretary of State on July 12, 2006, NRS merged into NER, and NER was designated as the surviving entity. As a result of the merger, the separate entity of NRS ceased to exist and NER assumed all of NRS' liabilities. N.C. Gen. Stat. §§ 55-11-06(a)(1), (3) (2013).

On July 6, 2010, NER filed a third-party complaint against multiple parties, including JMW. In its third-party complaint, NER asserts claims of negligence, indemnity and contribution against JMW, alleging that JMW's work caused or contributed to two of the blowouts that occurred at the Project.[2]  JMW filed a motion to dismiss NER's complaint on August 6, 2010, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on other grounds.  The court denied JMW's motion to dismiss in an order entered October 5, 2011.  JMW filed an answer to NER's third-party complaint on October 19, 2011.

On December 20, 2013, JMW filed a motion for summary judgment regarding NER's claims. As grounds for summary judgment, JMW argues that: (1) NER has not made a sufficient showing to establish a direct negligence claim against JMW; and, (2) NER's claims are is barred by the economic loss rule.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)).  In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party.  United States v. Diebold, Inc.,

---

[2] Although NER only asserts a negligence cause of action against JMW, within its negligence claim, NER declares that it also seeks indemnity and contribution from JMW to the extent that it is found liable for any damages which JMW is responsible. See *Defendant National Erectors Rebar Inc.'s Answer to Cross-Claim of Weaver Cooke Construction, L.L.C.* at 40 (Docket Entry 61-1 at 17).

369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.

Weaver Cooke contracted with JMW to pour the concrete for the Project's post-tensioned elevated slabs. However, the only post-tensioned elevated slab poured by JMW was in "pour 1A" on April 12, 2007. Thereafter, JMW was terminated by Weaver Cooke on April 19, 2007, and JMW did not perform any work on the Project after April 19, 2007. Five blowouts occurred at the SkySail Project in total, two of which were in pour 1A, where JMW poured the concrete. The remaining blowouts occurred in areas where concrete was poured after JMW had stopped working on the Project. NER has alleged that JMW's work caused or contributed to the blowouts in pour 1A and JMW is therefore responsible for the resulting damages.

### I.    JWM's Argument that NER has failed to produce any evidence of damages

JMW first argues that NER has not produced any evidence that it incurred direct repair costs as a result of work performed by JMW and therefore, NER cannot maintain its negligence cause of action against JMW. However it is not necessary for NER to produce evidence that *it* incurred direct repair costs in order to maintain its negligence claim. NER has alleged that JMW's work caused or contributed to the extensive damages on the Project that resulted from the blowouts, and for which NER is potentially liable. In addition, NER cites to evidence which it claims creates a genuine issue of material fact as to whether JMW is responsible for those damages. Robert Moore, a professional engineer retained by New Bern, opines that there is significant evidence that the initial consolidated pours (which were performed by JMW) resulted in poorly consolidated concrete and that this

increased the potential for post-tension blowouts.[3] Martin Mikula, an expert retained by Weaver Cooke, asserts that the concrete placement and consolidation in pour 1A were suspect and identified this defect as a "reason" for the blowouts at that location.[4] NER has produced sufficient evidence to create a genuine issue of material fact as to whether JMW is responsible for the damages caused by the blowouts at the SkySail Project. Accordingly JMW's motion for summary judgment on that defense shall be denied.

## II.   JMW's Economic Loss arguemnt

JMW also argues that, due to its contract with Weaver Cooke, NER's negligence claim is barred by the economic loss rule, as is recognized by the North Carolina Supreme Court in N.C. State Ports Authority v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 240 S.E. 2d, 345 (1978). However, in analyzing the negligence claims asserted by other parties in this case regarding the post-tension blowouts, the court has determined that those claims were properly brought under an exception to the economic loss rule, specifically that the claims alleged damage to property other than that which was the subject of the underlying contract.[5] Similarly, JMW's contract with Weaver Cooke related to pouring concrete on the Project's post-tensioned elevated slabs and NER alleges that JMW's defective work caused damage to other parts of the Project, including the parking deck and the

---

[3] See Exhibit 8, SkySail Luxury Condominiums - Post-Tensioning Review, prepared by Robert R. Moore, IV (Docket Entry 755-8 at 3-4, 6).

[4] See Exhibit 4 (Docket Entry 755-4).

[5] See *Order* (Docket Entry 169) (regarding NER's economic loss argument in the context of its motion to dismiss New Bern's claims); *Order Denying National Erectors Rebar Inc.'s Motion for Summary Judgment* (Docket Entry 941) (as to New Bern's claims).

swimming pool.[6]  NER's claims against JMW are properly brought under an exception to the economic loss rule as they allege damage to property other than that which was the subject of JMW's contract with Weaver Cooke.  Finally, sufficient evidence exists to create a genuine issue of material fact as to whether that exception to the economic loss rule applies.[7]  Accordingly, JMW's motion for summary judgment shall be denied.

**SO ORDERED.**

**END OF DOCUMENT**

---

[6] New Bern has alleged that NER is responsible for these damages (See Docket Entry 15 at 14, 32) and NER, in turn, asserts that JMW is the responsible party (See Docket Entry 61-1 at 16).

[7] See *Order Denying National Erectors Rebar Inc.'s Motion for Summary Judgment* (Docket Entry 941 at 6-8).