**SO ORDERED.**

**SIGNED this 13 day of March, 2015.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                              CASE NO. 09-10340-8-SWH

**NEW BERN RIVERFRONT DEVELOPMENT,**
**LLC**
     **DEBTOR**


**NEW BERN RIVERFRONT DEVELOPMENT,**          ADVERSARY PROCEEDING NO.
**LLC**
     **Plaintiff**                                 **10-00023-AP**

     **v.**

**WEAVER COOKE CONSTRUCTION, LLC;**
**TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA; J. DAVIS**
**ARCHITECTS, PLLC; FLUHRER REED PA;**
**and NATIONAL ERECTORS REBAR, INC. f/k/a**
**NATIONAL REINFORCING SYSTEMS, INC.;**

     **Defendants**

     **and**

**J. DAVIS ARCHITECTS, PLLC, FLUHRER**
**REED PA, SKYSAIL OWNERS ASSOCIATION,**
**INC.; NATIONAL REINFORCING SYSTEMS,**
**INC., ROBERT P. ARMSTRONG, JR., ROBERT**
**ARMSTRONG, JR., INC., SUMMIT DESIGN**

GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURRENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INCORPORATED, HAMLIN
ROOFING COMPANY, INC., HAMLIN
ROOFING SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.
PERFORMANCE FIRE PROTECTION, LLC,
RANDOLPH STAIR AND RAIL COMPANY,
STOCK BUILDING SUPPLY, LLC, PLF OF
SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY, UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.
WATERPROOFING SPECIALITIES, INC.,
and JOHNSON'S MODERN ELECTRIC
COMPANY, INC.,
     Crossclaim, Counterclaim and
     Third-Party Defendants.

     and

NATIONAL ERECTORS REBAR, INC.
     Defendant, Counterclaimant,
     Crossclaimant and Third-Party
     Plaintiff

     v.

ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.
     Third-Party Defendants.

     and

J. DAVIS ARCHITECTS, PLLC,
     Third-Party Plaintiff

     v.

MCKIM & CREED, P.A.,

**Third Party Defendant**

**and**

**GOURAS, INCORPORATED**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff**

**RAFAEL HERNANDEZ, JR., CARLOS**
**CHAVEZ d/b/a CHAVEZ DRYWALL,**
**5 BOYS, INC. and ALEX GARCIA**
**d/b/a/ JC 5**
    **Fourth-Party Defendants**

**and**

**STOCK BUILDING SUPPLY, LLC**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

## ORDER REGARDING MOTION TO CLARIFY

This matter came on to be heard upon the motion of Waterproofing Specialties, Inc. ("WSI") seeking clarification of whether any of the claims asserted against it by Weaver Cooke Construction, LLC ("Weaver Cooke") are still pending, or whether all such claims were extinguished pursuant to the court's previously entered summary judgment orders. A hearing was held on January 20, 2015 in Raleigh, North Carolina.

## BACKGROUND

The background facts and chronology of the pleadings in this case are recounted in numerous orders and opinions and are incorporated herein. Weaver Cooke brought WSI into this lawsuit by

3

asserting claims against it for negligence, contractual indemnity and breach of express warranty. Weaver Cooke's Second Third-Party Complaint, Doc. No. 345. Subsequently, WSI filed a motion for summary judgment against Weaver Cooke, contending that "Weaver Cooke's [S]econd Third-Party Complaint should be dismissed as to WSI *in its entirety*." WSI's Motion for Summary Judgment, Doc. No. 704 at 3 (emphasis added). The court resolved WSI's motion in two separate orders. The first summary judgment order, entered August 27, 2014, granted WSI summary judgment on Weaver Cooke's claims for negligence and breach of express warranty to the extent that such claims related to "balcony sequencing defects" and "brick veneer sequencing defects," finding that such claims were barred by the statute of limitations ("First Order"). Order on Summary Judgment Regarding Statute of Limitations Defense, Doc. No. 904 at 13. The First Order also granted WSI summary judgment as to its application of concealed waterproofing and traffic coating on the project's parking deck and pool deck on the ground that there was no issue of genuine fact regarding WSI's responsibility for defects on the decks. Doc. No. 904 at 17. The court's second order granted WSI summary judgment with respect to Weaver Cooke's indemnity claim ("Second Order"). Order Allowing Motion for Summary Judgment on Indemnity Claim, Doc. No. 955 at 24.

