**SO ORDERED.**

**SIGNED this 17 day of March,2015.**

_Stephani W. Humrickhouse_

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                          CASE NO. 09-10340-8-SWH

**NEW BERN RIVERFRONT DEVELOPMENT,
LLC**
  **DEBTOR**


**NEW BERN RIVERFRONT DEVELOPMENT,**          ADVERSARY PROCEEDING NO.
**LLC**
  **Plaintiff**                                  10-00023-AP

  v.

**WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; J. DAVIS
ARCHITECTS, PLLC; FLUHRER REED PA;
and NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS, INC.;**

  **Defendants**

  **and**

**J. DAVIS ARCHITECTS, PLLC, FLUHRER
REED PA, SKYSAIL OWNERS ASSOCIATION,
INC.; NATIONAL REINFORCING SYSTEMS,
INC., ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN**

GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURRENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INCORPORATED, HAMLIN
ROOFING COMPANY, INC., HAMLIN
ROOFING SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.
PERFORMANCE FIRE PROTECTION, LLC,
RANDOLPH STAIR AND RAIL COMPANY,
STOCK BUILDING SUPPLY, LLC, PLF OF
SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY, UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.
WATERPROOFING SPECIALITIES, INC.,
and JOHNSON'S MODERN ELECTRIC
COMPANY, INC.,
     Crossclaim, Counterclaim and
     Third-Party Defendants.

     and

NATIONAL ERECTORS REBAR, INC.
     Defendant, Counterclaimant,
     Crossclaimant and Third-Party
     Plaintiff

     v.

ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.
     Third-Party Defendants.

     and

J. DAVIS ARCHITECTS, PLLC,
     Third-Party Plaintiff

     v.

MCKIM & CREED, P.A.,

2

**Third Party Defendant**

**and**

**GOURAS, INCORPORATED**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff**

**RAFAEL HERNANDEZ, JR., CARLOS
CHAVEZ d/b/a CHAVEZ DRYWALL,
5 BOYS, INC. and ALEX GARCIA
d/b/a/ JC 5**
    **Fourth-Party Defendants**

**and**

**STOCK BUILDING SUPPLY, LLC**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

## ORDER DENYING JMW CONCRETE CONTRACTORS' MOTION FOR RECONSIDERATION

This matter came on to be heard upon the motion of JMW Concrete Contractors ("JMW") for reconsideration of the court's September 29, 2014 Order Denying JMW's Motion for Summary Judgment. A hearing was held on January 20, 2015, in Raleigh, North Carolina.

### BACKGROUND

The background facts and chronology of the pleadings in this case have been recounted in numerous orders and opinions and are incorporated herein. This adversary proceeding relates to the alleged defective construction of the SkySail Luxury Condominiums located in New Bern, North Carolina, of which New Bern Riverfront Development, LLC ("New Bern" or "plaintiff") is the

3

owner and developer and Weaver Cooke Construction, LLC ("Weaver Cooke") was the general contractor. Weaver Cooke contracted with National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. ("NER") to construct the post-tension concrete system ("PT system") at the SkySail project, and with JMW to perform the concrete work in connection with the PT system. At some point, the PT system failed, causing surrounding concrete to fracture and reinforcing steel cables to be displaced on five different occasions (the "blowouts").

On May 6, 2010, the plaintiff filed its First Amended Complaint against several parties, including Weaver Cooke and NER, asserting claims for breach of contract and negligence. The plaintiff's claims against Weaver Cooke for breach of contract and against NER for negligence stemmed out of deficiencies with the PT system, which the plaintiff alleged contributed to cracks in the parking deck, pool, courtyard and areas within the main building, among other problems. First Amended Complaint, Doc. No. 15. Subsequently, Weaver Cooke asserted cross claims against NER for negligence, contractual indemnity and breach of express warranty. Weaver Cooke's Answer to First Amended Complaint, Counterclaims, Cross Claims and Third-Party Complaint, Doc. No. 30. In response, NER filed a Third-Party Complaint against JMW, asserting claims for negligence, contribution and indemnity for allegedly contributing to or causing the blowouts on April 19, 2007 and August 7, 2008. NER's Answer to Cross Claim of Weaver Cooke, Doc. No. 61-1.

On December 20, 2013, JMW filed a motion for summary judgment against NER, asserting that NER did not make a sufficient showing of damages to establish a direct negligence claim, and that NER's claims were barred by the economic loss rule. JMW's Motion for Summary Judgment, Doc. No. 677. The court's September 29, 2014 Order denied JMW's motion for summary judgment in its entirety. Order Denying JMW's Motion for Summary Judgment, Doc. No. 967. The court

4

found that NER sufficiently stated a negligence cause of action by alleging that JMW's work caused or contributed to extensive damages on the project for which NER was potentially liable.  The court also rejected JMW's economic loss argument, finding that NER alleged damages to property other than that which was the subject of JMW's subcontract with Weaver Cooke, thus creating a genuine issue of material fact whether an exception to the economic loss rule applies.

On October 13, 2014, JMW filed the instant motion to amend the September 29, 2014 Order denying summary judgment.  JMW's Motion for Reconsideration, Doc. No. 1020.  JMW argues that the court wrongly decided that there were genuine issues of material fact regarding the application of an exception to the economic loss rule because there is no evidence that the blowouts damaged anything other than the concrete slabs themselves.  JMW's Memorandum in Support of Motion for Reconsideration, Doc. No. 1021 at 5.  JMW also asserts that the court incorrectly held that NER did not have to provide evidence of direct repair costs it incurred in order to maintain its negligence cause of action.  JMW's Memorandum in Support of Motion for Reconsideration, Doc. No. 1021 at 7.  In response, NER plainly states that JMW's motion to reconsider is improper because it merely reasserts arguments that have already been considered and rejected by the court.  NER's Response to JMW's Motion for Reconsideration, Doc. No. 1114.  NER incorporates various other documents and exhibits filed in this case to support its position.

