**SO ORDERED.**

**SIGNED this 14 day of May,2015.**

*Stephani A. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **NEW BERN RIVERFRONT DEVELOPMENT, LLC,**<br>     **DEBTOR** | **CASE NO. 09-10340-8-SWH** |

**NEW BERN RIVERFRONT DEVELOPMENT, LLC,**
     **Plaintiff,**

     **v.**

**WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC.,**
     **Defendants,**

     **and**

**WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,**
     **Defendants, Counterclaimants,**
     **Crossclaimants and Third-Party Plaintiffs,**

**v.**

**ADVERSARY PROCEEDING NO.  10-00023-8-AP**

J. DAVIS ARCHITECTS, PLLC, FLUHRER
REED PA, SKYSAIL OWNERS ASSOCIATION,
INC.; NATIONAL REINFORCING SYSTEMS,
INC., ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INC., HAMLIN  ROOFING
SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.;
PERFORMANCE FIRE PROTECTION, LLC;
RANDOLPH STAIR AND RAIL COMPANY;
STOCK BUILDING SUPPLY, LLC; PLF OF
SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY; UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.;
JOHNSON'S MODERN ELECTRIC
COMPANY, INC.; and WATERPROOFING
SPECIALITIES, INC.,
      Crossclaimants, Counterclaimants and
      Third-Party Defendants.


      and

NATIONAL ERECTORS REBAR, INC.
      Defendant, Counterclaimant,
      Crossclaimant and Third-Party
      Plaintiff,

      v.

ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.
      Third-Party Defendants.

      and

**J. DAVIS ARCHITECTS, PLLC,**
**Third-Party Plaintiff,**

      **v.**

**MCKIM & CREED, P.A.,**
      **Third-Party Defendant.**

      **and**

**GOURAS, INC.,**
      **Third-Party Defendant and**
      **Fourth-Party Plaintiff,**

      **v.**

**RAFAEL HERNANDEZ, JR., CARLOS**
**CHAVEZ d/b/a CHAVEZ DRYWALL,**
**5 BOYS, INC. and ALEX GARCIA**
**d/b/a/ JC 5,**
      **Fourth-Party Defendants.**

      **and**

**STOCK BUILDING SUPPLY, LLC,**
      **Third-Party Defendant and**
      **Fourth-Party Plaintiff,**

      **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
      **Fourth-Party Defendant.**

### ORDER REGARDING RULE 54(b) CERTIFICATION OF
### ORDERS ON SUMMARY JUDGMENT AS FINAL ORDERS

In this order, the court will summarize the parties' efforts to appeal certain orders on

summary judgment previously entered by the court in this complex, multi-layered adversary

proceeding, and then discuss the bases upon which those orders should be considered "final" for

purposes of certification under Rule 54(b) of the Federal Rules of Civil Procedure (made applicable

here by Rule 7054 of the Federal Rules of Bankruptcy Procedure). After full consideration, the court will, for the reasons set out below, certify that the orders listed in the attached Exhibit A, Groups A, B, C and D are final adjudications as to which there is no just reason for delay in the parties' efforts to seek immediate appeal of the resolved claims.

## BACKGROUND

New Bern Riverfront Development, LLC ("New Bern") is the owner and developer of the SkySail Luxury Condominiums ("SkySail") located in New Bern, North Carolina. In March of 2009, New Bern initiated an action in Wake County Superior Court against nine individual defendants related to their roles in the construction of SkySail (the "state action"). The named defendants in the state action included New Bern's general contractor, Weaver Cooke; Travelers Casualty and Surety Company of America ("Travelers"); National Erectors Rebar, Inc. ("National Erectors"), and certain subcontractors of the general contractor.

On November 30, 2009, New Bern filed a petition for relief under chapter 11. The state action was removed to the district court, and subsequently transferred to this court on February 3, 2010. After voluntarily dismissing its causes of action as to the subcontractors named as defendants in the original 2009 state action, New Bern filed its first amended complaint on May 6, 2010, asserting claims against Weaver Cooke and others. Weaver Cooke filed a timely answer, along with a third-party complaint against two banks. Absent as third-party defendants in Weaver Cooke's original third-party complaint were any of the subcontractors hired by Weaver Cooke during the construction of SkySail.

Two years later, in June of 2012, Weaver Cooke filed its second, third-party complaint asserting claims of negligence, contractual indemnity and breach of express warranty against many

of the subcontractors hired during the construction of SkySail.  These subcontractors filed answers to Weaver Cooke's second, third-party complaint, asserting numerous defenses, including the statute of limitations.  The adversary proceeding ("AP") ultimately came to include twenty-nine parties connected with the SkySail project, and asserts only non-core claims based on state law contract, negligence, and indemnity causes of action.

During December 2013, virtually all of the subcontractors filed motions for summary judgment regarding all three causes of action alleged against them by Weaver Cooke, and these parties set out similar grounds for their motions.  In a total of twenty-six motions and cross-motions for summary judgment, the parties argued that (1) the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty; (2) the economic loss rule bars Weaver Cooke's negligence claims; and (3) N.C. Gen. Stat. § 22B-1 bars Weaver Cooke's contractual indemnity claims.  Upon review of the motions, it became apparent to the court that certain fact sets and legal arguments were common to most or all parties.  The indemnity agreement, for example, was part of a standard contract used by Weaver Cooke with little deviation among subcontractors.

In addition, certain groups and common fact sets emerged among the parties themselves, which was the natural result of the collaborative nature of large-scale construction projects such as SkySail.  For example, water intrusion and failures of the post-tension concrete system involving multiple parties form the basis for most of the claims.  Due to the "sequencing" requirement of construction work, claims of negligence or breach of express warranty in the design and construction of SkySail tended to involve questions of joint responsibility among these discrete groups of defendants.

In light of the foregoing, the court opted to deal with the summary judgment motions in "batches" based on these common fact sets, legal arguments, and groups of defendants. The court ruled first on the statute of limitations defense for all parties asserting it, then on the claims of negligence and breach of express warranty, and then on Weaver Cooke's claims for indemnification. The court's disposition of those motions, in a total of thirty-eight orders, resulted in dismissal of nine parties from the AP and prompted seventeen motions for leave to appeal (most of which were also denominated as "notices of appeal"), nine motions to reconsider (which number is anticipated to increase), and one motion for certification under Rule 54(b). These motions are listed in the chart appended to this order as Exhibit A.

