**SO ORDERED.**

**SIGNED this 28 day of May, 2015.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

NEW BERN RIVERFRONT DEVELOPMENT, LLC               CASE NO. 09-10340-8-SWH

    DEBTOR


NEW BERN RIVERFRONT DEVELOPMENT, LLC

    Plaintiff

    v.

WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; J. DAVIS                ADVERSARY PROCEEDING
ARCHITECTS, PLLC; FLUHRER REED PA;          NO. 10-00023-8-AP
and NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS, INC.,

    Defendants,

    and

WEAVER COOKE CONSTRUCTION, LLC;
and TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendants, Counterclaimants,
    Crossclaimants and Third-Party Plaintiffs,

    v.

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN  ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
    Crossclaimants, Counterclaimants and
    Third-Party Defendants.


    **and**

**NATIONAL ERECTORS REBAR, INC.**
    Defendant, Counterclaimant,
    Crossclaimant and Third-Party
    Plaintiff,

    v.

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
    Third-Party Defendants.

    **and**

**J. DAVIS ARCHITECTS, PLLC,**
    Third-Party Plaintiff,

    v.

**MCKIM & CREED, P.A.,**
    Third-Party Defendant.

    and

**GOURAS, INC.,**
    Third Party Defendant and
    Fourth-Party Plaintiff,

    v.

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
    Fourth-Party Defendants.

    and

**STOCK BUILDING SUPPLY, LLC,**
    Third-Party Defendant and
    Fourth-Party Plaintiff,

    v.

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    Fourth-Party Defendant.

### ORDER DENYING EAST CAROLINA MASONRY'S MOTION FOR RECONSIDERATION AND CERTIFYING ORDER AS FINAL PURSUANT TO RULE 54(b)

The matter before the court is the motion of East Carolina Masonry, Inc. ("ECM") to reconsider and amend this court's order of June 3, 2014, which denied ECM's motion for summary judgment based on a statute of limitations defense (the "June 3, 2014 Order"), as to the claims

contained in the third-party complaint filed by Weaver Cooke Construction, LLC ("Weaver Cooke").  See Order on Summary Judgment Regarding Statute of Limitations East Carolina Masonry, Inc., Doc. No. 882.  The court has reviewed the motion and accompanying memorandum, as well as the memorandum filed in response to the motion, and has reached a decision without the need for hearing.  For the reasons that follow, the motion will be denied.

## BACKGROUND

The relevant facts and procedural history of this matter were recounted in the June 3, 2014 Order and are incorporated herein by reference.  In the underlying motion for summary judgment, ECM argued, among other things, that the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty.  Weaver Cooke's claims against ECM are based on a number of alleged defects involving ECM's installation of brick ties and veneers, sealing of flashing, and spacing between bricks and shelf angles.  ECM argued that the applicable statute of limitations is three years pursuant to N.C. Gen. Stat. § 1-52, and that Weaver Cooke was aware of the alleged defects in 2008, more than three years prior to filing the third party complaint in 2012.  Weaver Cooke maintained that under N.C. Gen. Stat. § 1-50(a)(5)(f), the cause of action did not accrue until the time when the defect was or should have reasonably been discovered.  Weaver Cooke argued that although it may have known of a water intrusion problem more than three years prior to filing its complaint against ECM, it did not know to attribute the water intrusion to ECM's allegedly defective work until receiving an expert's report in 2012, such that the complaint was filed within the applicable statute of limitations.  The court agreed with Weaver Cooke, finding that genuine issues of material fact exist as to whether Weaver Cooke knew or should have known about

4

ECM's alleged defects more than three years prior to filing the complaint, precluding summary judgment.

## DISCUSSION

In the motion presently before the court, ECM seeks reconsideration of the June 3, 2014 Order denying summary judgment. However, the arguments raised in the motion for reconsideration are, at their core, the same arguments raised in support of the motion for summary judgment. Essentially, ECM is again arguing that the applicable statute of limitations is three years, and that Weaver Cooke became aware of the alleged defect in 2008, such that the statute had run by the time Weaver Cooke filed its third party complaint in 2012. Specifically, ECM argues that the court improperly applied N.C. Gen. Stat. § 1-50 in construing the applicable statute of limitations, and instead should have applied N.C. Gen. Stat. § 1-52. This same argument was made in ECM's reply to Weaver Cooke's response to the summary judgment motion, and at the summary judgment hearing. In seeking reconsideration, ECM further relies heavily upon an unpublished opinion, Cape Fear Med. Ctr., LLC v. S.K. Anderson Constr. Co., 183 N.C. App. 154 (N.C. Ct. App. 2007), as support for its argument that N.C. Gen. Stat. § 1-52 is the applicable statute of limitations. This case, however, was previously cited in ECM's reply and argued at the summary judgment hearing.

A motion to reconsider must do more than restate prior arguments. ECM's motion is governed by Rule 54(b) of the Federal Rules of Civil Procedure,[1] which provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action

---

[1] Made applicable to this proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

5

>as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054. The grounds on which courts will grant reconsideration are fairly narrow, and generally extend to only three scenarios: (1) an intervening change in controlling law; (2) additional, previously unavailable evidence; or (3) the prior decision was based on clear error or would work manifest injustice. Akeva, L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005). The bases for reconsideration "'rarely arise and the motion to reconsider should be equally rare.'" DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

Neither an intervening change in the law nor the emergence of previously unavailable evidence are alleged. Thus, the issue is whether the June 3, 2014 Order is based on clear error or would work manifest injustice. For reconsideration to be allowed on this basis, the prior decision cannot be "maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (citations omitted). In other words, it must be "dead wrong." Id. While ECM may believe that the June 3, 2014 Order is "wrong" in that summary judgment was denied, it has not established that the court committed error or that the June 3, 2014 Order would work manifest injustice. Instead, the motion to reconsider essentially repeats the same arguments asserted in connection with the summary judgment motion, which the court duly considered in reaching its decision. Motions to reconsider are allowed only in limited circumstances, in order to compel parties to be thorough in their pleadings and arguments presented to the court in the first instance. DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 318 (E.D.N.C. 2004) (quoting Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003)). Reconsideration is *not* appropriate where a party simply

seeks another "bite at the decisional apple." In re TP, Inc., 486 B.R. 698, 702 (Bankr. E.D.N.C. 2013). Thus, such motions are not an avenue for movants to ask the court to rethink what it already thought through. Id. at 317 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985)). The court will not rethink the June 3, 2014 Order, as ECM's arguments were carefully considered the first time around.

Based on the foregoing, ECM has not established any basis for reconsideration of the June 3, 2014 Order. Accordingly, the motion is **DENIED.** In addition, the court hereby certifies that this order is a final adjudication pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (made applicable here by Rule 7054 of the Federal Rules of Bankruptcy Procedure), and recommends, should this order be appealed, that the district court consider this order as "final" for purposes of certification under Rule 54(b). This court's certification and recommendation of certification of this order are made for the same reasons more specifically set forth in the court's Order Regarding Rule 54(b) Certification of Orders on Summary Judgment as Final Orders dated May 14, 2015.

**END OF DOCUMENT**