**SO ORDERED.**

**SIGNED this 28 day of May, 2015.**

_____
     **Stephani W. Humrickhouse**
     **United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| NEW BERN RIVERFRONT DEVELOPMENT, LLC<br>    DEBTOR | CASE NO. 09-10340-8-SWH |

| | |
|---|---|
| NEW BERN RIVERFRONT DEVELOPMENT, LLC<br>    Plaintiff<br><br>    v.<br><br>WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC.,<br>    Defendants,<br><br>    and<br><br>WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>    Defendants, Counterclaimants,<br>    Crossclaimants and Third-Party Plaintiffs,<br><br>    v. | ADVERSARY PROCEEDING<br>NO. 10-00023-8-AP |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
      **Crossclaimants, Counterclaimants and Third-Party Defendants.**

      **and**

**NATIONAL ERECTORS REBAR, INC.**
      **Defendant, Counterclaimant, Crossclaimant and Third-Party Plaintiff,**

      **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
      **Third-Party Defendants.**

      **and**

**J. DAVIS ARCHITECTS, PLLC,**
 Third-Party Plaintiff,

 v.

**MCKIM & CREED, P.A.,**
 Third-Party Defendant.

 and

**GOURAS, INC.,**
 Third Party Defendant and
 Fourth-Party Plaintiff,

 v.

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
 Fourth-Party Defendants.

 and

**STOCK BUILDING SUPPLY, LLC,**
 Third-Party Defendant and
 Fourth-Party Plaintiff,

 v.

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
 Fourth-Party Defendant.

### ORDER DENYING RANDOLPH STAIR AND RAIL COMPANY'S MOTION FOR RECONSIDERATION AND CERTIFYING ORDER AS FINAL PURSUANT TO RULE 54(b)

The matter before the court is the motion of Randolph Stair and Rail Company ("Randolph Stair") to reconsider this court's order of August 27, 2014, which denied Randolph Stair's motion for summary judgment based on a statute of limitations defense (the "August 27, 2014 Order"), as

to the claims contained in the third-party complaint filed by Weaver Cooke Construction, LLC ("Weaver Cooke"). See Order on Summary Judgment Regarding Statute of Limitations Defense Asserted by Randolph Stair and Rail Company, Doc. No. 905. The court has reviewed the motion and accompanying memorandum, as well as the memorandum filed in response to the motion, and has reached a decision without the need for hearing. For the reasons that follow, the motion will be denied.

## BACKGROUND

The relevant facts and procedural history of this matter were recounted in the August 27, 2014 Order and are incorporated herein by reference. In the underlying motion for summary judgment, Randolph Stair argued, among other things, that the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty. Weaver Cooke's claims against Randolph Stair are based on an alleged defect involving floor line relief angles, or shelf angles, which were used in the subject project's structural system. Randolph Stair argued that the applicable statute of limitations is three years, and that Weaver Cooke was aware of the alleged defect in 2008, more than three years prior to filing the third party complaint in 2012. Weaver Cooke maintained that the defect was a latent one, and was not discovered until later, within the applicable statute of limitations. The court agreed with Weaver Cooke, noting, in addition, the existence of conflicting testimony regarding the alleged defect, and found that genuine issues of material fact exist, precluding summary judgment.

## DISCUSSION

In the motion presently before the court, Randolph Stair seeks reconsideration of the August 27, 2014 Order denying summary judgment. However, the arguments raised in the motion for

reconsideration are, at their core, the same arguments raised in support of the motion for summary judgment. Essentially, Randolph Stair is again arguing that the applicable statute of limitations is three years, and that Weaver Cooke became aware of the alleged defect in 2008, such that the statute had run by the time Weaver Cooke filed its third party complaint in 2012.

The problem with the motion to reconsider is that restating prior arguments does not give rise to relief from a prior order. The motion is governed by Rule 54(b) of the Federal Rules of Civil Procedure,[1] which provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054. The grounds on which courts will grant reconsideration are fairly narrow, and generally extend to only three scenarios: (1) an intervening change in controlling law; (2) additional, previously unavailable evidence; or (3) the prior decision was based on clear error or would work manifest injustice. Akeva, L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005). The bases for reconsideration "'rarely arise and the motion to reconsider should be equally rare.'" DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

Neither an intervening change in the law nor the emergence of previously unavailable evidence are alleged. Thus, the issue is whether the August 27, 2014 Order is based on clear error or would work manifest injustice. For reconsideration to be allowed on this basis, the prior decision cannot be "maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-

---

[1] Made applicable to this proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

week old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (citations omitted). In other words, it must be "dead wrong." Id. While Randolph Stair may believe that the August 27, 2014 Order is "wrong" in that summary judgment was denied, it has not established that the court committed error or that the August 27, 2014 Order would work manifest injustice. Instead, the motion to reconsider essentially repeats the same arguments asserted in connection with the summary judgment motion, which the court duly considered in reaching its decision. Motions to reconsider are allowed only in limited circumstances, in order to compel parties to be thorough in their pleadings and arguments presented to the court in the first instance. DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 318 (E.D.N.C. 2004) (quoting Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003)). Reconsideration is *not* appropriate where a party simply seeks another "bite at the decisional apple." In re TP, Inc., 486 B.R. 698, 702 (Bankr. E.D.N.C. 2013). Thus, such motions are not an avenue for movants to ask the court to rethink what it already thought through. Id. at 317 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985)). The court will not rethink the August 27, 2014 Order, as Randolph Stair's arguments were carefully considered the first time around.

Based on the foregoing, Randolph Stair has not established any basis for reconsideration of the August 27, 2014 Order. Accordingly, the motion is **DENIED.** In addition, the court hereby certifies that this order is a final adjudication pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (made applicable here by Rule 7054 of the Federal Rules of Bankruptcy Procedure), and recommends, should this order be appealed, that the district court consider this order as "final" for purposes of certification under Rule 54(b). This court's certification and recommendation of certification of this order are made for the same reasons more specifically set forth in the court's

Order Regarding Rule 54(b) Certification of Orders on Summary Judgment as Final Orders dated May 14, 2015.

**END OF DOCUMENT**