SO ORDERED.

SIGNED this 4 day of August, 2015.

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

NEW BERN RIVERFRONT DEVELOPMENT,           CASE NO. 09-10340-8-SWH
LLC
     DEBTOR


NEW BERN RIVERFRONT DEVELOPMENT,
LLC
     **Plaintiff**

     v.

WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; J. DAVIS                ADVERSARY PROCEEDING
ARCHITECTS, PLLC; FLUHRER REED PA;         NO. 10-00023-8-AP
and NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS, INC.,
     **Defendants,**

     **and**

WEAVER COOKE CONSTRUCTION, LLC;
and TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
     **Defendants, Counterclaimants,**
     **Crossclaimants and Third-Party Plaintiffs,**

v.

J. DAVIS ARCHITECTS, PLLC, FLUHRER
REED PA, SKYSAIL OWNERS ASSOCIATION,
INC.; NATIONAL REINFORCING SYSTEMS,
INC., ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., CAROLINA CUSTOM
MOULDING, INC., CURENTON CONCRETE
WORKS, INC., WILLIAM H. DAIL d/b/a
DD COMPANY, EAST CAROLINA MASONRY,
INC., GOURAS, INC., HAMLIN ROOFING
COMPANY, INC.; HAMLIN  ROOFING
SERVICES, INC., HUMPHREY
HEATING & AIR CONDITIONING, INC.;
PERFORMANCE FIRE PROTECTION, LLC;
RANDOLPH STAIR AND RAIL COMPANY;
STOCK BUILDING SUPPLY, LLC; PLF OF
SANFORD, INC. f/d/b/a LEE WINDOW &
DOOR COMPANY; UNITED FORMING,
INC. a/d/b/a UNITED CONCRETE, INC.;
JOHNSON'S MODERN ELECTRIC
COMPANY, INC.; and WATERPROOFING
SPECIALITIES, INC.,
          **Crossclaimants, Counterclaimants and**
          **Third-Party Defendants.**


        **and**

NATIONAL ERECTORS REBAR, INC.
          **Defendant, Counterclaimant,**
          **Crossclaimant and Third-Party**
          **Plaintiff,**

        **v.**

ROBERT P. ARMSTRONG, JR., ROBERT
ARMSTRONG, JR., INC., SUMMIT DESIGN
GROUP, INC., JMW CONCRETE
CONTRACTORS, and JOHNSON'S MODERN
ELECTRIC COMPANY, INC.
          **Third-Party Defendants.**

        **and**

2

**J. DAVIS ARCHITECTS, PLLC,**
     **Third-Party Plaintiff,**

       **v.**

**MCKIM & CREED, P.A.,**
     **Third-Party Defendant.**

     **and**

**GOURAS, INC.,**
     **Third Party Defendant and**
     **Fourth-Party Plaintiff,**

       **v.**

**RAFAEL HERNANDEZ, JR., CARLOS**
**CHAVEZ d/b/a CHAVEZ DRYWALL,**
**5 BOYS, INC. and ALEX GARCIA**
**d/b/a/ JC 5,**
     **Fourth-Party Defendants.**

     **and**

**STOCK BUILDING SUPPLY, LLC,**
     **Third-Party Defendant and**
     **Fourth-Party Plaintiff,**

       **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
     **Fourth-Party Defendant.**

### ORDER DENYING GOURAS, INC.'S MOTION FOR RECONSIDERATION AND CERTIFYING ORDER AS FINAL PURSUANT TO RULE 54(b)

The matter before the court is the motion of Gouras, Inc. ("Gouras") to reconsider this court's orders entered on August 25, 2014, and September 17, 2014, which denied Gouras's motion for summary judgment based on its statute of limitations and economic loss defenses (collectively, the "Subject Orders"), as to the claims contained in the third-party complaint filed by Weaver Cooke

3

Construction, LLC ("Weaver Cooke").  <u>See</u> Order Denying Summary Judgment Regarding Statute of Limitations Defense Asserted by Gouras, Incorporated, Doc. No. 902 and Order Denying Summary Judgment Regarding Economic Loss Defense Asserted by Gouras, Incorporated, Doc. No. 932.  A hearing took place in Raleigh, North Carolina, on July 21, 2015.  For the reasons that follow, the motion will be denied.

## BACKGROUND

The relevant facts and procedural history of this matter were recounted in the Subject Orders and are incorporated herein by reference.  In the underlying motion for summary judgment, Gouras argued, among other things, that the statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty.  Weaver Cooke's claims against Gouras are based on alleged defects involving Gouras's installation of Tyvek, which was used for the project's building wrap, and which allegedly caused or contributed to water intrusion in various areas of the project.  Gouras argued that any defects in the installation of Tyvek would have been open and obvious conditions that Weaver Cooke should have been aware of by 2008, and that the deposition testimony of members of Weaver Cooke's management team is consistent with this proposition.  Gouras further argued that Weaver Cooke knew of water intrusion issues starting in 2008, yet the third party complaint was not filed until 2012.

