**SO ORDERED.**

**SIGNED this 21 day of September, 2015.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

NEW BERN RIVERFRONT DEVELOPMENT, LLC          CASE NO. 09-10340-8-SWH

    DEBTOR


NEW BERN RIVERFRONT DEVELOPMENT, LLC

    Plaintiff

    v.

WEAVER COOKE CONSTRUCTION, LLC;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; J. DAVIS          ADVERSARY PROCEEDING
ARCHITECTS, PLLC; FLUHRER REED PA;    NO. 10-00023-8-AP
and NATIONAL ERECTORS REBAR, INC. f/k/a
NATIONAL REINFORCING SYSTEMS, INC.,

    Defendants,

    and

WEAVER COOKE CONSTRUCTION, LLC;
and TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendants, Counterclaimants,
    Crossclaimants and Third-Party Plaintiffs,

    v.

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
    Crossclaimants, Counterclaimants and
    Third-Party Defendants.

    **and**

**NATIONAL ERECTORS REBAR, INC.**
    Defendant, Counterclaimant,
    Crossclaimant and Third-Party
    Plaintiff,

    v.

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
    Third-Party Defendants.

    **and**

**J. DAVIS ARCHITECTS, PLLC,**
    Third-Party Plaintiff,

    v.

**MCKIM & CREED, P.A.,**
    Third-Party Defendant.

    and

**GOURAS, INC.,**
    Third Party Defendant and
    Fourth-Party Plaintiff,

    v.

**RAFAEL HERNANDEZ, JR., CARLOS CHAVEZ d/b/a CHAVEZ DRYWALL, 5 BOYS, INC. and ALEX GARCIA d/b/a/ JC 5,**
    Fourth-Party Defendants.

    and

**STOCK BUILDING SUPPLY, LLC,**
    Third-Party Defendant and
    Fourth-Party Plaintiff,

    v.

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    Fourth-Party Defendant.

### ORDER DENYING HAMLIN ROOFING COMPANY INC.'S MOTION FOR RECONSIDERATION AND CERTIFYING ORDER AS FINAL PURSUANT TO RULE 54(b)

This matter came on to be heard upon the motion of Hamlin Roofing Company, Inc. ("Hamlin") to reconsider (1) this court's order dated September 18, 2014, with regard to the court's denial of Hamlin's motion for summary judgment based on a statute of limitations defense (the

"Statute of Limitations Order"), (2) this court's order dated September 22, 2014, with regard to the denial of summary judgment based upon a defense under the economic loss rule (the "Economic Loss Rule Order"), and (3) both the Statute of Limitations Order and the Economic Loss Rule Order regarding the issue of evidence of damages, as to the claims contained in the third-party complaint filed by Weaver Cooke Construction, LLC ("Weaver Cooke").[1]  See Order Regarding Hamlin Roofing Company, Inc. and Hamlin Roofing Services, Inc.'s Motion for Summary Judgment on Weaver Cooke Construction LLC's Second, Third-Party Complaint, Doc. No. 933, and Order Denying Summary Judgment Regarding Economic Loss Defense Asserted by Hamlin Roofing Company, Inc., Doc. No. 939, respectively.  A hearing took place in Raleigh, North Carolina on July 21, 2015.  For the reasons that follow, the motion will be denied.

## BACKGROUND

The relevant facts and procedural history of this matter were recounted in the Statute of Limitations Order, as well as the Economic Loss Rule Order (collectively, the "Orders"), and are incorporated herein by reference.  In the underlying motion for summary judgment, Hamlin argued, among other things, that the applicable statute of limitations bars Weaver Cooke's claims of negligence and breach of express warranty.  Weaver Cooke's claims against Hamlin are based on alleged defects in the process of Hamlin's installation of the thermoplastic polyolefin ("TPO") roofing membrane.  Hamlin argued that the applicable statute of limitations is three years, and that Weaver Cooke was aware of the alleged defective condition in 2008, more than three years prior to filing the third party complaint in 2012.  Weaver Cooke contended that Hamlin failed to properly

