IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NATIONAL ERECTORS REBAR, INC.,
    Appellant,

v.

WEAVER COOKE CONSTRUCTION, LLC,
and NATIONAL REINFORCING SYSTEMS,
INC.,
    Appellees.

No. 5:15-CV-135-BR

NATIONAL ERECTORS REBAR, INC.,
    Appellant,

v.

WEAVER COOKE CONSTRUCTION, LLC,
and NATIONAL REINFORCING SYSTEMS,
INC.,
    Appellees.

No. 5:15-CV-279-BR

ORDER

This matter is before the court on National Erectors Rebar, Inc.'s ("NER") appeals from the 10 September 2014 and 12 March 2015 orders of United States Bankruptcy Judge Stephani W. Humrickhouse.  The issues have been fully briefed and are ripe for disposition.

## I.    BACKGROUND

This dispute arises out of a real estate development project, a luxury condominium complex, in New Bern, North Carolina.  Appellee Weaver Cooke Construction, LLC ("Weaver Cooke") served as the project's general contractor.  In September 2006, Weaver Cooke entered into a purchase order contract with appellee National Reinforcing Systems, Inc. ("NRS") to

provide materials and equipment for the design of the post-tensioned concrete system for the project. Thereafter, Weaver Cooke entered into a separate contract with NER to install that system. Prior to the execution of these agreements, however, NRS and NER had merged, with NER as the surviving corporation, as set forth in the Articles of Merger filed with the North Carolina Secretary of State on 12 July 2006.

In March 2009, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, filed suit in state court against various parties, including Weaver Cooke and National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc., based on the allegedly defective construction of the project. In June 2009, Weaver Cooke answered the complaint and asserted crossclaims against NER *and* NRS. In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the bankruptcy court.

In May 2010, New Bern filed its first amended complaint. Weaver Cooke and National Erectors Rebar, Inc. f/k/a National Reinforcing Systems, Inc. remained defendants. Weaver Cooke answered New Bern's first amended complaint and asserted crossclaims for negligence, contractual indemnity, and breach of express warranty against NER *and* NRS, alleging the fact of the companies' merger and that "[NER], as a result of its ownership and relationship of [NRS], is legally responsible and liable for all claims, acts, and obligations of [NRS]." (Case No. 5:15-CV-279-BR, DE # 9, at 55.) In July 2010, Weaver Cooke filed a motion for leave to file a third-party complaint against NRS. In that motion, Weaver Cooke represented that

> 12.  [NRS] has raised an issue as to whether it is properly before this Court, taking the position that it is not named by [New Bern] as a defendant in this case, and [New Bern] did not serve [NRS] with a summons or copy of the original Complaint; and as a result, [New Bern]'s service of the Amended Complaint was insufficient to confer jurisdiction over [NRS].

2

> 13. While Weaver Cooke maintains that the Court has jurisdiction of [NRS] by virtue of the Weaver Cooke's service upon [NRS] of a summons and copy of Weaver Cooke's Answer, Counterclaims and Crossclaims, and a copy of Plaintiff's original Complaint, on August 24, 2009; and [NRS]'s filing of a Motion to Dismiss and Response to Weaver Cooke's Crossclaim; in order to provide clarity and certainty, Weaver Cooke has agreed with [NRS] to assert Weaver Cooke's claims against [NRS] in this action, by way of a third-party complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure and Rule 7014 of the Federal Rules of Bankruptcy Procedure.

(Id., DE # 12, at 31.) The court granted the motion, and Weaver Cooke filed a third-party complaint against NRS, asserting claims for negligence, contractual indemnity, and breach of express warranty.

NRS filed a motion for summary judgment on Weaver Cooke's third-party claims. On 10 September 2014, the bankruptcy court granted the motion, concluding that based on N.C. Gen. Stat. § 55-11-06(a)(1), (3), NRS's existence ceased as of the merger and that NER, as the surviving corporation, is responsible for NRS's liability, if any, to Weaver Cooke. NRS then filed a motion to alter or amend that order, requesting that the court affirm its decision that NRS is entitled to summary judgment but do so on the grounds NRS raised in support of its motion for summary judgment, e.g., statute of limitations, or, alternatively, to clarify that NER is not legally liable for the actions of NRS. NER filed a response in support of NRS's motion. On 12 March 2015, the bankruptcy court denied the motion. NER filed notices of appeal from the bankruptcy court's orders. The bankruptcy court certified the orders as final pursuant to Federal Rule of Civil Procedure 54(b) and recommended that this court consider the orders as final. Thereafter, this court certified the orders as final.

## II.    DISCUSSION

The first issue the court must address is whether NER has standing to appeal.

> In order to appeal a bankruptcy court's order to the district court, the appellant must demonstrate that he has been aggrieved by the order. White v.

> Univision of Virginia, Inc., 401 F.3d 236, 244 (4th Cir. 2005). A party is aggrieved if he is "directly and adversely affected pecuniarily"— if he has financial stake in the order being appealed." In re Westwood Community Two Ass'n, 293 F.3d 1332, 1335 (11th Cir. 2002). A person has a financial stake in a bankruptcy court order when the order "'diminishes [his] property, increases [his] burdens or impairs [his] rights.'" Id. (quoting In re Troutman Enters., 286 F.3d 359, 364 (6th Cir. 2002)); see also In re Fondiller, 707 F.2d 441, 442 (9th Cir. 1983), cited with approval in Land–O–Sun Dairies, Inc. v. Pine State Creamery Co., 200 B.R. 125, 127 (E.D.N.C. 1996).

