IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-98-BR

EAST CAROLINA MASONRY, INC.,
    Appellant,

v.

WEAVER COOKE CONSTRUCTION, LLC,
    Appellee.

ORDER

This matter is before the court on East Carolina Masonry, Inc.'s ("ECM") appeal from the 30 September 2014 and 23 February 2015 orders of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

## I.    BACKGROUND

This dispute arises out of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. Appellee Weaver Cooke Construction, LLC ("Weaver Cooke") served as the project's general contractor and subcontracted with ECM. In March 2009, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, filed suit in state court against various parties, including Weaver Cooke. In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the bankruptcy court. In May 2010, Weaver Cooke answered New Bern's first amended complaint and asserted third-party claims. With leave of court, in June 2012, Weaver Cooke filed its second third-party complaint, asserting claims against numerous subcontractors, including ECM, for negligence, contractual indemnity, and breach of express warranty.

ECM filed a motion for summary judgment on all Weaver Cooke's claims. On 30 September 2014, Judge Humrickhouse denied the motion to the extent ECM argued that Weaver Cooke's breach of express warranty claim fails as a matter of law. Specifically, ECM argued this claim failed because, under North Carolina law, a breach of express warranty claim does not exist outside the sale of goods under the Uniform Commercial Code ("U.C.C."). The bankruptcy court concluded that the claim was essentially a breach of contract claim and that Weaver Cooke had produced sufficient evidence to create a genuine issue of material fact to warrant denial of the motion for summary judgment. ECM subsequently filed a motion for reconsideration and to alter or amend the order. On 23 February 2015, the bankruptcy court concluded no cause existed for reconsideration and denied the motion.

The bankruptcy court later certified the orders as final pursuant to Federal Rule of Civil Procedure 54(b) and recommended that this court consider the orders as final. ECM filed a notice of appeal from the bankruptcy court's two orders and a motion for leave to appeal the orders. Thereafter, this court certified the orders as final and accordingly concluded ECM's motion for leave to appeal was moot.

## II.    DISCUSSION

The issues before the court are (1) whether Weaver Cooke has pled a breach of contract claim against ECM and (2) whether North Carolina recognizes a cause of action based on breach of express warranty outside the U.C.C. The issues are ones of law, which the court reviews *de novo*. See E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-252-BR, DE # 77, at 3-4 (E.D.N.C. Jan. 20, 2016).

Turning to the first issue, under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract."

2

<u>Supplee v. Miller-Motte Bus. Coll., Inc.</u>, 768 S.E.2d 582, 590 (N.C. Ct. App. 2015) (internal quotation marks and citation omitted).  The pertinent allegations in Weaver Cooke's second third-party complaint follow.

> 5.	Third-Party Defendant East Carolina Masonry, Inc. ("East Carolina") is a North Carolina Corporation with its principal place of business in Greenville, North Carolina, doing business throughout the State of North Carolina; is a party to this action as to which the Court has jurisdiction; and the claims being asserted against it arise out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, and it is a party who is or may be liable to Weaver Cooke for all of part of the claims against Weaver Cooke.
> . . . .
> 17.	On or about July 27, 2006, Weaver Cooke entered into a written contract (the "Construction Contract") with Plaintiff, the Owner on the project for construction of the SkySail Condominiums located at 100 Middle Street, New Bern, North Carolina (the "Project") at which Weaver Cooke was to provide the required labor and materials to construct the Project, and Plaintiff was to compensate Weaver Cooke for the labor performed and materials furnished.
> 18.	At various times in 2006 and 2007, Weaver Cooke entered into written subcontract agreements (the "Subcontracts") with each of the Third-Party Defendants named in Paragraphs 2 through 14 to perform certain work, design, labor and/or materials as defined in said Subcontracts, including any modifications thereto.
> 19.	Upon information and belief, each said Third-Party Defendant is in possession of a complete copy of its Subcontract.
> 20.	Plaintiff filed a First Amended Complaint (the "Amended Complaint") against Weaver Cooke and other parties, a copy of which is attached as "Exhibit A"; wherein Plaintiff has alleged that certain portions of the Project are defective, requiring repair or replacement of such portions of the Project.
> 21.	On June 7, 2012, Plaintiff was granted leave to file a supplemental complaint; and on June 8, 2012, Plaintiff filed Plaintiff New Bern Riverfront Development, LLC's First Supplemental Complaint (the "Supplemental Complaint"), a copy of which is attached hereto as Exhibit B"; wherein Plaintiff has alleged that certain other portions of the Project are defective, requiring repair or replacement of such portions of the Project.

