IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-475-BR

WEAVER COOKE CONSTRUCTION, LLC,
    Appellant,

v.                                        ORDER

STOCK BUILDING SUPPLY, LLC,
    Appellee.

This matter is before the court on Weaver Cooke Construction, LLC's ("Weaver Cooke") appeal from the 10 June 2014 order of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

**I.    BACKGROUND**

This dispute arises out of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. Weaver Cooke served as the project's general contractor and subcontracted with appellee Stock Building Supply, LLC ("Stock") for the purchase and installation of windows and exterior doors on the project.[1] Stock, in turn, contracted with Carlos Garcia to install the windows and doors. The installation of the windows and doors was completed by September 2008.

In March 2009, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, filed suit in state court against various parties, including Weaver Cooke and some subcontractors, based on the allegedly defective construction of the project. In November

---

[1] According to Weaver Cooke, it entered into the subcontract with Lee Window and Door ("Lee"); Stock purchased Lee and was then obligated under the subcontract. Stock contends that it never assumed the obligations under the Lee subcontract but rather it provided materials and labor to Weaver Cooke based on work orders and invoices. Resolution of the issue is irrelevant to this appeal.

2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the Bankruptcy Court. New Bern later voluntarily dismissed the subcontractors from the action and filed its first amended complaint. Weaver Cooke and others remained defendants and new parties were added. In May 2010, Weaver Cooke answered New Bern's first amended complaint and asserted third-party claims against certain parties, none of whom were subcontractors on the project.

In March 2012, New Bern served the report of its expert George Barbour (the "Barbour report"). That report identified a number of alleged construction defects, including some purportedly attributable to Stock. With leave of court, in June 2012, Weaver Cooke filed its second third-party complaint, asserting claims against numerous subcontractors, including Stock, for negligence, contractual indemnity, and breach of express warranty.

Stock filed a motion for summary judgment on all Weaver Cooke's claims. On 10 June 2014, the bankruptcy court granted the motion based on the statute of limitations defense as to the negligence and breach of express warranty claims. The court applied the three-year statute of limitations under N.C. Gen. Stat. § 1-52, with the discovery rule in N.C. Gen. Stat. § 1-50(a)(5)f, to find that the claims accrued when the defects attributable to Stock became apparent or ought reasonably to have become apparent. The court concluded that the undisputed facts establish that Weaver Cooke knew of (or should have known of) the defects attributable to Stock no later than the spring of 2009, i.e., a time period prior to June 2009. With that date being more than three years before Weaver Cooke filed its second third-party complaint alleging claims against Stock, the bankruptcy court concluded that the negligence and breach of warranty claims were time barred, and accordingly, the court granted summary judgment in favor of Stock on those claims.

In July 2014, Weaver Cooke filed a notice of appeal from this order and a motion for leave to appeal an interlocutory order, which this court denied in October 2014. In May 2015, the bankruptcy court certified the order as final pursuant to Federal Rule of Civil Procedure 54(b) and recommended that this court reconsider Weaver Cooke's motion for leave to appeal as a motion for leave to appeal a final order. Thereafter, this court certified the 10 June 2014 order as final and directed the Clerk to reopen this action to allow the appeal to proceed.

## II.    DISCUSSION

### A.    Arguments Weaver Cooke Did Not Raise Below

Before addressing the substantive issue on appeal, the court recognizes that there are three arguments regarding the statute of limitations that Weaver Cooke admittedly did not raise before the bankruptcy court: (1) a new cause of action for breach of warranty accrued each day that Stock's work remained defective, which was at the earliest 30 March 2010; (2) the running of the statute of limitations on its breach of warranty claim was tolled while Stock undertook repairs to comply with its warranty obligations, which was until at least July 2011; and (3) the operative filing date is not 14 June 2012 when it filed its second third-party complaint alleging claims against Stock, but rather 19 April 2012 when it filed its motion for leave to file the second third-party complaint. Stock argues that this court, sitting in review of the bankruptcy court's decision, should not consider the new arguments. The court agrees.

