IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-515-BR

WEAVER COOKE CONSTRUCTION, LLC,
     Appellant,

v.

CURENTON CONCRETE WORKS, INC.,
     Appellee.

ORDER

This matter is before the court on Weaver Cooke Construction, LLC's ("Weaver Cooke")

appeal from the 25 August 2014 order of United States Bankruptcy Judge Stephani W.

Humrickhouse.  The issues have been fully briefed and are ripe for disposition.

## I.    BACKGROUND

This dispute arises out of a real estate development project, a luxury condominium

complex, in New Bern, North Carolina.  Weaver Cooke served as the project's general contractor

and subcontracted with appellee Curenton Concrete Works, Inc. ("Curenton") to pour concrete

slabs at the project.  At issue here is Curenton's work on the concrete balcony slabs.  That work

was completed in February 2008.

In March 2009, New Bern Riverfront Development, LLC ("New Bern"), the project

owner/developer, filed suit in state court against various parties, including Weaver Cooke and

some subcontractors, based on the allegedly defective construction of the project.  In November

2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly

thereafter, the state court action was removed to this court and transferred to the Bankruptcy

Court.  New Bern later voluntarily dismissed the subcontractors from the action and filed its first

amended complaint.  Weaver Cooke and others remained defendants and new parties were added.  In May 2010, Weaver Cooke answered New Bern's first amended complaint and asserted third-party claims against certain parties, none of whom were subcontractors on the project.

In March 2012, New Bern served the report of its expert George Barbour (the "Barbour report").  That report identified a number of alleged construction defects, including some purportedly attributable to Curenton.  With leave of court, in June 2012, Weaver Cooke filed its second third-party complaint, asserting claims against numerous subcontractors, including Curenton, for negligence, contractual indemnity, and breach of express warranty.

Curenton filed a motion for summary judgment on all Weaver Cooke's claims.  On 25 August 2014, the bankruptcy court granted the motion based on the statute of limitations defense as to the negligence and breach of express warranty claims.  The court applied the three-year statute of limitations under N.C. Gen. Stat. § 1-52, with the discovery rule in N.C. Gen. Stat. § 1-50(a)(5)f, to find that the claims accrued when the defects attributable to Curenton became apparent or ought reasonably to have become apparent.  The court concluded that the undisputed facts establish that Weaver Cooke knew of the defects attributable to Curenton at the latest in the spring of 2009, i.e., a time period prior to June 2009.  With that date being more than three years before Weaver Cooke filed its second third-party complaint alleging claims against Curenton, the bankruptcy court concluded that the negligence and breach of warranty claims were time barred, and accordingly, the court granted summary judgment in favor of Curenton on those claims.

In September 2014, Weaver Cooke filed a motion for leave to appeal from this order, which this court denied in October 2014.  In May 2015, the bankruptcy court certified the order as final pursuant to Federal Rule of Civil Procedure 54(b) and recommended that this court reconsider Weaver Cooke's motion for leave to appeal as a motion for leave to appeal a final

order.   Thereafter, this court certified the 25 August 2014 order as final and directed the Clerk to

reopen this action to allow the appeal to proceed.

## II.   DISCUSSION

The court will review *de novo* the bankruptcy court's legal conclusions and mixed

questions of law and facts and will review for clear error its factual findings.  See E. Carolina

Masonry, Inc. v. Weaver Cooke Constr., LLC., No. 5:15-CV-252-BR, DE # 77, at 3-4 (E.D.N.C.

Jan. 20, 2016).  "On summary judgment, in the bankruptcy court or on appeal, the same standard

is employed."  Edmond v. Consumer Prot. Div. (In re Edmond), 934 F.2d 1304, 1307 (4th Cir.

1991).  "Summary judgment is appropriate only if taking the evidence and all reasonable

inferences drawn therefrom in the light most favorable to the nonmoving party, no material facts

are disputed and the moving party is entitled to judgment as a matter of law."  Henry v. Purnell,

652 F.3d 524, 531 (4th Cir. 2011) (internal quotation marks and citation omitted); see also Fed.

R. Bank. P. 7056 (incorporating same standard for Federal Rule of Civil Procedure 56 in

adversary proceedings).

