IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-524-BR

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>   Appellant,<br><br>  v.<br><br>WATERPROOFING SPECIALTIES, INC.,<br>   Appellee. | ORDER |

  This matter is before the court on Weaver Cooke Construction, LLC's ("Weaver Cooke") appeal from the 27 August 2014 order of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

  The procedural and general factual background of the underlying proceeding has been set forth in prior orders of the court, see, e.g., Weaver Cooke Constr., LLC v. Curenton Concrete Works, Inc., No. 5:14-CV-515-BR, DE # 48 (E.D.N.C. June 8, 2016), and the court will not repeat them here. Appellee Waterproofing Specialties, Inc. ("WSI") is a party with whom Weaver Cooke subcontracted to install and apply traffic coating and concealed waterproofing, among other things, at the subject construction project. On 27 August 2014, the bankruptcy court granted WSI's motion for summary judgment, concluding that (1) the statute of limitations bars Weaver Cooke's negligence and breach of express warranty claims to the extent such claims are based on sequencing defects related to WSI's application of traffic coating to concrete balconies and (2) "WSI is entitled to judgment as a matter of law on Weaver Cooke's negligence and breach of warranty claims to the extent that they relate to work performed by WSI on the

parking and pool deck[s]," (DE # 1-2, at 17). The bankruptcy court has certified this order as final, and this court has likewise done so.

This court will review *de novo* the bankruptcy court's legal conclusions and mixed questions of law and facts and will review for clear error its factual findings. See E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-252-BR, DE # 77, at 3-4 (E.D.N.C. Jan. 20, 2016). The court also reviews *de novo* the bankruptcy court's order granting summary judgment. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Having reviewed the briefs and record in this case,[1] the court AFFIRMS the 27 August 2014 order on the grounds stated by the bankruptcy court.[2]

This 16 June 2016.

_____

W. Earl Britt

Senior U.S. District Judge

---

[1] The court has not considered the arguments that Weaver Cooke raises anew on appeal, that is, (1) the operative filing date for statute of limitations purposes is 19 April 2012 when it filed its motion for leave to file the second third-party complaint; (2) its breach of warranty claim accrued at the earliest on 30 March 2010; and (3) the statute of limitation on its breach of warranty claim was tolled while WSI undertook repairs, which was until after 14 June 2009. See Weaver Cooke Constr., LLC v. Stock Bldg. Supply, LLC, No. 5:14-CV-475-BR, DE # 58, at 3-5 (E.D.N.C. May 16, 2016).

[2] Weaver Cooke does not contest the bankruptcy court's conclusion, based on undisputed facts, that WSI's application of traffic coating on the parking and pool decks was not defective. (Br., DE # 44, at 21, 47.) It does, however, dispute the bankruptcy court's order to the extent it concerns WSI's application of concealed waterproofing on the pool deck. (Id. at 47.) Weaver Cooke defers argument on that issue and raises it in connection with the appeal of the bankruptcy court's subsequent order on WSI's motion for clarification, Waterproofing Specialties, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-145-BR (E.D.N.C.). WSI contends that Weaver Cooke's deferral of argument results in a waiver of this issue. The court disagrees, and the issue will be addressed in Case No. 5:15-CV-145-BR.

2