IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-254-BR

| | |
|---|---|
| RANDOLPH STAIR AND RAIL COMPANY,<br>　　　　Appellant,<br><br>　　v.<br><br>WEAVER COOKE CONSTRUCTION, LLC,<br>　　　　Appellee. | ORDER |

　　　　This matter is before the court on Randolph Stair and Rail Company's ("Randolph Stair") appeal from the 27 August 2014 and 28 May 2015 orders of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

　　　　The procedural and general factual background of the underlying proceeding has been set forth in prior orders of the court, see, e.g., E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-252-BR, DE # 77 (E.D.N.C. Jan. 20, 2016), and the court will not repeat them here. Appellant Randolph Stair is a party with whom appellee Weaver Cooke Construction, LLC ("Weaver Cooke") subcontracted to furnish and install the floor line relief angles (also referred to as shelf angles[1]) at the subject construction project. Weaver Cooke's claims against Randolph Stair arise out of shelf angles allegedly missing from areas of the project.

　　　　On 27 August 2014, the bankruptcy court denied Randolph Stair's motion for summary judgment to the extent it was based on the statute of limitations defense as to Weaver Cooke's

---

[1] "Shelf angles are steel angles that resemble the shape of a capital 'L' and are attached to a building's floor slabs and integrated into the brick veneer to provide both support for the load of the brick veneer and to allow for a gap, or space, between the building and the brick veneer." (8/27/14 Order, DE # 1-1, at 7.)

negligence and breach of express warranty claims. Applying the three-year statute of limitations under N.C. Gen. Stat. § 1-52, with the discovery rule in N.C. Gen. Stat. § 1-50(a)(5)f, the bankruptcy court determined that the existence of issues of material fact precluded it from concluding as a matter of law that Weaver Cooke was, or should have been, aware of the missing shelf angles more than three years prior to the filing of its claims against Randolph Stair in June 2012. Specifically, the bankruptcy court concluded that "[t]he condition Weaver Cooke complains of was likely latent and difficult to detect," (DE # 1-1, at 8), and that "conflicting testimony exists as to whether Weaver Cooke instructed Randolph Stair to omit shelf angles from certain locations," (id. at 9.) On 28 May 2015, the bankruptcy court denied Randolph Stair's motion for reconsideration of the 27 August 2014 order, finding that Randolph Stair had not established any basis for reconsideration. The bankruptcy court has certified these orders as final, and this court has likewise done so.

This court will review *de novo* the bankruptcy court's legal conclusions and mixed questions of law and facts and will review for clear error its factual findings. See E. Carolina Masonry, Inc., DE # 77, at 3-4. The court also reviews *de novo* the bankruptcy court's order denying summary judgment. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008).

Having reviewed the briefs and record in this case, the court concludes that genuine issues of material fact exist as to (1) whether Weaver Cooke instructed Randolph Stair (or was otherwise involved in the decision) to omit shelf angles at certain locations and (2) whether Weaver Cooke was or should have been aware of the missing shelf angles in or before November 2007[2] based on its inspection/supervision of Randolph Stair's work or not until March 2012

---

[2] According to Randolph Stair, despite its initial contention that it completed work on the project by July 2008, its work on the project was actually completed in November 2007. (Reply Br., DE # 53, at 13-14 n.4.) For purposes of this court's analysis, whether the correct date is in 2007 or 2008 is irrelevant.

when it received the report of expert George Barbour identifying omitted shelf angles as defects in construction of the project.[3]  Given these issues, the bankruptcy court did not err in denying Randolph Stair's motion for summary judgment based on the statute of limitations defense. Accordingly, there is no reason to disturb the bankruptcy court's denial of Randolph Stair's motion for reconsideration of its earlier order.

  The 27 August 2014 and 28 May 2015 orders of the bankruptcy court are AFFIRMED. This 28 June 2016.

                _____
                W. Earl Britt
                Senior U.S. District Judge

---

[3] Resolution of this issue pertains to whether the defects allegedly caused by Randolph Stair were latent or patent.