IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-734-BR

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>    Appellant, | |
| v. | ORDER |
| HUMPHREY HEATING AND AIR<br>CONDITIONING, INC.,<br>    Appellee. | |

This matter is before the court on Weaver Cooke Construction, LLC's ("Weaver Cooke") appeal from the 26 September 2014 order of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

## I.  BACKGROUND

This dispute arises out of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. Weaver Cooke served as the project's general contractor and subcontracted with appellee Humphrey Heating and Air Conditioning, Inc. ("HHAC") for the installation of the project's HVAC[1] system. HHAC completed its work under the subcontract in October 2008.

A dispute over payment for HHAC's work arose. In February 2009, after having filed a claim of lien against the real property of the project and a payment bond claim against Weaver Cooke's surety, HHAC filed suit in Craven County, North Carolina against Weaver Cooke and New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, for breach

---

[1] HVAC is a commonly known acronym for heating, ventilating, and air conditioning.

of contract, quantum meruit/unjust enrichment, and enforcement of the lien claims (the "Craven County Action").

In March 2009, New Bern filed suit in Wake County, North Carolina against various parties, including Weaver Cooke and HHAC (the "Wake County Action"). The claim against HHAC related to HHAC's lien claims. In the meantime, in May 2009, HHAC and Weaver Cooke entered into a settlement of the Craven County Action. In October 2009, after Weaver Cooke made the final payment under the parties' settlement agreement, HHAC dismissed the Craven County Action with prejudice as to Weaver Cooke and without prejudice as to New Bern. Subsequently, New Bern dismissed its claim against HHAC in the Wake County Action without prejudice.

In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the Wake County Action was removed to this court and transferred to the Bankruptcy Court. New Bern later filed its first amended complaint. Weaver Cooke and others remained defendants and new parties were added. In May 2010, Weaver Cooke answered New Bern's first amended complaint and asserted third-party claims against certain parties, none of whom were subcontractors on the project.

With leave of court, in June 2012, Weaver Cooke filed its second third-party complaint, asserting claims against numerous subcontractors, including HHAC, for negligence, contractual indemnity, and breach of express warranty. Later, HHAC filed a motion for summary judgment on all Weaver Cooke's claims. On 26 September 2014, the bankruptcy court allowed in part and denied in part the motion. Specifically, as to the negligence and breach of warranty claims, the court applied the three-year statute of limitations under N.C. Gen. Stat. § 1-52, with the discovery rule in N.C. Gen. Stat. § 1-50(a)(5)f, to find that those claims accrued when the defects

attributable to HHAC became apparent or ought to reasonably have become apparent. The bankruptcy court concluded that the alleged defects were open and obvious and should have been discovered upon the completion of HHAC's work in 2008. It further concluded that Weaver Cooke should have investigated any defects associated with HHAC's work by, at the latest, in May 2009 when Weaver Cooke and HHAC entered into the settlement of the Craven County Action. With both these dates being more than three years prior to 14 June 2012 when Weaver Cooke filed its second third-party complaint alleging the negligence and warranty claims against HHAC, the bankruptcy court deemed the claims time barred and allowed summary judgment as to those claims.

As to Weaver Cooke's indemnity claim, the bankruptcy court concluded that the settlement agreement between HHAC and Weaver Cooke regarding the Craven County Action "does not supercede or otherwise conflict with the indemnity agreement contained in HHAC's [] subcontract" with Weaver Cooke. (DE # 21-1, at 12-13.) The court went on to recognize that its prior interpretation of the identical indemnity provision as to another subcontractor in the proceeding applies.[2] Under the bankruptcy court's interpretation, "Weaver Cooke may seek indemnity against HHAC to the extent that HHAC is 'wholly' responsible for any damages." (DE # 21-1, at 13.) The court examined the damages allegedly caused by HHAC. It concluded that as to some damage, HHAC could not be wholly responsible and therefore allowed summary judgment on the indemnity claim to the extent the claim related to that damage. Additionally, the bankruptcy court concluded HHAC *is* wholly responsible for other damage and denied summary judgment on the indemnity claim relating to that damage.

---

[2] The prior interpretation is set forth in <u>New Bern Riverfront Development, LLC v. Weaver Cooke Construction, LLC</u>, No. 10-00023-8-SWH, DE # 898 (Bankr. E.D.N.C. Aug. 22, 2014).

3

In October 2014, Weaver Cooke filed a motion for leave to appeal from this interlocutory order, which this court denied in November 2014. In May 2015, the bankruptcy court certified the order as final pursuant to Federal Rule of Civil Procedure 54(b) and recommended that this court reconsider Weaver Cooke's motion for leave to appeal as a motion for leave to appeal a final order. Thereafter, this court certified the 26 September 2014 order as final and directed the Clerk to reopen this action to allow the appeal to proceed.

