IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| NATIONAL ERECTORS REBAR, INC.,<br>    Appellant,<br><br>    v.<br><br>ROBERT ARMSTRONG, JR., SUMMIT DESIGN GROUP, INC., and ROBERT P. ARMSTRONG, JR.,<br>    Appellees. | No. 5:15-CV-647-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>    Appellant,<br><br>    v.<br><br>ROBERT P. ARMSTRONG, JR., SUMMIT DESIGN GROUP, INC., and ROBERT ARMSTRONG, JR., INC.,<br>    Appellees. | No. 5:15-CV-648-BR |

ORDER

This matter is before the court on (1) the appeals of National Erectors Rebar, Inc. ("NER") and Weaver Cooke Construction, LLC ("Weaver Cooke") from the 25 November 2015 order of United States Bankruptcy Judge Stephani W. Humrickhouse and (2) the motion of Weaver Cooke to intervene in the appeal in Case No. 5:15-CV-647-BR. The issues have been fully briefed and are ripe for disposition.

### I. BACKGROUND

This dispute arises out of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. Weaver Cooke served as the project's general

contractor. It entered into a purchase order contract with National Reinforcing Systems, Inc. ("NRS") to provide materials and equipment for the design of the post-tensioned concrete system for the project. NRS in turn contracted with appellees Robert P. Armstrong, Jr., Summit Design Group, Inc., and Robert Armstrong, Jr., Inc. (collectively "Armstrong") to design that system and to seal drawings of the same. Weaver Cooke entered into a separate contract with NER to install the system.

In March 2009, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, filed suit in state court against various parties, including Weaver Cooke and NER, based on the allegedly defective construction of the project. In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the Bankruptcy Court. New Bern later amended its complaint. Weaver Cooke and NER, among others, remained defendants. "New Bern's sole cause of action against NER sounds in negligence." (9/23/14 Order, DE # 53-3, at 4.)[1] Weaver Cooke filed crossclaims against NER for negligence, contractual indemnity, and breach of express warranty.

Subsequently, NER and Weaver Cooke asserted claims against Armstrong, all rooted in Armstrong's allegedly defective design of the post-tensioned system. Armstrong moved for summary judgment on all of those claims. Initially, the bankruptcy court denied Armstrong's motion, stating "Genuine issues of material facts still exist regarding whether Armstrong violated the standard of care and there is ample evidence in the record upon which the finder of fact could reach that conclusion." (9/23/14 Order, DE # 53-3, at 45.)

---

[1] All citations to the record are in Case No. 5:15-CV-647-BR.

In the meantime, NER moved for summary judgment on New Bern's and Weaver Cooke's claims against it. In separate orders, the bankruptcy court denied NER's motions for summary judgment.[2]

On 12 May 2015, Armstrong filed a motion to reconsider and to amend the bankruptcy court's order denying its motion for summary judgment and filed an amendment thereto the following day. On 25 November 2015, after a hearing and supplemental briefing, the bankruptcy court granted Armstrong's motion, "conclud[ing] that there is no expert testimony setting out the standard of care for a specialty engineer on this construction project, and no expert testimony that an enunciated standard of care was violated by Armstrong." (DE # 1-1, at 8.) The bankruptcy court also went on to state, "This ruling does not warrant a revisiting by the court of its denial of summary judgment as to claims against NER because the duties and obligations of NER, and necessarily any standard of care, were not identical to those owed by and related to Armstrong." (Id. at 8-9 (footnote omitted).) The court also certified its order as final and recommended, should the order be appealed, that this court consider the order as final for purposes of certification under Federal Rule of Civil Procedure 54(b).

On 10 December 2015, NER and Weaver Cooke filed notices of appeal from that order. On 3 May 2016, Weaver Cooke filed a motion to intervene in NER's appeal.

## II. DISCUSSION

Before considering the merits of the appeals, the court addresses the issue of certification of the bankruptcy court's 25 November 2015 order as final pursuant to Federal Rule of Civil Procedure 54(b). The bankruptcy court recommends that this court certify the order as final for "the same reasons more specifically set forth in the court's Order Regarding Rule 54(b)

---

[2] NER has appealed both orders, Case Nos. 5:15-CV-30-BR, 5:15-CV-245-BR, and those appeals remain pending.

