IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-714-BR

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>    Appellant/Cross-Appellee,<br><br>v.<br><br>HAMLIN ROOFING COMPANY, INC.,<br>    Appellee/Cross-Appellant. | ORDER |

This matter is before the court on the parties' consolidated appeals from orders of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

## I. BACKGROUND

This dispute arises out of the construction of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. Appellant/cross-appellee Weaver Cooke Construction, LLC ("Weaver Cooke") served as the project's general contractor. It subcontracted with appellee/cross-appellant Hamlin Roofing Company, Inc. ("HRCI") to install the roofing system for the project.

In March 2009, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, filed suit in state court against various parties, including Weaver Cooke and some subcontractors, based on the allegedly defective construction of the project. In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the Bankruptcy

Court.  New Bern later voluntarily dismissed the subcontractors from the action and filed its first amended complaint.  Weaver Cooke and others remained defendants and new parties were added.  In May 2010, Weaver Cooke answered New Bern's first amended complaint and asserted third-party claims against certain parties, none of whom were subcontractors on the project.  With leave of court, in June 2012, Weaver Cooke filed its second third-party complaint, asserting claims against numerous subcontractors, including HRCI, for negligence, contractual indemnity, and breach of express warranty.

HRCI filed a motion for summary judgment on all Weaver Cooke's claims.  In a series of orders, the bankruptcy court resolved the motion.  On 18 September 2014, the bankruptcy court denied the motion on HRCI's statute of limitations defense to Weaver Cooke's negligence and breach of warranty claims.  On 22 September 2014, the bankruptcy court denied HRCI's motion based on the economic loss defense to Weaver Cooke's negligence claim.  On 26 September 2014, the bankruptcy court granted summary judgment in favor of HRCI on Weaver Cooke's contractual indemnity claim.  Finally, on 21 September 2015, the bankruptcy court denied HRCI's motion for reconsideration of the 18 and 22 September 2014 orders, certified the order as final pursuant to Federal Rule of Civil Procedure 54(b), and recommended, should the order be appealed, that this court consider the order as final.

Before the bankruptcy court entered the latter order, in October 2014, Weaver Cooke filed a motion for leave to appeal the 26 September 2014 order, which was docketed in the instant case, No. 5:14-CV-714-BR.  In November 2014, this court denied the motion for leave to appeal.  Thereafter, in May 2015, the bankruptcy court recommended that this court reconsider Weaver Cooke's motion for leave to appeal as a motion for leave to appeal a final order.  This

court adopted the bankruptcy court's recommendation, certified the 26 September 2014 order as final, and directed the Clerk to reopen the case to allow the appeal to proceed.

On 2 October 2015, HRCI filed a notice of appeal from the 21 September 2015 order, which was docketed in Case No. 5:15-CV-525-BR. Shortly thereafter, the parties moved to consolidate the two cases on appeal. This court allowed the motion and directed all future filings to be in the instant case.

## II.  DISCUSSION

A.   Weaver Cooke's Appeal

Weaver Cooke appeals from the bankruptcy court's order of 26 September 2014. In that order, the bankruptcy court granted summary judgment in favor of HRCI on Weaver Cooke's contractual indemnity claim. In another appeal from the same underlying proceeding, the identical indemnification provisions were at issue, and this court held that, among other things, neither N.C. Gen. Stat. § 22B-1 nor the contributing negligence of other parties precluded Weaver Cooke's indemnification claim against the subcontractor. See Weaver Cooke Constr., LLC v. Stock Bldg. Supply, LLC, No. 5:14-CV-537-BR, DE # 53 (E.D.N.C. Aug. 12, 2016). The parties here have raised similar arguments to those raised in the earlier appeal, and the issues are ones of law. Accordingly, for the reasons set forth in Stock Building Supply, the bankruptcy court erred in granting summary judgment in favor of HRCI on Weaver Cooke's indemnification claim to the extent the claim is based on ¶ 16.2 of the parties' subcontract and on the alternative ground of contributory negligence.  The bankruptcy court did not err in any other respect in its 26 September 2014 order.

