IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-401-BR

GOURAS, INCORPORATED,
    Appellant,

v.

WEAVER COOKE CONSTRUCTION, LLC,
    Appellee.

ORDER

       This matter is before the court on Gouras, Incorporated's ("Gouras") appeal from orders of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

## I. BACKGROUND

       This dispute arises out of the construction of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. Appellee Weaver Cooke Construction, LLC ("Weaver Cooke") served as the project's general contractor. It subcontracted with Gouras to install the building wrap on the project's exterior.

       In March 2009, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, filed suit in state court against various parties, including Weaver Cooke and some subcontractors, based on the allegedly defective construction of the project. In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the Bankruptcy Court. New Bern later voluntarily dismissed the subcontractors from the action and filed its first

amended complaint. Weaver Cooke and others remained defendants and new parties were added. In May 2010, Weaver Cooke answered New Bern's first amended complaint and asserted third-party claims against certain parties, none of whom were subcontractors on the project. With leave of court, in June 2012, Weaver Cooke filed its second third-party complaint, asserting claims against numerous subcontractors, including Gouras, for negligence, contractual indemnity, and breach of express warranty.

Gouras filed a motion for summary judgment on all Weaver Cooke's claims. In a series of orders, the bankruptcy court resolved the motion. On 25 August 2014, the bankruptcy court denied the motion on Gouras's statute of limitations defense to Weaver Cooke's negligence and breach of warranty claims. On 17 September 2014, the bankruptcy court denied Gouras's motion based on the economic loss defense to Weaver Cooke's negligence claim. On 26 September 2014, the bankruptcy court granted summary judgment in favor of Gouras on Weaver Cooke's contractual indemnity claim.

On 4 August 2015, the bankruptcy court denied Gouras's motion for reconsideration of the 25 August and 17 September 2014 orders, certified the order as final pursuant to Federal Rule of Civil Procedure 54(b), and recommended, should the order be appealed, that this court consider the order as final. On 17 August 2015, Gouras filed its notice of appeal.

## II. DISCUSSION

At the outset, the court recognizes that Gouras's notice of appeal designates the 25 August 2014, 17 September 2014, and 4 August 2015 orders as the orders from which it appeals. The bankruptcy court never certified (or recommended that this court certify) the 2014 orders as final. Thus, these orders are, and remain, interlocutory, and the court will not review their merits.

As for the 4 August 2015 order, the bankruptcy court recommends that this court certify the order as final for "the same reasons more specifically set forth in the court's Order Regarding Rule 54(b) Certification of Orders on Summary Judgment as Final Orders dated May 14, 2015." (9/21/15 Order, DE # 46-1, at 82.) In the earlier referenced order, the bankruptcy court set forth detailed proposed findings of facts and conclusions of law supporting certification. Both Weaver Cooke and Gouras expressed consent to the bankruptcy court's entry of final orders. Accordingly, the court will adopt the bankruptcy court's recommendation and review the merits of the 4 August 2015 denial of Gouras's motion for reconsideration.

The bankruptcy court considered the motion for reconsideration pursuant to Rule 54(b). Whether to grant such a motion is committed to the lower court's discretion. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515-16 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. Said power is committed to the discretion of the district court . . . ." (citations omitted)). "Under the abuse of discretion standard, the proper inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place, but rather, whether any reasonable person could agree with the [lower] court." United States v. U.S. Currency, in the Amount of $103,387.27, 863 F.2d 555, 561 (7th Cir. 1988) (citation omitted).

In its 4 August 2015 order, the bankruptcy court concluded that Gouras's arguments in support of reconsideration of the statute of limitations defense are the same arguments Gouras made in its summary judgment motion and at the summary judgment hearing. Accordingly, the bankruptcy court held Gouras had not established a basis for reconsideration and denied the

3

motion for reconsideration. Based on the record, this court concludes that the bankruptcy court did not abuse its discretion in so holding.

The bankruptcy court reached the same conclusion regarding Gouras's arguments as to whether the economic loss rule applies. In Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc., No. 5:14-CV-710-BR, DE # 47 (E.D.N.C. Mar. 17, 2017), this court reversed the bankruptcy court's decision that the economic loss rule did not bar Weaver Cooke's recovery of damages in negligence against the masonry subcontractor. The bankruptcy court had concluded, like in this case, that the damages were not economic loss because they were damages to property other than that property which was the subject of the subcontract. On appeal, this court held that "[g]iven the relationship of [the masonry] subcontract to the general contract for the project and given the nature of [the subcontractor's] work, the court concludes that the damages Weaver Cooke seeks in negligence from [the subcontractor] are to property that was the subject of the subcontract." Weaver Cooke Constr., LLC v. E. Carolina Masonry, Inc., No. 5:14-CV-710-BR, DE # 47, at 7 (E.D.N.C. Mar. 17, 2017). This reasoning is applicable to this case because the subcontract between Weaver Cooke and Gouras is identical in relevant respects to the subcontract at issue in East Carolina Masonry, and like the masonry construction in East Carolina Masonry, "Gouras's work was integrated with the work of other subcontractors," (Weaver Cooke's Br., DE # 62, at 14).[1] The damage Gouras's defective work allegedly caused by contributing to water intrusion in various areas of the project is damage to property within the subject matter of the subcontract and thus is economic loss. Therefore, the bankruptcy court should have reconsidered its earlier ruling and applied the economic loss rule to bar Weaver Cooke's recovery for damages under a negligence claim.

---

[1] Of course, the bankruptcy court did not have the benefit of East Carolina Masonry at the time it ruled on Gouras's motion for reconsideration.

4

## III.  CONCLUSION

The bankruptcy court's 4 August 2015 order is AFFIRMED IN PART and REVERSED IN PART.  This matter is REMANDED with direction to the bankruptcy court to enter summary judgment in Gouras's favor on Weaver Cooke's negligence claim.

This 23 March 2017.

_____

W. Earl Britt

Senior U.S. District Judge