IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-30-BR

| | |
|---|---|
| NATIONAL ERECTORS REBAR, INC.,<br>    Appellant,<br><br>v.<br><br>NEW BERN RIVERFRONT<br>DEVELOPMENT, LLC,<br>    Appellee. | ORDER |

      This matter is before the court on National Erectors Rebar, Inc.'s ("NER") appeal from the 23 September 2014 order of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

      This dispute arises out of the construction of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. In 2006, appellee New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, contracted with Weaver Cooke Construction, LLC ("Weaver Cooke") to serve as the project's general contractor. Weaver Cooke in turn contracted with National Reinforcing Systems, Inc. ("NRS") to provide materials and equipment for the design of the project's post-tension concrete system.[1] Weaver Cooke separately contracted with NER to install that system. However, prior to Weaver Cooke entering into the contracts regarding the post-tension concrete system, NRS and NER had merged, with NER as the surviving corporation.

---

[1] "The post-tension concrete system is a series of cables embedded in concrete structures integrated into the Project to provide structural support." (9/23/14 Order, DE # 32-2, at 6.)

In March 2009, New Bern filed suit in state court against various parties, including Weaver Cooke and NER, based on the allegedly defective construction of the project. In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the Bankruptcy Court. New Bern later amended its complaint. Weaver Cooke and NER, among others, remained defendants. "New Bern's sole cause of action against NER sounds in negligence," (9/23/14 Order, DE # 32-2, at 4), and "relates to the alleged defective design and installation of the post-tension system," (id. at 6).

NER filed a motion for summary judgment on New Bern's claim. On 23 September 2014, the bankruptcy court denied the motion, concluding that (1) genuine issues of material fact exist as to whether an exception to the economic loss rule applies and as to whether New Bern was contributorily negligent and (2) the division of duties between NER and NRS does not justify dismissal because NER and NRS had merged prior to contracting to perform any work on the project and "NER is responsible for the work of NRS," (id. at 9). On 7 October 2014, NER filed a motion for leave to appeal this order. In May 2015, the bankruptcy court certified the order as final pursuant to Federal Rule of Civil Procedure 54(b) and recommended that this court consider the order as final. Thereafter, this court certified the order as final and accordingly concluded NER's motion for leave to appeal was moot.

The court reviews *de novo* the bankruptcy court's order disposing of the summary judgment motion. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment is properly granted if there is no genuine issue of material fact and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

NER contends that the bankruptcy court erred in concluding that an issue of material fact exists as to the "other property" exception to the economic loss rule. Under North Carolina law, the economic loss rule "prohibits recovery for purely economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk." Severn Peanut Co. v. Indus. Fumigant Co., 807 F.3d 88, 94 (4th Cir. 2015) (internal quotation marks and citation omitted). The rule does not bar recovery, however, where there is damage to property *other* than that property which was the subject of the applicable agreement. See N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 82 (1978). NER argues that this "other property" exception does not apply because its alleged negligence caused damage to several areas of the project, such as the parking deck, the pool, and the main building, which property was the subject of its contract with Weaver Cooke and was the subject of New Bern's contract with Weaver Cooke.

Recently, in another appeal arising out of this case, the court reversed the bankruptcy court's decision that the economic loss rule did not bar Weaver Cooke's recovery of damages in negligence against the masonry subcontractor. Weaver Cooke Constr., LLC v. E. Carolina Masonry, Inc., No. 5:14-CV-710-BR, DE # 47 (E.D.N.C. Mar. 17, 2017). This court held that "[g]iven the relationship of [the masonry] subcontract to the general contract for the project and given the nature of [the subcontractor's] work, the court concludes that the damages Weaver Cooke seeks in negligence from [the subcontractor] are to property that was the subject of the subcontract" and are economic loss. Id. at 7. Because the contracts between Weaver Cooke and NER and Weaver Cooke and NRS are not in the record, there is not sufficient information for the court to determine whether similar reasoning applies to New Bern's negligence claim against NER.[2]

---

[2] Two pages of the contract between NER and Weaver Cooke are in the record, (DE # 37-3, at 150-51), but obviously those pages do not constitute the entire agreement.

3

Accordingly, the bankruptcy court's 23 September 2014 order is REVERSED IN PART[3] and REMANDED with direction to the bankruptcy court to reconsider its ruling in light of the decision in Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc., No. 5:14-CV-710-BR.

This 28 March 2017.

_____
W. Earl Britt
Senior U.S. District Judge

---

[3] Because the court is reversing the bankruptcy court's ruling as to the application of the economic loss rule, the court does not consider the other issues NER raises on appeal. However, the court notes that it has already addressed the issue of the effect of the merger between NER and NRS and NER's responsibility for NRS's liability to Weaver Cooke, if any. Nat'l Erectors Rebar, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-135-BR (E.D.N.C. Jan. 28, 2016), appeal dismissed, No. 16-1235 (4th Cir. Nov. 3, 2016).