WSI filed the instant motion seeking clarification that the First Order and the Second Order extinguished all pending claims against it. WSI's Motion for Clarification on Summary Judgment Orders Entered by the Court, Doc. No. 1101. WSI contends that it sought summary judgment on all claims asserted by Weaver Cooke arising out of alleged defects caused by WSI, i.e., sequencing defects and pool and parking deck cracks. WSI argues that Weaver Cooke's failure to highlight any other areas of defective work in its responsive memorandum or at the hearing bars Weaver Cooke

4

from recovering as to any other defects. As such, WSI asserts that the court's First Order and Second order resolved all outstanding claims against it.

Weaver Cooke, on the other hand, asserts that not all claims against WSI were resolved by the court's summary judgment orders. Weaver Cooke's Memo in Response to WSI's Motion for Clarification, Doc. No. 1112. According to Weaver Cooke, the court's orders only addressed traffic coating defects, and did not resolve its claims arising out of the defects associated with WSI's application of concealed waterproofing and its installation of expansion joints. Furthermore, Weaver Cooke argues that since WSI did not specifically raise arguments regarding those defects in its summary judgment motion, Weaver Cooke did not have an obligation to address them, and thus could not have waived claims based on them.

## DISCUSSION

WSI's motion for clarification is brought under Rule 60(a) of the Federal Rules of Civil Procedure. Rule 60(a) of the Federal Rules of Civil Procedure provides that:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

Fed. R. Civ. P. 60(a). However, Rule 60 only applies to final judgments, while the orders at issue were interlocutory. Thus, the court will treat WSI's motion as one under Rule 54(b), which provides that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.
> Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054.

For the court to resolve the matter at hand, it must compare the allegations in Weaver Cooke's pleadings with the matters decided in the First and Second Orders, specifically as they relate

5

to WSI's application of concealed waterproofing and installation of expansion joints. Weaver Cooke's Second Third-Party Complaint incorporated by reference the First Amended Complaint of the plaintiff, New Bern Riverfront Development, LLC ("New Bern"), and the Barbour Report, which was incorporated into New Bern's First Supplemental Complaint. Among the defects alleged in New Bern's First Amended Complaint are: cracks in the swimming pool, defects in the deck coating system, failure to properly construct the balconies of certain condominium units, failure to properly construct the building to prevent water intrusion, and cracks in the parking and pool decks. Plaintiff New Bern's First Amended Complaint, Doc. No. 15. The Barbour Report provided an evaluation of the building conditions at the project, and noted that deficiencies existed with respect to the traffic coating, concealed waterproofing and expansion joints, among others. Plaintiff New Bern's First Supplemental Complaint, Ex. A, Doc. No. 341.

The court will first address whether all of Weaver Cooke's claims arising out concealed waterproofing issues have been resolved. The court's First Order granted summary judgment to WSI on its statute of limitations defense to the alleged balcony sequencing defects and brick veneer defects and on its defense that there was no issue of material fact as to whether its work on the parking and pool decks was defective. Although the language of the First Order focuses specifically on sequencing defects relating to traffic coating, it is clear that the court also intended to include sequencing defects arising from the application of concealed waterproofing to the ground floor balconies.[1] WSI asserted that both traffic coating *and* concealed waterproofing were installed after the windows, doors and brick *in accordance with Weaver Cooke's construction schedules*. The First

---

[1]Concealed waterproofing was not applied to the elevated balconies, so only the balconies at units 116, 118 and 120 are implicated in this sequencing defect.