<u>Discussion</u>

JMW's motion to reconsider is styled as one under Rules 59(e) and 60(b) of the Federal

Rules of Civil Procedure, which apply only to final judgments.  Thus, the court will treat the motion

as one under Rule 54.  Rule 54(b) of the Federal Rules of Civil Procedure[1] provides that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the
> claims or the rights and liabilities of fewer than all the parties does not end the action
> as to any of the claims or parties and *may be revised at any time* before the entry of
> a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054 (emphasis added).  Thus, a Rule 54(b) motion is the

appropriate tool for seeking reconsideration of an order that is interlocutory.  <u>Saint Annes Dev. Co.,</u>

<u>Inc. v. Trabich</u>, 443 Fed. Appx. 829, 832 (4th Cir. 2011).  However, the grounds on which courts

will grant reconsideration are fairly narrow, and generally extend to only three scenarios: (1)

intervening change in controlling law; (2) additional, previously unavailable evidence; or (3) the

prior decision was based on clear error or would work manifest injustice.  <u>Akeva, L.L.C. v. Adidas</u>

<u>Am., Inc.</u>, 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005).  Rule 54(b) motions are appropriate tools

to correct *manifest* errors of the court.  <u>Henderson v. Clinton & Clinton</u>, No. 5:13-CV-635-FL, 2014

WL 4055824, at *6 (E.D.N.C. Aug. 15, 2014).  The bases for reconsideration "'rarely arise and the

motion to reconsider should be equally rare.'"  <u>DIRECTV, INC. v. Hart</u>, 366 F. Supp. 2d 315, 317

(E.D.N.C. 2004) (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985)).  Motions

to reconsider are allowed in only limited circumstances to compel parties to be thorough in their

pleadings and arguments presented to the court in the first instance.  <u>Id.</u> at 317 (quoting <u>Wiseman</u>

---

[1]Made applicable to this proceeding by Rule 7054 of the Federal Rules of Bankruptcy
Procedure.

v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003)).  As such, reconsideration is *not* appropriate when the movant merely seeks to advance arguments already rejected by the court or new legal theories not argued before the ruling.  McLaurin v. E. Jordan Iron Works, Inc., 666 F. Supp. 2d 590, 596 (E.D.N.C. 2009).  Equally true is that such motions are not an avenue for movants to ask the court to rethink what it already thought through.  Henderson, No. 5:13-CV-635-FL, 2014 WL 4055824, at *6.

JMW has not alleged an intervening change in the law or the presence of previously unavailable evidence.  Thus, at issue is whether the court committed a clear error of law that works manifest injustice.  This court has stated that for reconsideration to be allowed on this basis, the prior decision cannot be "'maybe or probably wrong; it must strike [the court] with the force of a five-week old, unrefrigerated dead fish.'"  In re Sea Horse Realty & Constr., Inc., No. 10-06021-8-JRL, AP No. 11-00377-8-JRL, 2013 WL 1856265, at *5 (Bankr. E.D.N.C. May 2, 2013) (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009)).

Notably, JMW presents the same arguments on its motion for reconsideration that it argued in its motion for summary judgment.  JMW simply asserts that the court's Order is wrong.  The court must determine whether it "'obviously misapprehended a party's position or the facts,'" and if not, deny JMW's motion for reconsideration.  Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:10MC58, 2011 WL 6217061, at *6 (M.D.N.C. Dec. 14, 2011) (quoting Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005)).

JMW first argues that the court committed clear error when it ruled that there was a genuine issue of material fact as to whether an exception to the economic loss rule applied because the blowouts on April 19, 2007 and August 7, 2008 did not cause damage to any property other than the

slabs themselves.  The court previously found that the plaintiff's allegations and deposition testimony created a genuine issue of material fact regarding the application of the exception to the economic loss rule and denied NER's motions for summary judgment against the plaintiff and Weaver Cooke.  NER's claims against JMW are entirely premised on the claims the plaintiff and Weaver Cooke brought against it, and as such, the court correctly denied JMW's motion for summary judgment.  JMW points to evidence and deposition testimony that it contends shows that the blowouts had no impact on the pool area or parking deck, while NER cites to the damages Weaver Cooke incurred as a result of the August 7, 2008 blowout, including damage to several units and the parking garage.  NER's Memorandum in Opposition to JMW's Motion for Summary Judgment, Ex. 7, Doc. No. 755-7.  NER also asserts that, as a result of the faulty concrete work, the tendons it installed shifted and had to be repaired.  These circumstances indicate the existence of genuine issues of material fact as to whether property other than the subject of JMW's subcontract was damaged, and thus whether an exception to the economic loss rule applies.  The court did not commit clear error and reconsideration on this basis is denied.

JMW's second argument is that the court erred in finding that NER could maintain its negligence cause of action because NER did not produce any evidence of damages it incurred.  Both the plaintiff and Weaver Cooke have brought causes of action against NER for damages stemming from the PT system failures, for which NER may be found liable.  Although Weaver Cooke did the repairs after the August 7, 2008 blowout, NER did the necessary repairs for the four prior blowouts, including the April 19, 2007 blowout.  Further, Weaver Cooke withheld payment from NER after the August 7, 2008 blowout to cover its repair costs.  Based upon the foregoing, JMW has

sufficiently alleged that it suffered damages.  The court did not commit clear error in denying JMW's motion for summary judgment, and reconsideration is likewise denied.

Based on the foregoing, no cause exists to grant JMW's motion for reconsideration, and it is therefore **DENIED**.


**SO ORDERED.**

**END OF DOCUMENT**