Finally, the last crucial factor with regard to the current posture of this proceeding – as well as a key factor going forward, and significantly influencing this court's certification analysis – is the parties' right to trial by jury with respect to the claims that remain pending. Their full range of options include trial by jury in district court, trial by jury in the bankruptcy court, or a non-jury trial in either court. There is no consensus among the parties, as evidenced by the chart appended to this order as Exhibit B. Some have waived their jury trial right, while others have consented to trial in the bankruptcy court, and still others demand a jury trial in district court. Thus, the trial will be in district court unless the parties change tack and waive their jury rights, and/or consent to this court's entry of final judgments, neither of which appear likely.[1]  28 U.S.C. § 157(e) (if right to jury trial

---

[1] Failure to reach consensus on the jury trial is dispositive of the issue of the situs of the trial. However, it is noteworthy that the parties had also failed to agree on whether, if the trial had remained in the bankruptcy court, the bankruptcy court could enter final orders. See 28 U.S.C. § 157(e).

applies, bankruptcy judge may conduct trial with special designation of district court "and with the express consent of all the parties").

With this procedural history in mind, the court will briefly summarize the nature of the parties' efforts to appeal the summary judgment orders, as set out in Exhibit A:

**1.      Groups A and B: Notices of Appeal and Motions for Leave to Appeal**

A total of seventeen notices of appeal were filed by Weaver Cooke (13), National Erectors Rebar ("National Erectors") (3), and East Carolina Masonry (1 cross-appeal).  With a few exceptions,[2] those parties also filed motions for leave to appeal those same interlocutory summary judgment orders pursuant to 28 U.S.C. § 158(a)(3).  Motions under § 158(a)(3) invoke application of a two-prong test pursuant to which "a district court will grant leave to appeal when 1) the interlocutory order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and 2) immediate appeal would materially advance the termination of litigation."  Weaver Cooke Constr., LLC v. Stock Bldg. Supply, LLC, Case No. 5:14-cv-00475-BR (E.D.N.C. October 16, 2014) (slip op. at 3).  A movant must satisfy both prongs and, in addition, demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Id. at 4 (internal quotation omitted).

---

[2] Weaver Cooke filed a motion for leave to appeal one order (Docket #969) for which it did not also, in the alternative, file a notice of appeal.  National Erectors Rebar did not file a motion for leave to appeal one order (Docket #923) for which it filed a notice of appeal.  Otherwise, for every order they sought to appeal, the three appealing parties filed both a notice of appeal and a motion for leave to appeal.  There also are notices of appeal and/or motions for leave to appeal filed for some of the motions for reconsideration (Ex. A, Group C).  Those notices of appeal and/or motions for leave to appeal are not separately discussed in this order, because they are virtually identical in substance and intent to those in Ex. A, Groups A and B.

The first wave of appeals to reach the district court, all filed by Weaver Cooke, were denied on grounds that appellants presented no evidence that the appeals involved issues of controlling questions of law, no evidence of disagreement among the courts with respect to controlling law, and no set of circumstances exceptional enough to justify their request, such that § 158(a)(3) provided no foundation for the relief appellants sought. See Exhibit A, Group B. The remaining notices of appeal and motions for leave to appeal are pending before the district court and deal with the same general fact sets and issues of law as their predecessors. For these as well, § 158(a)(3) will provide no viable basis for relief. [3]

## 2.    Group C: Motions for Reconsideration

Some parties, instead of immediately pursuing appeal, moved for reconsideration or for the court to alter or amend its order on summary judgment. See Exhibit A, Group C. The court allowed one of the motions to reconsider, entered a clarifying order with respect to another, and denied the remainder (save for several motions still pending).   Most of the motions to reconsider that were denied by the court have now been appealed (again by notice of appeal, motion for leave for appeal, or both).  For present purposes, although these motions are captioned differently, the question of whether to certify them as final and the bases upon which this court determines that it would be appropriate to do so are substantively equivalent to the court's analysis with respect to the orders

---

[3] In the conclusion to this order, and in connection with its recommendation of certification, the court also will respectfully request that the district court revisit Weaver Cooke's motions for leave to appeal under § 158(a)(3) that it already has denied, and reconsider them as motions to appeal final orders encompassed by the Rule 54(b) certification made by this court.

listed in Groups A, B, and D.[4]    See Saint Anne's Dev't Co., Inc. v. Trabich, 443 Fed. App'x 829, 831-33 (4th Cir. 2011) (explaining that motions to reconsider may be considered under Rule 54(b)).

### 3.    Group D: Motion for Certification Pursuant to Rule 54(b)

Finally, one motion for certification was filed by National Erectors. National Erector's motion was premised on the court's order (Docket # 923) granting summary judgment to NRS and dismissing NRS on the single ground that NRS was not a proper party to the action, having been subsumed into National Erectors via merger.[5]    The court allowed the motion for certification by order entered March 31, 2015, which provided that the factual findings and conclusions of law in support of that Rule 54(b) certification would follow.  Those findings and conclusions are set out in the discussion below.  They also are identical to the reasons the court will, *sua sponte*, certify the orders listed in Exhibit A, Groups A, B, and C as final adjudications pursuant to Rule 54(b).  The grounds upon which the court reaches that conclusion, and upon which the court recommends the

---

[4] This court has reviewed but not yet ruled on two of the motions for reconsideration listed in Group C.  If those motions ultimately are denied, the court will certify its orders as final under Rule 54(b).

[5] During the construction of the SkySail project, Weaver Cooke entered into a purchase order contract related to the design of the post-tension concrete system with National Reinforcing Systems, Inc. ("NRS").  Weaver Cooke entered into a separate contract with National Erectors Rebar, Inc. ("National Erectors") for the installation of the post-tension system.  Unbeknownst to Weaver Cooke, NRS had merged into National Erectors three months prior to entering into the design contract. The Articles of Merger filed with the North Carolina Secretary of State designated National Erectors as the surviving entity.