In response, Weaver Cooke contended that it diligently oversaw the work on the project, that its supervisors could not be in all places at all times, that the testimony did not reveal any actual observations of Tyvek installation issues, and that once the brick veneer was installed it would have concealed any Tyvek problems.  Weaver Cooke further argued that although it may have known of a water intrusion problem more than three years prior to filing its complaint against Gouras, it did

not know to attribute the water intrusion to Gouras's allegedly defective work until receiving an expert's report in 2012, such that the complaint was filed within the applicable statute of limitations. The court agreed with Weaver Cooke, finding that a genuine issue of material fact exists as to whether the defects allegedly attributable to Gouras's work were open and obvious conditions that Weaver Cooke should have reasonably been aware of more than three years prior to filing the complaint. The court further held that an issue of fact exists as to whether Weaver Cooke's knowledge of water intrusion issues in 2008 would have put Weaver Cooke on notice that Gouras was potentially responsible for the defects and the resulting damage. As such, the court denied Gouras's motion for summary judgment on this ground.

Gouras additionally contended that the economic loss rule bars Weaver Cooke's negligence claim. Specifically, Gouras argued that the installation of Tyvek was a component of the project, and thus when the Tyvek installation allegedly caused damage by contributing to water intrusion, only economic loss occurred, limiting Weaver Cooke to contract claims against Gouras. The court found that because Weaver Cooke alleges that Gouras's work caused damage to other parts of the project, separate and apart from the Tyvek, the negligence claim is properly brought under an exception to the economic loss rule, and Gouras's summary judgment motion was denied as to this defense as well.

## DISCUSSION

In the motion presently before the court, Gouras seeks reconsideration of the Subject Orders' denial of summary judgment. However, the arguments raised in the motion for reconsideration are, at their core, the same arguments raised in support of the motion for summary judgment. Essentially, Gouras is again arguing that Weaver Cooke should have been aware of the alleged

defects in 2008, such that the statute of limitations had run by the time Weaver Cooke filed its third

party complaint in 2012. Specifically, Gouras argues that members of Weaver Cooke's management

team testified that if Tyvek had been improperly installed, it would have been an open and obvious

condition. Additionally, Gouras contends that although Weaver Cooke may not have known the

extent of the water intrusion issues, Weaver Cooke was aware of the problem in 2008 and should

have determined the source(s) at that time. These same arguments were made in Gouras's summary

judgment motion and at the summary judgment hearing. As to the issue of whether the economic

loss rule applies, Gouras again argues that installing Tyvek was a component of the project, and if

the installation of Tyvek contributed to water intrusion, the ensuing losses are solely economic in

nature. This argument, however, was previously made in Gouras's summary judgment motion and

at the hearing.        A motion to reconsider must do more than restate prior arguments. Gouras's

motion is governed by Rule 54(b) of the Federal Rules of Civil Procedure,[1] which provides, in

pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the
> claims or the rights and liabilities of fewer than all the parties does not end the action
> as to any of the claims or parties and may be revised at any time before the entry of
> a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054. The grounds on which courts will grant

reconsideration are fairly narrow, and generally extend to only three scenarios: (1) an intervening

change in controlling law; (2) additional, previously unavailable evidence; or (3) the prior decision

was based on clear error or would work manifest injustice. Akeva, L.L.C. v. Adidas Am., Inc., 385

F. Supp. 2d 559, 565-66 (M.D.N.C. 2005). The bases for reconsideration "'rarely arise and the

---

[1] Made applicable to this proceeding by Rule 7054 of the Federal Rules of Bankruptcy
Procedure.

motion to reconsider should be equally rare.'" <u>DIRECTV, INC. v. Hart</u>, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985)).

Neither an intervening change in the law nor the emergence of previously unavailable evidence are alleged. Thus, the issue is whether the Subject Orders are based on clear error or would work manifest injustice. For reconsideration to be allowed on this basis, the prior decision cannot be "maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." <u>TFWS, Inc. v. Franchot</u>, 572 F.3d 186, 194 (4th Cir. 2009) (citations omitted). In other words, it must be "dead wrong." <u>Id.</u> While Gouras may believe that the Subject Orders are "wrong" in that summary judgment was denied, it has not established that the court committed error or that the Subject Orders would work manifest injustice. Instead, the motion to reconsider essentially repeats the same arguments asserted in connection with the summary judgment motion, which the court duly considered in reaching its decision. Motions to reconsider are allowed only in limited circumstances, in order to compel parties to be thorough in their pleadings and arguments presented to the court in the first instance. <u>DIRECTV, INC. v. Hart</u>, 366 F. Supp. 2d 315, 318 (E.D.N.C. 2004) (quoting <u>Wiseman v. First Citizens Bank & Trust Co.</u>, 215 F.R.D. 507, 509 (W.D.N.C. 2003)). Reconsideration is *not* appropriate where a party simply seeks another "bite at the decisional apple." <u>In re TP, Inc.</u>, 486 B.R. 698, 702 (Bankr. E.D.N.C. 2013). Thus, such motions are not an avenue for movants to ask the court to rethink what it already thought through. <u>Id.</u> at 317 (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906,909 (3rd Cir. 1985)). The court will not rethink the Subject Orders, as Gouras's arguments were carefully considered the first time around.

Based on the foregoing, Gouras has not established any basis for reconsideration of the Subject Orders.  Accordingly, the motion is **DENIED.**  In addition, the court hereby certifies that this order is a final adjudication pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (made applicable here by Rule 7054 of the Federal Rules of Bankruptcy Procedure), and recommends, should this order be appealed, that the district court consider this order as "final" for purposes of certification under Rule 54(b).  This court's certification and recommendation of certification of this order are made for the same reasons more specifically set forth in the court's Order Regarding Rule 54(b) Certification of Orders on Summary Judgment as Final Orders dated May 14, 2015.

**END OF DOCUMENT**