---

[1] Hamlin Roofing Services, Inc. was granted summary judgment in the Economic Loss Rule Order.

communicate with other subcontractors, who cut the TPO membrane Hamlin installed in order to complete their own work, and that Hamlin failed to complete its installation of the TPO, thereby contributing to water intrusion at the project's roof.  Weaver Cooke further argued that it was not aware of Hamlin's alleged contribution to the water intrusion problems until receiving a particular expert report in 2012, which was within the applicable statute of limitations.  The court found that genuine issues of material fact exist as to whether Weaver Cooke knew that the TPO had been cut by another subcontractor, so as to have put Weaver Cooke on notice that Hamlin had not completed the installation of the TPO more than three years before the third party complaint was filed.  The court further found that a dispute exists as to whether Hamlin had a duty to return to the project to perform another task after laying the TPO.  As such, Hamlin's motion for summary judgment was denied as to the statute of limitations defense.

     Hamlin additionally sought summary judgment on Weaver Cooke's negligence claim, arguing that such claim is barred by the economic loss rule.  The court found that Weaver Cooke's alleged damages relate to property other than that which was the subject matter of Weaver Cooke's contract with Hamlin.  The court noted that although Weaver Cooke claimed damages from the alleged defective installation of the roofing membrane, Weaver Cooke also argued that Hamlin's alleged negligence caused damage to other parts of the project, including interior condo units and flooring.  The court therefore concluded that Weaver Cooke's negligence claim was properly brought under an exception to the economic loss rule, and Hamlin's motion for summary judgment was denied in this regard.

**DISCUSSION**

In the motion presently before the court, Hamlin seeks reconsideration of the Orders on three grounds: (1) the court's application of the statute of limitations, (2) the court's application of the economic loss rule, and (3) whether the court considered the argument that Weaver Cooke has not presented any evidence in connection with its claim for damages. The court will begin by considering Hamlin's first two grounds for reconsideration, and finds that the arguments raised in the motion for reconsideration are, at their core, the same arguments raised in support of the motion for summary judgment. First, Hamlin is essentially arguing that the applicable statute of limitations is three years, and that Weaver Cooke became aware of the alleged defect in 2008, such that the statute had run by the time Weaver Cooke filed its third party complaint in 2012. Second, as to the economic loss rule defense, Hamlin again argues that Weaver Cooke's negligence claim stems from Hamlin's allegedly deficient performance of its contractual obligations, and thus only economic losses were sustained. Both of these arguments were made in Hamlin's summary judgment motion and at the summary judgment hearing.

The problem with the motion to reconsider is that restating prior arguments does not give rise to relief from a prior order. Although Hamlin filed the motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure, the motion is governed by Rule 54 of the Federal Rules of Civil Procedure.[2] Rule 54(b) provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[2] Made applicable to this adversary proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054. Thus, a Rule 54(b) motion is the appropriate tool for seeking reconsideration of an interlocutory order, as it does not resolve all claims against all parties. Saint Annes Dev. Co., Inc. v. Trabich, 443 Fed. Appx. 829, 832 (4th Cir. 2011). The grounds on which courts will grant reconsideration are fairly narrow, and generally extend to only three scenarios: (1) an intervening change in controlling law; (2) additional, previously unavailable evidence; or (3) the prior decision was based on clear error or would work manifest injustice. Akeva, L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005). The bases for reconsideration "'rarely arise and the motion to reconsider should be equally rare.'" DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

Neither an intervening change in the law nor the emergence of previously unavailable evidence are alleged. Thus, the issue is whether the Orders are based on clear error or would work manifest injustice. For reconsideration to be allowed on this basis, the prior decision cannot be "maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (citations omitted). In other words, it must be "dead wrong." Id. While Hamlin may believe that the Orders are "wrong" in that summary judgment was denied, it has not established that the court committed error or that the Orders would work manifest injustice. Instead, the motion to reconsider essentially repeats the same arguments asserted in connection with the summary judgment motion, which the court duly considered in reaching its decision. Motions to reconsider are allowed only in limited circumstances, in order to compel parties to be thorough in their pleadings and arguments presented to the court in the first instance. DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 318 (E.D.N.C.