In re Babb, No. 7:09-MC-11-H, 2010 WL 9447507, at *1 (E.D.N.C. July 12, 2010)(alterations in original), aff'd, 423 F. App'x 349 (4th Cir. 2011).

The bankruptcy court found that NER is legally responsible in this proceeding for any liability of NRS as to Weaver Cooke. This conclusion adversely affects NER's pecuniary interest inasmuch as NER, rightly or wrongly, has opted to rely on NRS (who has appeared in this action and is represented by separate counsel) to defend the post-tensioned concrete design-related claims. With NRS no longer a party, it will now bear that expense/burden and therefore has been aggrieved by the bankruptcy court's orders.

Turning to the merits of the appeals, this court reviews the bankruptcy court's summary judgment decision *de novo*.[1] Thus, "[o]n summary judgment, in the bankruptcy court or on appeal, the same standard is employed." Edmond v. Consumer Prot. Div. (In re Edmond), 934 F.2d 1304, 1307 (4th Cir. 1991). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Fed. R. Bank. P. 7056 (incorporating same standard for Federal Rule of Civil Procedure 56 in adversary proceedings).

---

[1] This standard of review applies in this non-core proceeding whether one views the bankruptcy court's decision as proposed conclusions of law as Weaver Cooke suggests or as a final order which NER suggests. See 28 U.S.C. § 157(c)(1); Zurich Am. Ins. Co. v. Tessler (In re J.A. Jones, Inc.), 492 F.3d 242, 249 (4th Cir. 2007); Humboldt Express, Inc. v. The Wise Co. (In re Apex Express Corp.), 190 F.3d 624, 630 (4th Cir. 1999).

NER contends that Weaver Cooke's and NRS's "binding admissions" establish that NRS is a proper party to the third-party action. Specifically, it cites Weaver Cooke's assertions in its third-party party complaint that NRS "is a party to this action as to which the Court has jurisdiction . . . and [NRS] is a party who is or may be liable to Weaver Cooke for all o[r] part of the claim against Weaver Cooke," (Case No. 5:15-cv-135-BR, DE # 62, at 91), and that "[o]n or about September 26, 2006, Weaver Cooke entered a written purchase order subcontract with [NRS] for [NRS] to perform certain design, labor and materials in connection with the post-tensioned concrete components . . . ," (id. at 92). As noted previously, before the filing of its third-party complaint, Weaver Cooke asserted crossclaims against both NRS and NER, alleging that the companies had merged, with NER being the surviving entity which is legally responsible for the acts of NRS. Only after apparent prompting from NRS did Weaver Cooke file the third-party complaint. Weaver Cooke obviously filed this pleading alternatively to its crossclaims against NER for its liability based on NRS's acts, and therefore, the assertions therein are not be deemed judicially binding admissions. See McNamara v. Picken, 950 F. Supp. 2d 125, 128 (D.D.C. 2013) (holding that plaintiff's pleading alternative breach of employment contract claim was not judicial admission that there was an employment relationship rather than a partnership). Furthermore, although "[j]udicial admissions are not . . . limited to affirmative statements that a fact exists" but "also include intentional and unambiguous waivers that release the opposing party to prove the facts necessary to establish the waived conclusion of law," Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264-65 (4th Cir. 2004) (citation omitted), Weaver Cooke's assertions do not amount to an admission that NRS is a proper party to the third-party complaint. In this case, that question is purely legal, and a party cannot admit to what amounts to a legal impossibility. See id. at 265 n.2 (recognizing that "*the court* is not bound by a party's

5

conception of the legal effect of certain facts" (citation omitted) (emphasis in original)).  For the same reason, the fact that NRS has admitted that it is a separate entity and that it entered into a contract with Weaver Cooke is of no consequence.

NER suggests summary judgment is not proper because genuine issues of material fact exist as to NRS's post-merger acts on the project.  "[W]hether NRS was allowed to act independently after the merger and enter into a contract with Weaver Cooke," (Appellant Br., Case No. 5:15-CV-135-BR, DE # 78, at 22), is not material.  As a matter of law, NRS did not exist after the merger, and therefore, it could not have contracted with Weaver Cooke after the merger.  As the bankruptcy court recognized, if there really was some issue with a group of persons purporting to operate post-merger as NRS, it was up to NER, as the surviving entity responsible for any liability created by the actions of NRS, to rectify the problem.

Finally, even assuming NRS is not a proper party, NER argues that the bankruptcy court should have ruled on the substance of NRS's summary judgment motion to allow NER, as the surviving corporation, the benefits of any arguments NRS raised to defeat Weaver Cooke's claims.  While NER may succeed to any rights of NRS against Weaver Cooke, see Feibus & Co. v. Godley Constr. Co., 271 S.E.2d 385, 392 (N.C. 1980), *NER* must assert those rights directly against Weaver Cooke.  Therefore, once the bankruptcy court concluded that NRS was not a proper party, the court properly did not go on to consider the arguments *NRS* raised against Weaver Cooke in support of its summary judgment motion.

In sum, prior to the filing of Weaver Cooke's third-party complaint, NRS had merged into NER.  By operation of law, NRS no longer exists.  Accordingly, NRS is not a proper party to the third-party complaint and NER is responsible for the liabilities of NRS to Weaver Cooke.[2]

---

[2] The court has not considered the affidavit of Brian Armstrong in reaching this conclusion.

Having so concluded, there is no reason to disturb the bankruptcy court's denial of NRS's motion to alter or amend its earlier order.

The 10 September 2014 and 12 March 2015 orders of the bankruptcy court are AFFIRMED.

This 28 January 2016.

_____

W. Earl Britt

Senior U.S. District Judge