22. Plaintiff further has alleged and asserted, and Weaver Cooke denies, that work performed by Weaver Cooke in connection with the Project, through such Third-Party Defendants was defective or otherwise not in conformance with the requirements of the Construction Contract, and alleging that Weaver Cooke is responsible for the cost of repairing or replacing such work, and other damages as an alleged consequence thereof.

23. At least some portions of the alleged but denied deficiencies and nonconformities relate to the work, design, labor performed and/or materials supplied by each of the said Third-Party Defendants in connection with their Subcontract; and relate to injury or damage to property other than that of the Third-Party Defendant, and to property other than property which is the subject of their Subcontract.

. . . .

### THIRD CLAIM FOR RELIEF AGAINST THIRD-PARTY DEFENDANTS

(Breach of Express Warranty)

32. Paragraphs 1 through 31 above are realleged and incorporated herein by reference.

33. Under their various Subcontracts, each Third-Party Defendant warranted that all labor, materials and equipment furnished thereunder would be of good quality, and that its work would be free from defects not inherent in the quality required or permitted, and that its work would conform to the requirements of the Contract Documents.

34. Under their respective Subcontracts each Third-Party Defendant also agreed for the period specified in the Contract Documents, to warrant its work against all defects of materials and/or workmanship and agreed to repair or replace any broken, defective, malfunctioning, or unsatisfactory items to the satisfaction and acceptance of Weaver Cooke, Plaintiff and/or defendant J. Davis Architects; and to the extent no such guaranty or warranty was required of Weaver Cooke in the Contract Documents, then each Third-Party Defendant agreed to guarantee and warrant its work for a period of one (1) year from final completion of the Project, or for such other period as required by the Contract Documents.

>      35.     To the extent it is determined that any of the work performed by Weaver Cooke in connection with the Project was defective or otherwise not in conformance with the requirements of the Construction Contract, and to the extent it is determined that any such alleged deficiencies or nonconformities relate to the design, labor or materials supplied by Third-Party Defendants, or any of them, in connection with the Project, then each such Third-Party Defendant is in breach of the aforesaid warranties and guarantees.
>
>      36.     To the extent Weaver Cooke is liable, in any amount, arising out of design, labor or materials provided by Third-Party Defendants, or any of them, in connection with the Project, any and all such liability being expressly denied by Weaver Cooke, then such Third-Party Defendants are liable to Weaver Cooke for all such amounts, as a direct and proximate result of its breach of warranty, plus interest and attorney's fees as allowed by law.

(DE # 60.)  These allegations sufficiently allege a breach of contract claim, with the operative contract being the subcontract between the parties which contains certain warranties.  Weaver Cooke's labelling the claim in its pleading as "breach of express warranty," rather than "breach of contract," is of no consequence.  ECM has been well aware of the factual basis of the claim given the extensive discovery regarding the defective construction and accordingly has not suffered any prejudice.  See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995) ("Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet this extremely modest standard [of notice pleading]."); Strickland v. Jewell, 562 F. Supp. 2d 661, 670-71 (M.D.N.C. 2007) (declining to grant summary judgment to the defendant on the plaintiff's mislabeled assault claim where the plaintiff had actually pled the elements of a battery claim); Holstrom v. Taylor Pub. Co., No. 1:90CV00192, 1992 WL 236958, at *3 (M.D.N.C. June 5, 1992) ("Rule 8(f) of the Fed. R. of Civ. P. requires that all pleadings be construed so as to do substantial justice.  Courts, in construing this rule, have found that a pleading does not fail because it was mislabeled by a party's counsel.  Accordingly, this court will not grant the

5

Defendant summary judgment as to this claim merely because the Plaintiff labeled it as a promissory estoppel claim instead of as an implied contract claim.").