The general rule is an appellate court will not consider "issues on the basis of theories first raised on appeal." Skipper v. French, 130 F.3d 603, 610 (4th Cir. 1997). "This rule has been consistently applied in bankruptcy matters on appeal." Wendover Fin. Servs. v. Hervey (In Re Hervey), 252 B.R. 763, 767 (B.A.P. 8th Cir. 2000); see also Williams v. McDow (In re Williams), No. 5:10CV00049, 2010 WL 3292812, at *6 (W.D. Va. Aug. 19, 2000) ("Because a

3

district court functions as an appellate court when reviewing a bankruptcy court's decision, a district court in these circumstances[i.e., where the appellants failed to raise an argument in the proceedings below,] applies the same legal standards that govern appellate review in a court of appeals." (citations and internal quotation omitted)). "The policies behind the rule are obvious: respect for the lower court, an avoidance of unfair surprise to the other party, and the need for finality in litigation and conservation of judicial resources." Wheatley v. Wicomico Cty., Md. 390 F.3d 328, 335 (4th Cir. 2004) (citations, internal quotation, and alteration omitted). While exceptional circumstances may exist which justify an appellate court's deviation from the general rule, it remains within the discretion of the appellate court to exercise review. See Skipper, 130 F.3d at 610. Exceptional circumstances include "where the proper resolution is beyond any doubt" and "where injustice might otherwise result." Singleton v. Wulff, 428 U.S. 106, 121 (1976) (citations and internal quotation omitted).

     Relying on distinct definitions of "issue" and "argument," Weaver Cooke initially contends that it has not raised any new issues on appeal, but rather, it has presented only new authority and arguments in support of its position that its claims are timely. This contention is nothing more than splitting hairs. Courts use the words "issues," "theories," "arguments," and the like interchangeably when evaluating whether to consider a newly-raised issue on appeal. See, e.g., Jones v. Liberty Mut. Ins. Co. (In re The Wallace Gale Co.), 385 F.3d 820, 835 (4th Cir. 2004) (argument and question); Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 334 n.6 (4th Cir. 2000) (argument and question); Skipper, 130 F.3d at 610 (theory and contention); Williams, 2010 WL 3292812, at *7 (issue and argument); see also 19 James Wm. Moore et al., Moore's Federal Practice § 205.05 (3d ed. 2005) ("It is a long-standing rule that, in order to be reviewable on appeal, a *claim, issue or argument* must have been 'pressed or passed upon below.'" (quoting

4

United States v. Williams, 504 U.S. 36, 41 (1992)) (emphasis added) (footnote omitted)). However one characterizes Weaver Cooke's new arguments, Weaver Cooke should have raised them below.

Because Weaver Cooke failed to preserve the issues, the court must decide whether exceptional circumstances exist for this court to pass on them. Resolution of the two issues specific to the breach of warranty claim is far from clear. Resolution of the operative filing date now is particularly inappropriate given the bankruptcy court's analysis centered on what Weaver Cooke knew more than three years prior to the filing date of the second third-party complaint, which is the date Weaver Cooke pressed before the court. Further, Weaver Cooke is not raising the new arguments in this one appeal. It has raised them in other appeals, including ones in which it is the appellee. It would have been much more efficient for the bankruptcy court to pass on the arguments in the first instance. Considering all these factors, the court declines to exercise its discretion to consider the new arguments Weaver Cooke advances on appeal.

      B.      Accrual of the Statute of Limitations

Turning to the substance of Weaver Cooke's appeal, the court will review *de novo* the bankruptcy court's legal conclusions and mixed questions of law and facts and will review for clear error its factual findings. See E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC., No. 5:15-CV-252-BR, DE # 77, at 3-4 (E.D.N.C. Jan. 20, 2016). "On summary judgment, in the bankruptcy court or on appeal, the same standard is employed." Edmond v. Consumer Prot. Div. (In re Edmond), 934 F.2d 1304, 1307 (4th Cir. 1991). "Summary judgment is appropriate only if taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, no material facts are disputed and the moving party is entitled to judgment as a matter of law." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (internal quotation

5

marks and citation omitted); see also Fed. R. Bank. P. 7056 (incorporating same standard for Federal Rule of Civil Procedure 56 in adversary proceedings).