> "Ordinarily, the bar of the statute of limitations is a mixed question of law
> and fact." *Yancey v. Watkins*, 17 N.C. App. 515, 519, 195 S.E.2d 89, 92, *cert.*
> *denied*, 283 N.C. 394, 196 S.E.2d 277 (1973).  Only when "the law is properly
> pleaded and *all the facts with reference thereto are admitted* [does] the question
> of limitations become[ ] a matter of law." *Id.* (citations omitted) (emphasis in the
> original).  On the other hand, "where the facts are in doubt or in dispute and there
> is any evidence sufficient to justify the inference that the cause of action is not
> barred, the trial court may not withdraw the case from the jury." *Solon Lodge v.*
> *Ionic Lodge*, 247 N.C. 310, 317, 101 S.E.2d 8, 13 (1957) (citing *Garrett v.*
> *Stadiem*, 220 N.C. 654, 18 S.E.2d 178 (1942), *Majette v. Hood, Com'r of Banks*,
> 208 N.C. 824, 179 S.E. 23 (1935), and *Fort Worth R.R. v. Hegwood*, 198 N.C.
> 309, 151 S.E. 641 (1930)); *see also Hatem v. Bryan*, 117 N.C. App. 722, 724, 453
> S.E.2d 199, 201 (1995) (stating that, "[w]hen . . . the evidence is sufficient to
> support an inference that the limitations period has not expired, the issue should
> be submitted to the jury") (citations omitted); *Yancey*, 17 N.C. App. at 520, 195
> S.E.2d at 93 (holding that the issue of whether the statute of limitations had
> expired was "properly submitted to the jury" when "all the facts with respect to
> the statute of limitations were not admitted and [ ] more than one inference could

3

be drawn from the evidence"). Thus, in the event that any fact relating to the issue of whether Plaintiffs' claims were time-barred was subject to legitimate dispute, such a factual issue is properly submitted to the jury rather than being resolved during consideration of a summary judgment motion.

Williams v. Houses of Distinction, Inc., 714 S.E.2d 438, 442-43 (N.C. Ct. App. 2011) (alterations in original).

The primary issue on appeal is when Weaver Cooke's causes of action against Curenton accrued.[1] There is no dispute that the statute of limitations applicable to Weaver Cooke's negligence and breach of warranty claims is three years, see N.C. Gen. Stat. § 1-52(1), (5), and that the claims accrue when Weaver Cooke knew or reasonably should have known of the defects attributable to Curenton, see id. § 1-50(a)(5)f. Weaver Cooke contends that in pouring the concrete slabs for some balconies, Curenton failed to achieve the proper slope required in the project's plans and specifications. Such defects purportedly caused water to intrude at the balcony doors and damage the interior of condominiums.

In reaching the conclusion that Weaver Cooke had knowledge of these defects at least by the spring of 2009, the bankruptcy court relied on the testimony of several of Weaver Cooke's management level employees involved with the project. That testimony is Weaver Cooke knew the following by the spring of 2009: balconies were improperly sloped; water standing on the balconies; water intrusion at the balcony doors; and damage to interiors resulting from such water intrusion. On appeal, Weaver Cooke does not dispute that its key employees had this knowledge. Rather, citing to the testimony of its President and another management level employee, it emphasizes that it did not know of the extent of the balcony slope issues or their contribution to water intrusion until it received the Barbour report in March 2012. Also, Weaver

---

[1] For the reasons set forth in Weaver Cooke Constr., LLC v. Stock Bldg. Supply, LLC, No. 5:14-CV-475-BR, DE # 58, at 3-5 (E.D.N.C. May 16, 2016), the court declines to address the issues Weaver Cooke raises anew on appeal.

4

Cooke argues that three subcontractors, including Curenton, could have caused or contributed to the balcony issues, and even when it asserted the claims in its third-party complaint (in June 2012), it could not determine which of those subcontractors was responsible for the balcony issues.  Thus, Weaver Cooke contends, there is sufficient evidence from which a jury might determine that defective conditions for which Curenton is purportedly responsible became apparent or should reasonably have become apparent within three years of its third-party complaint.

The court concludes that the bankruptcy court did not err in granting summary judgment to Curenton based on the statute of limitations defense.  The knowledge that Weaver Cooke had by at the least spring of 2009 is key.  It knew that some balconies were defective in that they were not properly sloped.  It knew that water was standing on the balconies.  It knew that water was entering condominiums through balcony doors and causing damage to the interiors.  It knew that Curenton, having performed work in connection with the concrete balcony slabs, was a potentially responsible party.  With this knowledge, the construction defects attributable to Curenton ought reasonably to have been apparent to Weaver Cooke by spring of 2009.  See Pembee Mfg. Corp. v. Cape Fear Constr. Co., 329 S.E.2d 350, 354 (N.C. 1985) (recognizing that the many leaks in the plaintiff's plant roof put it "on inquiry as to the nature and extent of the problem" and "[t]he fact that further damage which plaintiff did not expect was discovered does not bring about a new cause of action, it merely aggravates the original injury").  That time is more than three years prior to Weaver Cooke's filing of the negligence and breach of warranty claims against Curenton.  Accordingly, those claims are untimely.

The 25 August 2014 order of the bankruptcy court is AFFIRMED.

This 8 June 2016.

_____

W. Earl Britt

Senior U.S. District Judge