## II. DISCUSSION

At the outset, the court addresses separately several of Weaver Cooke's arguments. First, there are two arguments pertaining to the statute of limitations that Weaver Cooke acknowledges it did not press before the bankruptcy court: (1) a new cause of action for breach of warranty accrued each day that HHAC's work remained defective, which was at the earliest 30 March 2010, and (2) the operative filing date is not 14 June 2012 when it filed its second third-party complaint alleging claims against HHAC, but rather 19 April 2012 when it filed its motion for leave to file the second third-party complaint. The court declines to consider these new arguments for the reasons set forth in Weaver Cooke Construction, LLC v. Stock Building Supply, LLC, No. 5:14-CV-475-BR, DE # 58, at 3-5 (E.D.N.C. May 16, 2016).

Second, as to the bankruptcy court's ruling on the indemnity claim, Weaver Cooke contends the court erred in two respects: (1) another provision, ¶ 16.1, of the parties' subcontract does not provide a separate and distinct indemnity obligation on the part of HHAC, and (2) the contributory negligence of other parties is relevant to the construction of the subcontract. Contrary to Weaver Cooke's assertion, the bankruptcy court did not so hold. As recognized above, with respect to the indemnity claim, the bankruptcy court applied its earlier decision interpreting the same indemnification provision to hold that Weaver Cooke could only seek

4

indemnity from HHAC to the extent HHAC is wholly responsible for any damages. That was the extent of its holding regarding the indemnity claim. Although in its earlier decision the bankruptcy court did address ¶ 16.1 of the subcontract and contributory negligence, the 26 September 2014 order (which is the subject of this appeal) did not rely on, or otherwise adopt, any portion of its earlier decision other than that pertaining to the interpretation of the indemnification provision. As such, the court will not address Weaver Cooke's arguments regarding ¶ 16.1 and contributory negligence.[3]

Turning to the merits of the appeal, this court will review *de novo* the bankruptcy court's legal conclusions and mixed questions of law and facts and will review for clear error its factual findings. See E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-252-BR, DE # 77, at 3-4 (E.D.N.C. Jan. 20, 2016). The court also reviews *de novo* the bankruptcy court's ruling on the motion for summary judgment, "applying the same legal standards as the [lower] court." Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008).

Regarding Weaver Cooke's negligence and warranty claims, the parties do not dispute that the applicable statute of limitations is three years, see N.C. Gen. Stat. § 1-52(1), (5), and that the claims accrue when Weaver Cooke knew or reasonably should have known of the defects attributable to HHAC, see id. § 1-50(a)(5)f. Weaver Cooke argues that those defects did not become apparent, nor reasonably should have been apparent, until March 2012 when it received the expert reports of George Barbour and Warren Maddox, which identified defects relating to HHAC's work. The testimony and documentary evidence from these same experts led the bankruptcy court to conclude that the defects were not latent but rather "open and obvious conditions within the mechanical closets of the condo units." (DE # 21-1, at 11.) Weaver Cooke

---

[3] Weaver Cooke does not take issue with the bankruptcy court's conclusion that the settlement agreement executed in conjunction with the Craven County Action does not provide another basis for its indemnity claim against HHAC.

5

has come forward with no contradictory evidence. With the defects being open and obvious, they reasonably should have been apparent to Weaver Cooke around the time HHAC completed its work on the project in 2008. At the very latest, Weaver Cooke should have discovered them by the time it executed the settlement agreement with HHAC on 27 May 2009. Because Weaver Cooke filed its second third-party complaint asserting the negligence and warranty claims against HHAC more than three years from when the defects attributable to HHAC reasonably should have been apparent, these claims are time barred, and the bankruptcy court properly granted summary judgment in favor of HHAC on those claims.

With regard to Weaver Cooke's indemnity claim, as previously noted, in ruling on summary judgment, the bankruptcy court relied on its prior interpretation of the identical indemnification provision. In another appeal, however, this court has since reversed that portion of the bankruptcy court's earlier opinion. See Weaver Cooke Constr., LLC v. Stock Bldg. Supply, LLC, No. 5:14-CV-537-BR, DE # 53, at 5-6 (E.D.N.C. Aug. 12, 2016). The court has held that Weaver Cooke may recover in indemnity against a subcontractor for damages arising out of the subcontractor's performance of its work and caused by the subcontractor's or its agent's negligence, even though other parties may have also been negligent. See id. Because the parties here have raised arguments similar to those raised in the earlier appeal and the issue is one of law, the same reasoning applies, and the court concludes that the bankruptcy court acted erroneously to the extent it allowed summary judgment on the indemnity claim.

Accordingly, the 26 September 2014 order of the bankruptcy court is AFFIRMED IN

6

PART, REVERSED IN PART, and REMANDED for further proceedings.

This 23 August 2016.

_____

W. Earl Britt

Senior U.S. District Judge