3

Certification of Orders on Summary Judgment as Final Orders dated May 14, 2015." (11/25/15 Order, DE # 1-1, at 9.)  In the earlier referenced order, the bankruptcy court set forth detailed proposed findings of facts and conclusions of law supporting certification.  Weaver Cooke had expressed its consent to the bankruptcy court's entry of final orders.  Although NER had not, it did not lodge any objection to those proposed findings and conclusions, and it does not now object to certification of the 25 November 2015 order as final.  Accordingly, the court will adopt the bankruptcy court's recommendation.

As for the appropriate standard of review, Armstrong's motion for reconsideration and to amend was filed pursuant to Rule 54(b).  Whether to grant such a motion is committed to the lower court's discretion.  See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515-16 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.  Said power is committed to the discretion of the district court . . . ." (citations omitted)).  The court reviews any of the bankruptcy court's legal conclusions and mixed questions of law and fact *de novo* and any of its factual findings for clear error.  See E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-252-BR, DE # 77, at 3-4 (E.D.N.C. Jan. 20, 2016).

At the outset, the court examines what is, and what is not, an issue on appeal.  No party contends that the bankruptcy court erred in granting the motion for reconsideration in Armstrong's favor.  Rather, NER argues that the bankruptcy court erred by not revisiting its earlier denial of NER's motions for summary judgment on New Bern's and Weaver Cooke's claims.  Despite its appeal, Weaver Cooke does not contend the bankruptcy court erred in any respect.  Its position is more akin to an appellee as it seeks to preserve the bankruptcy court's

4

decision not to revisit its earlier ruling on Weaver Cooke's claims against NER. For this reason, the court considers NER's and Weaver Cooke's appeals from the 25 November 2015 order together, thereby mooting Weaver Cooke's motion to intervene in NER's appeal.

Turning to NER's specific arguments, it first argues that the bankruptcy court "erred in ruling that [NER] is responsible for the work of [NRS] . . . ." (Br., DE # 67, at 13 (emphasis omitted).) Although the bankruptcy court made this ruling in its earlier orders denying NER's motions for summary judgment on New Bern's and Weaver Cooke's claims against it (NER) and noted in the 25 November 2015 order that as a result of the merger of NRS and NER, "NER assumed all of NRS' liabilities," (DE # 1-1, at 5 n.1), the bankruptcy court's refusal to revisit its earlier ruling regarding NER was not dependent on the conclusion that NER is responsible for NRS's work. Therefore, the court will not consider NER's first argument.

Next, NER maintains that "[New Bern's] and Weaver Cooke's negligence claim[s] should be dismissed because [New Bern] and Weaver Cooke have failed to provide any evidence to establish that [NER] performed any architectural or engineering services as to maintain a discrete form of negligence applicable to architectural or engineering professionals." (Br., DE # 67, at 18.) On Armstrong's motion for reconsideration and to amend, the bankruptcy court did not evaluate evidence pertaining to NER's provision of services on the project. The only evidence the bankruptcy court evaluated concerned the standard of care for a specialty engineer on the project, like Armstrong, and whether Armstrong violated that standard of care. Because the bankruptcy court did not make any ruling concerning the sufficiency of the evidence supporting New Bern's and Weaver Cooke's claims against NER, the court declines to consider NER's second argument.

5

Finally, because the bankruptcy court on reconsideration dismissed the claims against Armstrong, NER argues that the bankruptcy court should likewise have revisited its earlier ruling denying NER's motion for summary judgment and applied the same rationale to dismiss New Bern's and Weaver Cooke's design-related claims against NER. The bankruptcy court declined to reexamine its earlier ruling regarding the claims against NER because NER had duties and obligations, and owed a standard of care, different from Armstrong. It noted "NER was responsible for post-tension construction or erection, while Armstrong's scope of duty was limited to designing horizontal slabs sufficient to withstand the gravity loads of the building. No party has disputed either description of responsibility." (11/25/15 Order, DE # 1-1, at 9 n.2.) While NER may have had some design responsibilities as a result of its merger with NRS, there is no argument that its (or NRS's) responsibilities or standard of care were identical to Armstrong, who, unlike NER (and NRS), is a professional engineer. Accordingly, the bankruptcy court did not err in refusing to revisit its summary judgment ruling on the claims against NER.

### III.  CONCLUSION

The court ADOPTS the bankruptcy court's 25 November 2015 recommendation and CERTIFIES that order as final for purposes of appeal. Weaver Cooke's motion to intervene is DENIED as moot. The bankruptcy court's 25 November 2015 order is AFFIRMED.

This 10 January 2017.

_____
W. Earl Britt
Senior U.S. District Judge