3

B.   HRCI's Appeal

Before considering the merits of HRCI's appeal from the bankruptcy court's 21 September 2015 order, the court addresses the issue of certification of that order as final pursuant to Federal Rule of Civil Procedure 54(b). The bankruptcy court recommends that this court certify the order as final for "the same reasons more specifically set forth in the court's Order Regarding Rule 54(b) Certification of Orders on Summary Judgment as Final Orders dated May 14, 2015." (9/21/15 Order, DE # 46-1, at 82.) In the earlier referenced order, the bankruptcy court set forth detailed proposed findings of facts and conclusions of law supporting certification. Both Weaver Cooke and HRCI expressed consent to the bankruptcy court's entry of final orders. Accordingly, the court will adopt the bankruptcy court's recommendation.

HRCI appeals from the bankruptcy court's denial of its motion for reconsideration. The bankruptcy court considered the motion for reconsideration pursuant to Rule 54(b). Whether to grant such a motion is committed to the lower court's discretion. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515-16 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. Said power is committed to the discretion of the district court . . . ." (citations omitted)). "Under the abuse of discretion standard, the proper inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place, but rather, whether any reasonable person could agree with the [lower] court." United States v. U.S. Currency, in the Amount of $103,387.27, 863 F.2d 555, 561 (7th Cir. 1988) (citation omitted).

The majority of HRCI's arguments on appeal concerns the underlying summary judgment orders. HRCI requests that this court reverse these orders. However, the bankruptcy

4

court never certified (or recommended that this court certify) these orders as final, and HRCI has not appealed from the orders. HRCI filed a notice of appeal only from the bankruptcy court's 21 September 2015 denial of its motion for reconsideration. As such, only that 21 September 2015 order is properly before the court.

As to that order, HRCI argues the bankruptcy court committed error in denying its motion for reconsideration because the statute of limitations and economic loss rule bar Weaver Cooke's negligence and breach of warranty claims. Based on the record, the court concludes that the bankruptcy court did not abuse its discretion as to HRCI's statute of limitations defense. As for the bankruptcy court's decision not to revisit the application of the economic loss rule, the bankruptcy court abused its discretion. In Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc., No. 5:14-CV-710-BR, DE # 47 (E.D.N.C. Mar. 17, 2017), this court reversed the bankruptcy court's decision that the economic loss rule did not bar Weaver Cooke's recovery of damages in negligence against the masonry subcontractor. The bankruptcy court had concluded, like in this case, that the damages were not economic loss because they were damages to property other than that property which was the subject of the subcontract. On appeal, this court held that "[g]iven the relationship of [the masonry] subcontract to the general contract for the project and given the nature of [the subcontractor's] work, the court concludes that the damages Weaver Cooke seeks in negligence from [the subcontractor] are to property that was the subject of the subcontract." Weaver Cooke Constr., LLC v. E. Carolina Masonry, Inc., No. 5:14-CV-710-BR, DE # 47, at 7 (E.D.N.C. Mar. 17, 2017). This reasoning is applicable to this case because the subcontract between Weaver Cooke and HRCI is identical in relevant respects to the subcontract at issue in East Carolina Masonry, and like the masonry construction in East Carolina Masonry, HRCI's work on the project's roofing system was integrated with the work of

5

other subcontractors, including those responsible for installing the cornices and roof parapets.[1] Although HRCI's allegedly defective work caused damage to the interior of condominium units, that damage is to the project's structure, which is within the subject matter of the subcontract and is economic loss. Therefore, the bankruptcy court should have reconsidered its earlier ruling and applied the economic loss rule to bar Weaver Cooke's recovery for damages under a negligence claim.

### III.  CONCLUSION

The bankruptcy court's 26 September 2014 order is AFFIRMED IN PART and REVERSED IN PART. The court ADOPTS the bankruptcy court's 21 September 2015 recommendation and CERTIFIES that order as final for purposes of appeal. That order is AFFIRMED IN PART and REVERSED IN PART. This matter is REMANDED for further proceedings and with direction to the bankruptcy court to enter summary judgment in HRCI's favor on Weaver Cooke's negligence claim.

This 23 March 2017.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] Of course, the bankruptcy court did not have the benefit of <u>East Carolina Masonry</u> at the time it ruled on HRCI's motion for reconsideration.