Order, therefore, should have explicitly mentioned concealed waterproofing when it discussed traffic coating. The court previously found that the statute of limitations ran as to the traffic coating sequencing defects because Weaver Cooke, as creator of the schedules, was necessarily on notice of the defective sequencing at a time more than three years prior to the filing of its Second Amended Third-Party Complaint. Doc. No. 904 at 11-12. This reasoning applies with the same force to concealed waterproofing sequencing defects, since Weaver Cooke likewise scheduled concealed waterproofing to be applied out of order. The following findings in the First Order apply to concealed waterproofing:

> When Weaver Cooke installed the balcony doors prior to the application of the traffic coating, such that the traffic coating was applied *over* the threshold of the balcony doors, it should have known that it was deviating from the architectural details and potentially creating a defective condition. Upon the presentment of standing water on the concrete balconies and water intrusion issues through the exterior balcony doors, Weaver Cooke was alerted that this sequencing defect, which was occurring at the exact location where it failed to follow the architectural plans, was also contributing to the water intrusion problem.

Therefore, the concealed waterproofing sequencing issues were likewise resolved by the First Order and such claims are barred by the statute of limitations. All claims against WSI relating to alleged sequencing defects have been extinguished. The First Order also granted WSI summary judgment on Weaver Cooke's claim for water intrusion damages resulting from cracks in the pool and parking decks, finding that there were no genuine issues of material fact as to whether WSI's application of traffic coating and concealed waterproofing in these areas was defective. Doc. No. 904 at 13, 17. The First Order thus resolved all claims for negligence and breach of express warranty against WSI for alleged defects relating to the concealed waterproofing on the ground floor balconies, the parking decks and the pool decks.

The scope of the Second Order, which evaluated Weaver Cooke's indemnity claims against WSI, similarly covered concealed waterproofing issues at the parking and pool decks, as well as the ground floor balconies.   The Second Order granted WSI summary judgment on Weaver Cooke's indemnity claim as to the balcony sequencing defects.   The court found that the contractual indemnity clause was unenforceable as to alleged sequencing defects because it mandated indemnification regardless of whether WSI was solely at fault in violation of N.C. Gen Stat. § 22B-1. Since Weaver Cooke's allegations made clear that multiple parties were potentially responsible for damages caused by water intrusion, the indemnity provision was unenforceable as to the sequencing defects. While the court specifically highlighted balcony sequencing defects in denying Weaver Cooke's indemnity claim (which, as discussed above, was intended to cover both traffic coating and concealed waterproofing on the balconies), the same analysis applies to the alleged defects at the parking and pool decks.   Weaver Cooke did not allege that the damages resulting from the pool and parking deck problems were solely caused by WSI.   Additionally, the court already determined that there is no genuine issue of fact regarding whether WSI's work on the decks was defective.   As such, WSI cannot be liable to Weaver Cooke under the indemnity provision, which itself requires that the damage be caused by the "negligent acts or omissions" of the subcontractor. Thus, the indemnity claims regarding all alleged concealed waterproofing and traffic coating defects have been resolved by the court's summary judgment motions.   Based on the above discussion, the court finds that the First and Second Orders resolved all of Weaver Cooke's claims against WSI relating to concealed waterproofing.

Finally, the court will address whether any other claims are still pending against WSI, specifically relating to WSI's installation of expansion joints.   Weaver Cooke contends that it

8

asserted claims against WSI relating to its faulty installation of expansion joints, and that such claims were not resolved by the First and Second Orders. WSI argues that Weaver Cooke never made such claims, and even if it did, that they were waived. The court must first determine whether Weaver Cooke's claims incorporated issues regarding the expansion joints by looking to the actual pleadings.