Under N.C.G.S. § 55-11-06(a)(1), upon merger, the merging corporation (i.e., NRS) merges into the surviving corporation and its separate existence ceases.  Further, N.C.G.S. § 55-11-06(a)(3) provides that the surviving corporation has all of the liabilities of the merging corporation.  The court held that if and to the extent NRS was liable to Weaver Cooke, that liability belonged to National Erectors, against which Weaver Cooke had separately lodged a number of claims.  Concluding that NRS was not a proper party to the action, the court dismissed Weaver Cooke's third-party complaint against NRS.  National Erectors, as an aggrieved party, sought reconsideration of this order (which the court denied, Docket # 1143) and also sought certification of the order as final, which the court allowed (Docket #1157).

district court's certification of those orders as final adjudications for purposes of appeal, are set out

below.

## DISCUSSION AND CERTIFICATION OF ORDERS
## AS FINAL ORDERS PURSUANT TO RULE 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in bankruptcy by Rule

7054 of the Federal Rules of Bankruptcy Procedure, provides as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties.  When an action
> presents more than one claim for relief – whether as a claim, counterclaim,
> crossclaim, or third-party claim – or when multiple parties are involved, the court
> may direct entry of a final judgment as to one or more, but fewer than all, claims or
> parties only if the court expressly determines that there is no just reason for delay.
> Otherwise, any order or other decision, however designated, that adjudicates fewer
> than all of the claims or the rights and liabilities of fewer than all the parties does not
> end the action as to any of the claims or parties and may be revised at any time
> before the entry of a judgment adjudicating all the claims and all the parties' rights
> and liabilities.

Fed. R. Civ. P. 54(b).  A party seeking certification must demonstrate the propriety of its request

through satisfaction of a two-part test, and a court entering such certification must articulate the

bases upon which it does so.   See, e.g., In re Solomons One, LLC, 2014 WL 846084 (Bankr. D. Md.

2014) (setting out bankruptcy court's proposed statement of material facts, conclusions of law, and

Rule 54(b) certification, as well as the district court order adopting same); Henson v. Santander,

2015 WL 433475 (D. Md. 2015) (discussing, and granting, motion for entry of final judgment and

certification under Rule 54(b) in context of class-action lawsuit).  In the interest of thoroughness,

this court will follow the lead of the Solomons One court and certify its own orders as final, while

also proffering these findings and conclusions as a basis for certification by the district court,

inasmuch as the precise procedure appears to vary from court to court.

10

In the <u>Henson</u> case, the district court set out a fresh and thorough recap of the Rule 54(b) certification process in this circuit, providing an excellent overview that is worthy of quoting at length:

> A party seeking Rule 54(b) certification must "demonstrate that the case warrants certification" through a two part test. ... *First, the district court must ascertain whether the judgment in question is final*. A judgment is final when it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 436 (1956). Second, a court must "*expressly determine[ ] that there is no just reason for delay*." Fed. R. Civ. P. 54(b); <u>see also</u> <u>Curtis -Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 8 (1980). This review is "tilted from the start against fragmentation of appeals[.]" <u>Braswell Shipyards, Inc. v. Beazer East, Inc.</u>, 2 F.3d 1331, 1335 (4th Cir. 1993) (internal quotation omitted). In undertaking this inquiry, a district court must consider five factors, if applicable:
>
> > (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
>
> <u>Braswell Shipyards</u>, 2 F.3d at 1335-36 (quoting <u>Allis-Chalmers Corp. v. Philadelphia Electric Co.</u>, 521 F.2d 360, 364 (3d Cir. 1975) (footnotes omitted)). If the court grants a Rule 54(b) certification, it must "state [its] findings on the record or in its order." <u>Id.</u> at 1336 (citation omitted).

<u>Henson</u>, 2015 WL 433475 *3-4 (emphasis added).

Moreover, in this circuit, as in others, certification under Rule 54(b) is "recognized as the exception rather than the norm." <u>Braswell Shipyards</u>, 2 F.3d at 1335. Certification is not granted as an "accommodation to counsel," but is instead reserved for "'the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims

11

or parties.'" Id. (quoting Morrison-Knudson Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)).

With these parameters in mind, the court turns to the first factor.

## I.     Finality

An order or judgment may be deemed "final" if it "disposes of all the rights and liabilities

of at least one party as to at least one claim." In re Fuentes, 417 B.R. 844, 849 (1st Cir. BAP 2009)

(citing cases); see also Braswell Shipyards, 2 F.3d at 1335 (discussing Rule 54(b) certification of

appealable interlocutory orders).

Typically, in a bankruptcy proceeding, the concept of "finality" is more flexible.  As the

Court of Appeals for the Fourth Circuit recently explained:

> We have recognized as a general matter, as have other courts of appeals, that "the
> concept of finality in bankruptcy cases 'has traditionally been applied in a more
> pragmatic and less technical way ... than in other situations.'" In re Computer
> Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005) (quoting A.H. Robins Co. v.
> Piccinin, 788 F. 2d 994, 1009 (4th Cir. 1986) (alteration in original)) (additional
> citations omitted).  As we explained in A.H. Robins Co.:
>
>> The special or unique reason for this relaxed rule of appealability in
>> bankruptcy is that "[b]ankruptcy cases frequently involve protracted
>> proceedings with many parties participating.  To avoid the waste of
>> time and resources that might result from reviewing discrete portions
>> of the action only after a plan of reorganization is approved, courts
>> have permitted appellate review of orders that in other contexts might
>> be considered interlocutory.
>
> 788 F.2d at 1009 (internal quotations omitted).  Thus, because of the special nature
> of bankruptcy proceedings, which often involve multiple parties, claims, and
> procedures, the postponing of review by the district court and the court of appeals
> of discrete issues could result in the waste of valuable time and already scarce
> resources. ... We have concluded, therefore, that "orders in bankruptcy cases may be
> immediately appealed if they finally dispose of discrete disputes within the larger
> case." ...

McDow v. Dudley (In re Dudley), 662 F. 3d 284, 287 (4th Cir. 2011) (some internal citations

omitted).  In Dudley, the specific issue before the court was whether a bankruptcy court's denial of

a § 707(b) motion to dismiss for abuse was immediately appealable. Concluding that it was, the Dudley court cautioned that postponing appeal while the bankruptcy case continued would "result in most if not all of those assets being liquidated and distributed under Chapter 7 – actions that will have to be unwound, if possible, in the event that the district court disagrees with the bankruptcy court's legal conclusions with respect to the merits of the § 707(b) motion." Id. at 290. In the instant matter, while the court's focus is not on the risk of potentially unwinding a bankruptcy proceeding, there is a significant risk of building into an already complicated adversary proceeding a repetitive "loop-de-loop" of trials and appeals for the district court and parties.