2004) (quoting Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003)). Reconsideration is *not* appropriate where a party simply seeks another "bite at the decisional apple." In re TP, Inc., 486 B.R. 698, 702 (Bankr. E.D.N.C. 2013). Thus, such motions are not an avenue for movants to ask the court to rethink what it already thought through. Id. at 317 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985)). The court will not rethink the Orders, as Hamlin's arguments were carefully considered the first time around.

As a final ground for reconsideration of the Orders, Hamlin asserts the court did not address its argument at summary judgment that Weaver Cooke has not offered any evidence of the damages it claims were caused by Hamlin. The court acknowledges that the Orders did not explicitly address this argument, but the court will do so herein. Hamlin points to Weaver Cooke's discovery responses, which stated that it had not yet quantified its damages, but would supplement its answers at a later date. Hamlin argues that Weaver Cooke has not supplemented its discovery responses, nor has Weaver Cooke offered evidence specifically attributing damages to Hamlin during the summary judgment proceedings. Hamlin seeks clarification from the court as to whether Weaver Cooke has satisfied its burden of proof at the summary judgment stage with regard to evidence of damages. Weaver Cooke contends that it satisfied its burden by offering the deposition testimony of the plaintiff New Bern Riverfront Development's expert George Barbour, in support of its contention that Hamlin did not comply with its standard of care.

The court has revisited its rulings and their underpinnings and finds them to be well-based. The court specifically analyzed Hamlin's damages argument. Hamlin asserts that Weaver Cooke has offered no evidence that it suffered any damages allegedly caused by any act or omission of Hamlin, that Weaver Cooke's discovery responses merely asserted that damages occurred, with no

quantification of said damages, and that those discovery responses have never been supplemented. The court determined that issues existed regarding whether Hamlin had a duty to 1) return to the jobsite to tack the TPO over the parapet (the termination of the roofing at the cornice work) after the brick was installed, 2) properly communicate with Carolina Custom Molding, Inc. to coordinate their respective work, and 3) to communicate with Weaver Cooke that its work was incomplete at the time Hamlin left the jobsite. If it is found that such duties existed, Hamlin may be liable for water intrusion damages. See Statute of Limitations Order and Economic Loss Rule Order, Doc. Nos. 933 and 939, respectively.

Weaver Cooke's claims against Hamlin are derivative – it asks for recovery of damages only to the extent that it is held liable for such damages. Water intrusion is one of the primary types of damage asserted in the litigation – information related to damages is plentiful in the record. Rule 26(a) of the Federal Rules of Civil Procedure requires disclosure of damages; Rule 26(e) requires supplementation of such disclosure. However, the supplemental disclosure must be within a reasonable time if the information has not been otherwise made known to the other parties during the discovery process. Clearly in this case such damages regarding water intrusion have been made well known.

Additionally, Hamlin had the opportunity to seek to compel supplementation of the interrogatory responses, but failed to do so within the discovery period. Summary judgment is not a substitute. See Malik v. Falcon Holdings, LLC, 675 F.3d 646 (7th Cir. 2012) (finding that if a party thinks another party has failed to perform its obligations under the rules, that party should ask for a sanction before discovery closes, rather than waiting until a motion for summary judgment to seek relief).

Based on the foregoing, Hamlin has not established any basis for reconsideration of the Orders. Accordingly, the motion is **DENIED.** In addition, the court hereby certifies that this order is a final adjudication pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (made applicable here by Rule 7054 of the Federal Rules of Bankruptcy Procedure), and recommends, should this order be appealed, that the district court consider this order as "final" for purposes of certification under Rule 54(b). This court's certification and recommendation of certification of this order are made for the same reasons more specifically set forth in the court's Order Regarding Rule 54(b) Certification of Orders on Summary Judgment as Final Orders dated May 14, 2015.

**END OF DOCUMENT**