ECM makes much of the fact that a party cannot assert a new claim after discovery has begun without amending its complaint. See Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 F. App'x 556, 560, 562-64 (4th Cir. 2008) (recognizing that "'[e]fficiency and judicial economy require that the liberal pleading standards under *Swierkiewicz* and Rule 8(a) are inapplicable after discovery has commenced'" and holding that the plaintiff's amended complaint put the defendant on fair notice of a breach of contract claim based on extra work performed, but it did not put the defendant on notice of any claim based on disputed change orders because the amended complaint did not include allegations about those change orders and consequently deprived the defendant of the opportunity for discovery on the issue). However, Weaver Cooke is not asserting a new claim in response to ECM's motion for summary judgment. A breach of contract claim is alleged in its second third-party complaint.

Relying on Everts v. Parkinson, 555 S.E.2d 667 (N.C. Ct. App. 2001), ECM additionally argues that even if Weaver Cooke has alleged a breach of contract claim, "the only alleged breach would be the failure to live up to the express warranties set forth in Article 15 [of the parties' subcontract] which . . . the North Carolina Court of Appeals has held do[es] not give rise to a cause of action outside the U.C.C. setting." (Br., DE # 85, at 20.)  In Everts, the plaintiffs, home buyers, brought suit against the sellers and others arising out of repairs made to the home resulting from water intrusion and wood rot. 555 S.E.2d at 670. The plaintiffs alleged a number of claims against the sellers, including breach of contract and breach of express warranty. Id. In considering the plaintiffs' appeal from the trial court's granting of summary judgment to the sellers on the breach of express warranty claim, the Court of Appeals noted that the complaint

6

alleged that the sellers provided an express warranty within the contact.  Id. at 677.  The court then recognized that "[b]reach of express warranty claims are generally governed by the [U.C.C.]" and that the U.C.C. does not apply to the sale of real property, which is not a "good." Id. (citations omitted).  As such, the court upheld the trial court's granting of summary judgment on the claim.  Id.  The court, however, added, "It appears that a claim for breach of contract, rather than breach of express warranty, is the proper cause of action available to plaintiffs in such cases."  Id.

It is important to note that the Everts court did not consider whether the plaintiffs had in fact pled a breach of contract claim based on the express warranty within the sales contract.  Prior to considering the breach of warranty claim, it did conclude that the trial court properly granted summary judgment for the sellers on the plaintiffs' breach of contract claim.  It did so, however, on the ground that the provision of the contract which the plaintiffs claimed the sellers had breached was a condition precedent and failure to comply with a condition precedent may not be a basis for liability.  Id.  As the Court of Appeals did not explicitly analyze whether the plaintiffs pled a breach of contract claim based on express warranty and given its statement suggesting breach of contract is the proper cause of action, this court agrees with the bankruptcy court that "the [Everts] court left open the possibility that the plaintiffs' claim could have been brought as a breach of contract action," (9/30/14 Order, DE # 1-1, at 6), i.e., a claim outside the purview of the U.C.C.   As set forth above, Weaver Cooke has alleged just such a claim, and the bankruptcy court did not err in denying ECM's motion for summary judgment on this claim.  Having so concluded, there is no reason to disturb the bankruptcy court's denial of ECM's motion for reconsideration of its earlier order.

7

The 30 September 2014 and 23 February 2015 orders of the bankruptcy court are AFFIRMED.

This 25 February 2016.

_____

W. Earl Britt

Senior U.S. District Judge