> "Ordinarily, the bar of the statute of limitations is a mixed question of law and fact." *Yancey v. Watkins*, 17 N.C.App. 515, 519, 195 S.E.2d 89, 92, *cert. denied*, 283 N.C. 394, 196 S.E.2d 277 (1973). Only when "the law is properly pleaded and *all the facts with reference thereto are admitted* [does] the question of limitations become[ ] a matter of law." *Id.* (citations omitted) (emphasis in the original). On the other hand, "where the facts are in doubt or in dispute and there is any evidence sufficient to justify the inference that the cause of action is not barred, the trial court may not withdraw the case from the jury." *Solon Lodge v. Ionic Lodge*, 247 N.C. 310, 317, 101 S.E.2d 8, 13 (1957) (citing *Garrett v. Stadiem*, 220 N.C. 654, 18 S.E.2d 178 (1942), *Majette v. Hood, Com'r of Banks*, 208 N.C. 824, 179 S.E. 23 (1935), and *Fort Worth R.R. v. Hegwood*, 198 N.C. 309, 151 S.E. 641 (1930)); *see also Hatem v. Bryan*, 117 N.C.App. 722, 724, 453 S.E.2d 199, 201 (1995) (stating that, "[w]hen . . . the evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury") (citations omitted); *Yancey*, 17 N.C.App. at 520, 195 S.E.2d at 93 (holding that the issue of whether the statute of limitations had expired was "properly submitted to the jury" when "all the facts with respect to the statute of limitations were not admitted and [ ] more than one inference could be drawn from the evidence"). Thus, in the event that any fact relating to the issue of whether Plaintiffs' claims were time-barred was subject to legitimate dispute, such a factual issue is properly submitted to the jury rather than being resolved during consideration of a summary judgment motion.

Williams v. Houses of Distinction, Inc., 714 S.E.2d 438, 442-43 (N.C. Ct. App. 2011) (alterations in original).

In this case, the parties do not dispute that the bankruptcy court correctly concluded that the statute of limitations for negligence and breach of warranty claims is three years. They also do not dispute the bankruptcy court's conclusion that those claims accrued when Weaver Cooke knew or reasonably should have known of the defects attributable to Stock. Their dispute instead centers on the date of accrual. To determine that date, one must examine the defects on which Weaver Cooke's claims against Stock are based.

6

Weaver Cooke contends that the defects attributable to Stock relate to water intrusion at and around the windows and exterior doors at the project. That water intrusion was purportedly caused by standing water on balconies due to improper balcony slopes and inadequate "step downs" on the balconies; improper sequencing of the installation of windows, doors, and waterproofing materials; and the lack of sill pan flashing below balcony doors. The bankruptcy court cited to the testimony of five management level employees of Stock regarding their knowledge of water intrusion at windows and exterior doors (and resulting damage to the interior of condominiums) and of the associated causes. Based on that testimony, the bankruptcy court concluded that Weaver Cooke's negligence and breach of contract claims accrued *at the latest* in spring of 2009, i.e., prior to June 2009.

Weaver Cooke does not argue that the bankruptcy got the facts on which it based its decision wrong or that these facts are disputed. Rather, it contends that the bankruptcy court incorrectly concluded that based on those facts the statute of limitations started running sometime prior to June 2009. Weaver Cooke argues that its claims did not accrue until nearly three years later, in March 2012. In support of this position, it points to the testimony of its President and one of its superintendents who each states that he was not aware of the potential existence of the water intrusion problem throughout the entire building at the project until after Weaver Cooke's receipt of the Barbour report, which was in March 2012. (Estes Aff., DE # 26-3, ¶ 23; Conner Aff., DE # 26-5, ¶ 18.) According to Weaver Cooke, this testimony creates a genuine issue of material fact as to when Weaver Cooke discovered the alleged defects in Stock's work. That testimony, however, does not change the fact that once it knew of the water intrusion issues at the windows and exterior doors of multiple condominiums (which windows and doors Stock had provided and installed), it had a duty to inquire, particularly when coupled

7

with knowledge of the causes.  <u>See Pembee Mfg. Corp. v. Cape Fear Constr. Co.</u>, 329 S.E.2d 350, 354 (N.C. 1985) (recognizing that the many leaks in the plaintiff's plant roof put it "on inquiry as to the nature and extent of the problem").  That knowledge was at the latest in spring 2009 and commenced the running of the statute of limitations for the negligence and breach of warranty claims.  Weaver Cooke filed its second third-party complaint asserting those claims against Stock more than three years from that date, and therefore, the claims are untimely.

The 10 June 2014 order of the bankruptcy court is AFFIRMED.

This 16 May 2016.

_____

W. Earl Britt

Senior U.S. District Judge