Weaver Cooke's Second Third-Party Complaint incorporated New Bern's pleadings and the Barbour Report by reference. New Bern's First Amended Complaint alleged, among other defects, failure to properly construct the building to prevent water intrusion. Additionally, the Barbour Report noted that corrective action relating to the expansion joints was needed in various areas of the project. Specifically, corrective action was needed to address issues with the brick veneer, the parking deck and PT slabs, and the courtyard/pool deck PT slab and supporting structure. Mr. Barbour clarified in his deposition that expansion joint defects were causing water intrusion. The Structural Opinion Report issued by Roger G. Stroud, cited by Weaver Cooke in the instant matter, aligned with the Barbour Report, finding active leaking along the expansion joint between the pool terrace and Building B; a failure of the expansion joint, causing cracks in the pool terrace; and a need to repair or replace the expansion joint at Building B. A stated purpose of the expansion joints, in addition to expansion, was waterproofing. Thus, New Bern's allegation concerning the failure to construct the building to prevent water intrusion, along with the defects and needed corrective action specified in the Barbour Report, make it clear that Weaver Cooke's claims incorporated the alleged expansion joint defects. Further, WSI's work concentrated in the areas where corrective action was needed with respect to the expansion joints and the areas where water intrusion occurred. The court therefore finds that Weaver Cook's claims incorporated expansion joint defects.

The court must next decide whether Weaver Cooke waived its claims regarding WSI's installation of expansion joints.  WSI's motion for summary judgment sought the dismissal of Weaver Cooke's Second Third-Party Complaint against it in the entirety.  WSI's Motion for Summary Judgment, Doc. No. 704 at 3.  In its memorandum in support thereof, WSI stated that it "installed various products on the SkySail project that are *not elements of this lawsuit, including expansion joints*, caulking and fire blankets."  Memo in Support of WSI's Motion for Summary Judgment, Doc. No. 706 at 4.  At the March 5, 2014 hearing, WSI again stated its contention that only two products were at issue: concealed waterproofing and traffic coating.  Weaver Cooke did not dispute that contention either in its response to WSI's motion or at the hearing.

The court finds that Weaver Cooke's silence was justified because WSI bore the burden of proof on its motion for summary judgment.  Although WSI provided support for its arguments relating to sequencing, concealed waterproofing and traffic coating, WSI did not make a showing that there were no genuine factual issues regarding the expansion joints.  WSI's memorandum in support of summary judgment raised six arguments, all of which related to its application of traffic coating and concealed waterproofing.  Doc. No. 706.  Weaver Cooke had no burden to raise, discuss, or dispute matters outside the scope of the specific issues WSI raised in its summary judgment motion.  Likewise, Weaver Cooke had no obligation to raise, discuss or dispute matters with respect to which WSI failed to demonstrate an absence of genuine factual dispute.  "[T]he party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence," and all inferences are viewed in a light most favorable to the nonmovant.  Van v. Miami-Dade Cnty., 509 F. Supp. 2d 1295, 1299 (S.D. Fla. 2007).  Furthermore, a claim is only deemed abandoned when a party moves for summary judgment

on a ground that the opposing party fails to address in any way.  Maher v. Alliance Mortg. Banking Corp., 650 F. Supp. 2d 249, 268 (E.D.N.Y. 2009).  Weaver Cooke's failure to assert its expansion joint claims did not waive such claims, since WSI did not offer any initial support to show a lack of genuine dispute as to those claims.  Therefore, Weaver Cooke's expansion joint claims are still pending before the court.

## CONCLUSION

In conclusion, the court's previous orders are amended to the extent needed to clarify the remaining claims and issues involving WSI in this lawsuit.  All claims relating to alleged sequencing defects, concealed waterproofing and traffic coating have been addressed and resolved in the court's prior orders.  Still pending against WSI are Weaver Cooke's claims regarding WSI's expansion joint work for: (1) negligence, (2) breach of warranty, and (3) contractual indemnity.

**SO ORDERED.**

**END OF DOCUMENT**