In this proceeding, each of the orders on summary judgment encompasses the necessary aspects of finality. First, the court undertook an analysis of the statute of limitations defense asserted by the subcontractor tiers of defendants. The court resolved the issue of which statute of limitations was applicable and then determined that the statute of limitations barred both the negligence and breach of warranty claims as a matter of law as to many of those subcontractors. Next, the court focused on those subcontractors who had not succeeded on their statute of limitations defenses, and as to whom the negligence claims survived, and applied the economic loss rule defense. This resulted in the dismissal of several negligence claims. Finally, the court reviewed the contractual indemnity clause which formed the basis for Weaver Cooke's contractual indemnity cause of action, and interpreted it under North Carolina law such that many of those causes of action also were eliminated. The result of these three "rounds of review" is that *all* claims asserted against nine parties were dismissed, and although many parties remain in the adversary proceeding, the claims against them have been reduced. In short, the complexion of the lawsuit has been significantly changed.

13

## II.    No Just Reason For Delay

Once a court concludes that an order satisfies the standards of finality, the court must then consider whether there is "no just reason for delay," which is necessarily a subjective assessment based on the particular circumstances of the matter.  As the Fourth Circuit has pointed out:

> This inquiry, "tilted from the start against fragmentation of appeals, is necessarily case-specific." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1 st Cir. 1988); see also Curtis-Wright, 446 U.S. at 10-11, 100 S. Ct. 1466-67 (because the number of possible [Rule 54(b)] situations is large, we are reluctant to either fix or sanction narrow guidelines for district courts to follow").

Braswell Shipyards, 2 F.3d at 1335.  Here, of the factors listed earlier, only the fourth (regarding the likelihood of a set-off against the judgment sought to be made final) does not apply.

The first three factors emphasize the purely judicial concerns that are front and center in this matter, and are themselves somewhat intertwined: 1) The relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the district court; and 3) the possibility that the district court could be obliged to consider the same issue a second time.  They, along with the final "miscellaneous" factor, persuade the court that not only is there no just reason for delay, instead, these factors illustrate the need for and weigh strongly in favor of immediate appeal to the district court.

Regarding the first factor, the court recognizes that the more typical Rule 54(b) evaluation involves a court's consideration of whether the judgment sought to be certified involves a claim that presents a sufficiently discrete legal issue, susceptible to a clean separation from the remaining proceedings, or a comparable scenario with a party.  See, e.g., Solomons One, 2014 WL 846084 at * 11 (relationship between the count at issue and remaining counts was "fairly remote").  The instant matter presents a unique analysis of this factor.  Here, the relationships between the adjudicated and

non-adjudicated claims are thoroughly intertwined. The same is true of the relationships between the parties still involved in the proceeding and those parties that have been dismissed, or those parties with some of their claims dismissed. However, a final determination of the appropriate statute of limitations, the applicability of the economic loss rule, and proper interpretation of the contractual indemnity clause, which are all discrete legal issues, would significantly focus and provide guidelines for the remaining parties. Moreover, an appellate resolution of these three issues will streamline the trial of the adversary proceeding and promote settlement discussion.

Perhaps a forecast of what would result if these orders were *not* certified best displays the relationship between the adjudicated and non-adjudicated claims and why immediate appeal is clearly preferable. For example, Stock Supply, which provided the materials and installed the windows and doors at the SkySail project, was granted summary judgment on all claims asserted against it in the third-party complaint of general contractor Weaver Cooke. Weaver Cooke took the position that Stock Supply, along with various other subcontractors, failed to properly discharge their work such that the project was damaged by water intrusion. Because of the sequential and interdependent nature of the subcontractors' work, facts relating to the work done by any one subcontractor will necessarily be introduced regarding another subcontractor's claims and/or defenses at trial, even if that subcontractor already has been dismissed entirely from the proceeding as a result of the summary judgment rulings. Stock Supply, although successful on its summary judgment motions, will have to be present throughout the trial to monitor the proceedings and protect its interests in the event the bankruptcy court orders are reversed on appeal. A similar result occurs in the case of NRS' dismissal from the case. Unless appeal of that order is immediate, NRS

(or more likely, its former officers) will also have to sit through the trial to monitor and protect its interests pending a post-trial appeal.

Immediate review and affirmance of the bankruptcy court orders as to Stock Supply and NRS, for example, will relieve those parties from the burden and expense of continued participation in this adversary proceeding. Immediate review and reversal of the bankruptcy court orders as to Stock Supply and NRS, or those similarly situated, will allow those parties to freely and finally participate in the trial. Most important, a final appellate determination of the applicable statute of limitation, the proper interpretation and application of the economic loss rule in this district, and the proper application of North Carolina's statutory contractual indemnity limitations will be infinitely instructive to the remaining claimants in the case.

The related nature of the claims involved in the summary judgment orders and those still awaiting trial also is relevant with respect to the second factor, which focuses on the possibility that the need for review might (or might not) be mooted by future developments in the district court, and the third, which focuses on the likelihood that the district court could be obliged to consider the same issue a second time. These factors are especially relevant when assessed against the implications of the right to a jury trial in this case. As the case presently stands, assuming consensus to hold a jury trial in bankruptcy court or to waive jury trial entirely is not achieved, the trial of this case will be held in district court. It is undisputed, therefore, that the district court will sit as both an appellate and a trial court as to many issues in this adversary proceeding. So, if appeals of the bankruptcy court orders are not heard until after conclusion of the full trial, then the district court will have tried the underlying case without participation of the parties dismissed from the proceeding by this court (including, for example, Stock Supply and NRS), and without hearing the claims this

16

court dismissed.  At the conclusion of that trial, the district court will then be required to hear the appeals of this court's summary judgment rulings using an appellate (*de novo*) standard of review. If the district court were to find error, additional proceedings may take place in either the bankruptcy court or the district court sitting as a trial court, and the cycle stands to repeat itself again.  This scenario involves not only an unwinding but also a do-over, in an extraordinarily inefficient process that would waste time and resources for the court and the parties as well.

Clearly, the proper and most efficient procedure would be for the district court, acting as an appellate court, to hear the bankruptcy court appeals first, before embarking upon a trial of this case. Because the genesis of this proceeding is a large-scale construction project gone wrong, with multiple and interrelated parties, as well as proportional negligence and responsibility, having the right parties "in the room" is essential to thorough, efficient, and fair resolution of the claims. See Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 46 (1st Cir. 2005) (upholding lower court's Rule 54(b) certification, despite that court's lack of explanation for it, where the "circumstances plainly support[ed]" an appeal because "if the district court ruling dismissing [two employees'] claims proved to be incorrect, the most efficient course of action would be for all three employees' claims to be tried together").

Finally, considering all miscellaneous factors such as delay, economic and solvency considerations – it is often forgotten that the plaintiff in this case is in fact a chapter 11 debtor with limited resources – shortening the time of trial, frivolity of competing claims, expense, and the like, the court again concludes that not only is there no just reason for delay, there are instead multiple reasons for certification.

17

## CONCLUSION

For the foregoing reasons, the court hereby certifies the orders listed in Groups A, B, and C of the attached Exhibit A as final orders pursuant to Rule 54(b). As to each of those, and also with respect to the motion for certification filed by National Erectors and already allowed by this court, the orders are final within the meaning of Rule 54(b) in that they constitute ultimate dispositions of individual claims in this multi-claim action, or finally determine the status of a party. Moreover, there is no just reason for delay. The uniquely intertwined nature of the facts, claims, and parties in this adversary proceeding, together with the fact that the trial of this matter ultimately will take place in the district court, persuade this court that judicial efficiency, common sense, and the interests of all parties are best served by certification.

Further, the court submits this order as proposed findings of fact and conclusions of law supporting certification by the district court of the orders discussed in Exhibit A, Groups A, B, C, and D as final orders within the meaning of Rule 54(b).

Further, in connection with that recommendation of certification, the bankruptcy court respectfully requests, with regard to Weaver Cooke's motions for leave to appeal under § 158(a)(3) that already have been denied, that for those motions, the district court reconsider them as motions for leave to appeal final orders encompassed by the Rule 54(b) certification made by this court.

# EXHIBIT A
## Disposition of Summary Judgment Motions

**GROUP A: NOTICES OF APPEAL***
*Does not include appeals taken from orders on Motions for Reconsideration (see Group C, below).

| Parties (*filed summary judgment motion) | Basis for Summary Judgment Motion | Bankruptcy Court Ruling | Notice of Appeal |
|---|---|---|---|
| Weaver Cooke Construction, LLC v. Stock Building Supply, LLC* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | 1. Doc. No. 884: Granted as to statute of limitations (negligence and warranty claims)<br><br>2. Doc. No. 898: Granted as to indemnity claim<br><br>• *Pending resolution of appeals, this party is no longer in the case* | 1. Notice of Appeal filed by Weaver Cooke re: Doc. No. 884<br><br>2. Notice of Appeal filed by Weaver Cooke re: Doc. No. 898 |
| Weaver Cooke Construction, LLC v. Curenton Concrete Works, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | 1. Doc. No. 901: Granted as to statute of limitations (negligence and warranty claims)<br>2. Doc. No. 957: Granted as to indemnity claim<br><br>• *Pending resolution of appeals, this party is no longer in the case* | 1. Notice of Appeal filed by Weaver Cooke re: Doc. No. 901<br>2. Notice of Appeal filed by Weaver Cooke re: Doc. No. 957 |
| Weaver Cooke Construction, LLC v. Waterproofing Specialties, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses<br>• Contributory negligence<br>• Lack of defects | 1. Doc. No. 904: Granted as to statute of limitations (certain defect claims), and certain negligence and breach of warranty claims<br>2. Doc. No. 955: Granted as to indemnity claim | 1. Notice of Appeal filed by Weaver Cooke re: Doc. No. 904<br><br>2. Notice of Appeal filed by Weaver Cooke re: Doc. No. 955 |

| Weaver Cooke Construction, LLC v. National Reinforcing Systems, Inc.* | • Statute of limitations<br>• Lack of professional duty of care<br>• Contributory negligence<br>• Indemnity defenses<br>• Warranty defenses | Doc. No. 923: Granted because NRS not a proper party<br><br>• *Pending resolution of appeals, this party is no longer in the case* | Notice of Appeal filed by National Erectors Rebar (as an aggrieved party) |
|---|---|---|---|
| Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Warranty defenses<br>• Indemnity defenses | 1. Doc. No. 935: Granted in part as to negligence claim (structural defects) and denied as to certain other defects<br>2. Doc. No. 954: Granted as to indemnity claim<br>3. Doc. No. 969: Denied as to breach of warranty claim | 1. Notice of Appeal filed by Weaver Cooke re: Doc. No. 935<br>2. Notice of Appeal filed by Weaver Cooke re: Doc. No. 954<br>3. Notice of Cross Appeal filed by East Carolina Masonry re: Doc. No. 935 |
| Weaver Cooke Construction, LLC v. Randolph Stair and Rail Company* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | 1. Doc. No. 934: Granted as to negligence claim<br>2. Doc. No. 958: Granted as to indemnity claim | 1. Notice of Appeal filed by Weaver Cooke re: Doc. No. 934<br>2. Notice of Appeal filed by Weaver Cooke re: Doc. No. 958 |
| New Bern Riverfront Development, LLC v. National Erectors Rebar, Inc.* | • Economic loss rule (negligence)<br>• Lack of professional negligence<br>• Contributory negligence | Doc. No. 941: Motion denied | Notice of Appeal filed by National Erectors Rebar |
| Weaver Cooke Construction, LLC v. Gouras, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | Doc. No. 956: Granted as to indemnity claim | Notice of Appeal filed by Weaver Cooke |
| Weaver Cooke Construction, LLC v. Hamlin Roofing Company, Inc.* and Hamlin Roofing Services, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Indemnity defenses | Doc. No. 953: Granted as to indemnity claim | Notice of Appeal filed by Weaver Cooke |

| | | | |
|---|---|---|---|
| Weaver Cooke Construction, LLC v. Humphrey Heating and Air Conditioning, Inc.* | • Statute of limitations<br>• Economic loss rule (negligence)<br>• Warranty defenses<br>• Indemnity defenses | Doc. No. 951: Granted as to statute of limitations (negligence and warranty claims); granted in part/denied in part as to indemnity claims | Notice of Appeal filed by Weaver Cooke |
| New Bern Riverfront Development, LLC v. Weaver Cooke Construction, LLC, National Erectors Rebar, Inc.* | • Economic loss rule (negligence)<br>• Lack of professional negligence<br>• Indemnity defenses<br>• Contributory negligence | Doc. No. 970: Denied as to all crossclaims except indemnity claim re: design-related damages | Notice of Appeal filed by National Erectors Rebar |

| GROUP B: MOTIONS FOR LEAVE TO APPEAL | | | |
|---|---|---|---|
| **Parties**<br>(*filed summary judgment motion) | **Basis for Summary Judgment Motion** | **Bankruptcy Court Ruling** | **Motion for Leave to Appeal** |
| Weaver Cooke Construction, LLC v. Stock Building Supply, LLC* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | 1. Doc. No. 884: Granted as to statute of limitations (negligence and warranty claims)<br><br>2. Doc. No. 898: Granted as to indemnity claim<br><br>• *Pending resolution of appeals, this party is no longer in the case* | 1. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 884 *[in addition to Notice of Appeal}*<br>• **District Court denied both motions for leave to appeal on 10/16/14**<br>2. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 898 *[in addition to Notice of Appeal}*<br>• **District Court denied both motions for leave to appeal on 10/16/14** |

| Weaver Cooke Construction, LLC v. Curenton Concrete Works, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | 1. Doc. No. 901: Granted as to statute of limitations (negligence and warranty claims)<br><br>2. Doc. No. 957: Granted as to indemnity claim<br><br>• *Pending resolution of appeals, this party is no longer in the case* | 1. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 901 *{in addition to Notice of Appeal}*<br>• **District Court denied motion for leave to appeal on 10/16/14**<br>2. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 957 *{in addition to Notice of Appeal}*<br>• **District Court denied motion for leave to appeal on 11/17/14** |
| --- | --- | --- | --- |
| Weaver Cooke Construction, LLC v. Waterproofing Specialties, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses<br>• Contributory negligence<br>• Lack of defects | 1. Doc. No. 904: Granted as to statute of limitations (certain defect claims), and certain negligence and breach of warranty claims<br>2. Doc. No. 955: Granted as to indemnity claim | 1. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 904<br>• **District Court denied motion for leave to appeal on 10/16/14**<br>2. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 955 *{in addition to Notice of Appeal}*<br>• **District Court denied motion for leave to appeal on 11/17/14** |

| Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Warranty defenses<br>• Indemnity defenses | 1. Doc. No. 935: Granted in part as to negligence claim (structural defects) and denied as to certain other defects<br><br>2. Doc. No. 954: Granted as to indemnity claim<br><br>3. Doc. No. 969: Denied as to breach of warranty claim | 1. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 935 *[in addition to Notice of Appeal]*<br>• **District Court denied motion for leave to appeal on 11/17/14**<br>2. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 954 *[in addition to Notice of Appeal]*<br>• **District Court denied motion for leave to appeal on 11/17/14**<br>3. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 969<br>4. Motion for Leave to Appeal filed by East Carolina Masonry re: Doc. No. 935 *[in addition to Cross Appeal]* |
| Weaver Cooke Construction, LLC v. Randolph Stair and Rail Company* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | 1. Doc. No. 934: Granted as to negligence claim<br><br>2. Doc. No. 958: Granted as to indemnity claim | 1. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 934 *[in addition to Notice of Appeal]*<br>• **District Court denied motion for leave to appeal on 11/17/14**<br>2. Motion for Leave to Appeal filed by Weaver Cooke re: Doc. No. 958 *[in addition to Notice of Appeal]*<br>• **District Court denied motion for leave to appeal on 11/17/14** |
| New Bern Riverfront Development, LLC v. National Erectors Rebar, Inc.* | • Economic loss rule (negligence)<br>• Lack of professional negligence<br>• Contributory negligence | Doc. No. 941: Motion denied | Motion for Leave to Appeal filed by National Erectors Rebar *[in addition to Notice of Appeal]* |

| | | | |
|---|---|---|---|
| Weaver Cooke Construction, LLC v. Gouras, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | Doc. No. 956: Granted as to indemnity claim | Motion for Leave to Appeal filed by Weaver Cooke<br>*[in addition to Notice of Appeal]*<br>• **District Court denied motion for leave to appeal on 11/17/14** |
| Weaver Cooke Construction, LLC v. Hamlin Roofing Company, Inc.* and Hamlin Roofing Services, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Indemnity defenses | Doc. No. 953: Granted as to indemnity claim | Motion for Leave to Appeal filed by Weaver Cooke<br>*[in addition to Notice of Appeal]*<br>• **District Court denied motion for leave to appeal on 11/17/14** |
| Weaver Cooke Construction, LLC v. Humphrey Heating and Air Conditioning, Inc.* | • Statute of limitations<br>• Economic loss rule (negligence)<br>• Warranty defenses<br>• Indemnity defenses | Doc. No. 951: Granted as to statute of limitations (negligence and warranty claims); granted in part/denied in part as to indemnity claims | Motion for Leave to Appeal filed by Weaver Cooke<br>*[in addition to Notice of Appeal]*<br>• **District Court denied motion for leave to appeal on 11/17/14** |
| New Bern Riverfront Development, LLC v. Weaver Cooke Construction, LLC, National Erectors Rebar, Inc.* | • Economic loss rule (negligence)<br>• Lack of professional negligence<br>• Indemnity defenses<br>• Contributory negligence | Doc. No. 970: Denied as to all crossclaims except indemnity claim re: design-related damages | Motion for Leave to Appeal filed by National Erectors Rebar<br>*[in addition to Notice of Appeal]* |

| GROUP C: MOTIONS FOR RECONSIDERATION | | | |
|---|---|---|---|
| **Parties**<br>(*filed summary judgment motion) | **Basis for Summary Judgment Motion** | **Bankruptcy Court Ruling** | **Motion for Reconsideration** |
| Weaver Cooke Construction, LLC v. National Reinforcing Systems, Inc.* | • Statute of limitations<br>• Lack of professional duty of care<br>• Contributory negligence<br>• Indemnity defenses<br>• Warranty defenses | Doc. No. 923: Granted because NRS not a proper party<br><br>• *Pending resolution of appeals, this party is no longer in the case* | Motion to Alter or Amend Order filed by National Reinforcing Systems<br>• Bankruptcy Court denied motion (Doc. No. 1143)<br>• Notice of Appeal and Motion for Leave to Appeal filed by National Erectors Rebar (as aggrieved party) |
| National Erectors Rebar, Inc. v. JMW Concrete Contractors* | • Lack of direct negligence<br>• Economic loss rule | Doc. No. 967: Motion denied | Motion to Reconsider filed by JMW Concrete Contractors<br>• Bankruptcy Court denied motion (Doc. No. 1145)<br>• Notice of Appeal and Motion for Leave to Appeal filed by JMW Concrete Contractors as to Doc. Nos. 967 and 1145 |
| Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Warranty defenses<br>• Indemnity defenses | Doc. No. 969: Denied as to breach of warranty claim | Motion to Reconsider filed by East Carolina Masonry<br>• Bankruptcy Court denied motion (Doc. No. 1133<br>• Notice of Appeal and Motion for Leave to Appeal filed by East Carolina Masonry as to Doc. Nos. 969 and 1133 |
| National Erectors Rebar, Inc. v. Johnson's Modern Electric Company, Inc.* | • Derivative claim defenses | Doc. No. 972: Motion denied | Motion to Reconsider filed by Johnson's Modern Electric<br>• Bankruptcy Court denied motion (Doc. No. 1152) |

25

| | | | |
|---|---|---|---|
| New Bern Riverfront Development, LLC v. Travelers Casualty and Surety Company of America* | • Defenses to claim for consequential damages | Doc. No. 1115: Motion denied | Motion to Reconsider and Amend Order filed by Traveler's Casualty and Surety Company of America<br>• Bankruptcy Court granted motion (Doc. No. 1137) |
| Weaver Cooke Construction, LLC v. Waterproofing Specialties, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses<br>• Contributory negligence<br>• Lack of defects | 1. Doc. No. 904: Granted as to statute of limitations (certain defect claims), and certain negligence and breach of warranty claims<br><br>2. Doc. No. 955: Granted as to indemnity claim | Motion for Clarification of Orders filed by Waterproofing Specialties<br>• Bankruptcy Court clarified order as to resolved and remaining claims (Doc. No. 1144)<br>• Notice of Appeal and Motion for Leave to Appeal filed by Waterproofing Specialties as to Doc. No. 1144<br>• Notice of Appeal and Motion for Leave to Appeal filed by Weaver Cooke as to Doc. No. 1144 |
| Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Warranty defenses<br>• Indemnity defenses | Doc. No. 882: Denied as to statute of limitations defense (negligence and warranty claims) | Motion to Reconsider and Amend Order filed by East Carolina Masonry<br>• *Pending Bankruptcy Court Ruling* |

26

| | | | |
|---|---|---|---|
| Weaver Cooke Construction, LLC v. Randolph Stair and Rail Company* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | Doc. No. 905: Denied as to statute of limitations defense (negligence and warranty claims) | Motion to Reconsider filed by Randolph Stair and Rail Company<br>• *Pending Bankruptcy Court Ruling* |
| National Erectors Rebar, Inc. v. Summit Design, Inc.*, Robert P. Armstrong, Jr.*, and Robert P. Armstrong, Jr., Inc.*<br><br>and<br><br>Weaver Cooke as cross-claimant against above-named defendants | • Defenses to claims of professional negligence raised by Weaver Cooke and National Erectors Rebar<br>• Defenses to contract claims raised by National Erectors Rebar | Doc. No. 940: Motion denied | Motion to Reconsider filed by Summit Design, Inc., Robert P. Armstrong, Jr., and Robert P. Armstrong, Jr., Inc.<br>• *Pending Bankruptcy Court Ruling* |

| GROUP D: MOTION FOR CERTIFICATION | | | |
|---|---|---|---|
| **Parties**<br>(*filed summary judgment motion) | **Basis for Summary Judgment Motion** | **Bankruptcy Court Ruling** | **Motion for Certification** |
| Weaver Cooke Construction, LLC v. National Reinforcing Systems, Inc.* | • Statute of limitations<br>• Lack of professional duty of care<br>• Contributory negligence<br>• Indemnity defenses<br>• Warranty defenses | Doc. No. 923: Granted because NRS not a proper party<br><br>• *Pending resolution of appeals, this party is no longer in the case* | Motion for Certification or alternatively, Motion for Leave to Appeal Order filed by National Erectors Rebar (as an aggrieved party)<br>• Bankruptcy Court Granted Motion for Certification (Doc. No. 1157) |

27

## EXHIBIT B*

*Where portions of this chart are blank, either the party did not respond to the court's request for this information or a response was not necessary

| Party | Jury Trial Requested? | Consent to jury trial in bankruptcy court? | Designation of Claims: Core or Non-core?** | If non-core, consent to final judgment by bankruptcy court? |
|---|---|---|---|---|
| New Bern Riverfront Development, LLC | Requested, but consents to bench trial in bankruptcy court | | Core | Yes |
| Weaver Cooke Construction, LLC and Travelers Casualty and Surety Co. of America | Request withdrawn *consents to non-jury trial before bankruptcy court | | | Yes |
| Humphrey Heating & Air Conditioning, Inc. | Request withdrawn *consents to non-jury trial before bankruptcy court | | Core | |
| Hamlin Roofing Co. and Hamlin Roofing Services, Inc. | Not requested | Yes | Non-core | Yes |
| Carlos O. Garcia d/b/a C.N.N.C. | Not requested | Yes | Core | Yes |
| Randolph Stair and Rail Co. | Not requested | Yes | Core | |
| East Carolina Masonry, Inc. | Not requested | Yes | Core | Yes |
| Stock Building Supply, LLC | Requested | Yes | Core | |
| Fluhrer Reed, PA | Requested | Yes | Core | |
| Gouras, Inc. | Requested | Yes | Core | Yes |
| William H. Dail d/b/a DD Company | Requested | Yes | Core | |

28

| Curenton Concrete Works, Inc. | Requested | Yes | Core | |
|---|---|---|---|---|
| Performance Fire Protection, LLC | Requested | Yes | Core | |
| JDavis Architects, PLLC | Requested, | No | Non-core | Yes |
| Summit Design, Inc., Robert Armstrong, Jr., and Robert P. Armstrong Inc. | Requested | No | Non-core | No |
| National Erectors Rebar, Inc. | Requested | No | Non-core | No |
| JMW Concrete Contractors | Requested | No | Non-core | No |
| Johnson's Modern Electric, Inc. | Requested | "Requests a jury trial before the District Court" | Non-core | No |

** Designation made prior to decision in <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011); therefore may not reflect the distinction between "statutorily core" and "constitutionally core."

# EXHIBIT C
## Other Summary Judgment Orders*
*No Notice of Appeal, Motion for Leave to Appeal, or Motion for Reconsideration filed to date

| Parties (*filed summary judgment motion) | Basis for Summary Judgment Motion | Bankruptcy Court Ruling | Present Status of Action |
|---|---|---|---|
| Weaver Cooke Construction, LLC v. Gouras, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | 1. Doc. No. 902: Denied as to statute of limitations defense to negligence and warranty claims<br>2. Doc. No. 932: Denied as to economic loss rule defense | Weaver Cooke's negligence and breach of express warranty claims remain pending against Gouras (Weaver Cooke has appealed an order granting Gouras summary judgment on the indemnity claim) |
| Weaver Cooke Construction, LLC v. Hamlin Roofing Company, Inc.* and Hamlin Roofing Services, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Indemnity defenses | 1. Doc. No. 933: Granted on all claims as to Hamlin Roofing Services, Inc.; Denied as to statute of limitations defense raised by Hamlin Roofing Company, Inc.<br>• *Hamlin Roofing Services is therefore no longer in the case*<br>2. Doc. No. 939: Denying as to economic loss rule defense raised by Hamlin Roofing Company, Inc.<br>3. Doc. No. 960: Denying as to contributory negligence and warranty defenses | • Hamlin Roofing <u>Services</u> is out of the case<br>• Weaver Cooke's negligence and breach of warranty claims remain pending against Hamlin Roofing <u>Company</u> (Weaver Cooke has appealed an order granting Hamlin Roofing Company summary judgment on the indemnity claim) |

| New Bern Riverfront Development, LLC v. Weaver Cooke Construction, LLC* and Travelers Casualty and Surety Company of America* | • Defenses to claims for liquidated damages<br>• Defenses to claims for consequential damages<br>• Defenses to fourth claim for relief | 1. Doc. No. 948: Denied as to liquidated damages<br><br>2. Doc. No. 949: Granted as to consequential damages with regard to Weaver Cooke; ruling deferred as to Travelers (court later granted summary judgment in Traveler's favor on the issue of consequential damages)<br><br>3. Doc. 959: Granted in Weaver Cooke and Travelers' favor as to New Bern's fourth claim for relief | • New Bern Riverfront Development's claim against Weaver Cooke and Travelers for liquidated damages remains pending<br><br>• New Bern Riverfront Development may not maintain a claim for consequential damages against Weaver Cooke or Travelers<br><br>• New Bern Riverfront Development may not maintain its fourth claim for relief against Weaver Cooke or Travelers (unfair and deceptive trade practices) |
| New Bern Riverfront Development, LLC v. Travelers Casualty and Surety Company of America* | • Defenses to timeliness of complaint based on alleged contractual time limitation in the performance bond | Doc. No. 964: Denied as to Traveler's contract defenses | New Bern Riverfront Development's claims against Travelers remain pending |
| New Bern Riverfront Development, LLC* v. Weaver Cooke Construction, LLC | • Breach of contract | Doc. No. 971: Summary judgment denied as to claim against Weaver Cooke for breach of contract | New Bern Riverfront Development's contract claims against Weaver Cooke remain pending |

31

| | | | |
|---|---|---|---|
| Stock Building Supply, LLC v. Carlos O. Garcia, d/b/a C.N.N.C.* | • Defenses to claims of defects<br>• Indemnity defenses<br>• Negligence defenses | Doc. No. 952: Granted as to all of Garcia's claims | *This party is no longer in the case* |
| Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc.* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Contributory negligence<br>• Warranty defenses<br>• Indemnity defenses | Doc. No. 961: Denied as to contributory negligence defense | Weaver Cooke's negligence claim (as to certain defects) and breach of express warranty claims remain pending against ECM; (Weaver Cooke has appealed an order granting ECM partial summary judgment on the negligence claim, as well as an order granting ECM summary judgment on the indemnity claim, and ECM has appealed the denial of summary judgment on the breach of warranty claim) |
| New Bern Riverfront Development, LLC v. Weaver Cooke Construction, LLC and National Erectors Rebar, Inc.* | • Crossclaim against Weaver Cooke for breach of contract | Doc. No. 963: Summary judgment denied as to crossclaim against Weaver Cooke | National Erectors Rebar's crossclaim against Weaver Cooke for breach of contract remains pending |
| Weaver Cooke Construction, LLC v. Stock Building Supply, LLC* and PLF of Sanford, Inc. f/d/b/a Lee Window & Door Company* | • Statute of limitations<br>• Economic loss rule (Negligence)<br>• Indemnity defenses | Doc. No. 903: Granted as to PLF of Sanford and dismissing PLF of Sanford from adversary proceeding | *This party is no longer in the case* |
| Gouras, Inc. v. 5 Boys, Inc.* | • Lack of participation in project<br>• Economic loss rule (negligence) | Doc. No. 912: Granted as to all claims | *This party is no longer in the case* |

| | | | |
|---|---|---|---|
| Weaver Cooke Construction, LLC v. United Forming, Inc.* | • Insufficient evidence to support claims<br>• Economic loss rule (negligence) | Doc. No. 913: Granted as to all claims | *This party is no longer in the case* |
| J. Davis Architects, PLLC v. McKim & Creed, P.A.* | • Insufficient evidence to support claims | Doc. No. 929: Granted as to all claims | *This party is no longer in the case* |

**END OF DOCUMENT**