IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-139-BR

JMW CONCRETE CONTRACTORS,
    Appellant,

v.

NATIONAL ERECTORS REBAR, INC.,
    Appellee.

ORDER

    This matter is before the court on JMW Concrete Contractors' ("JMW") appeal from the 29 September 2014 and 17 March 2015 orders of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

    This dispute arises out of the construction of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. In 2006, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, contracted with Weaver Cooke Construction, LLC ("Weaver Cooke") to serve as the project's general contractor. In turn, Weaver Cooke contracted with appellee National Erectors Rebar, Inc. ("NER")[1] to provide materials and equipment for the design and installation of the project's post-tension concrete system.[2] Weaver Cooke contracted with JMW to pour concrete in connection with that system.

---

[1] Prior to contracting with Weaver Cooke, NER and another entity, National Reinforcing Systems, Inc. ("NRS"), had merged, with NER as the surviving corporation. The court has affirmed the bankruptcy court's determination that NER is responsible for the liabilities of NRS to Weaver Cooke. Nat'l Erectors Rebar, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-135-BR (E.D.N.C. Jan. 28, 2016), appeal dismissed, No. 16-1235 (4th Cir. Nov. 3, 2016).

[2] "The post-tension concrete system is a series of cables embedded in concrete structures integrated into the Project to provide structural support." (9/29/14 Order, DE # 70, at 93.)

In March 2009, New Bern filed suit in state court against various parties, including Weaver Cooke and NER, based on the allegedly defective construction of the project.  In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the Bankruptcy Court.  "New Bern and Weaver Cooke have both asserted claims against NER, alleging that NER's design and installation of the post-tension system was defective[.]"  (9/29/14 Order, DE # 70, at 93.)  NER filed a third-party claim against JMW which sounds in negligence, although it also seeks indemnity and contribution, and NER contends JMW's work caused or contributed to "blowouts" in post-tension elevated slabs where JMW had poured concrete.

JMW filed a motion for summary judgment on NER's third-party claim(s).  On 29 September 2014, the bankruptcy court denied the motion.  It rejected JMW's argument that NER was required to produce evidence of direct repair costs associated with damages purportedly caused by JMW's defective work.  The bankruptcy court also held that a genuine issue of material fact exists as to whether an exception to the economic loss rule applies.  Shortly thereafter, JMW filed a motion for reconsideration.  On 17 March 2015, the bankruptcy court denied the motion, finding it did not commit clear error to warrant reconsideration.

In April 2015, JMW filed motion for leave to appeal and a notice of appeal from both orders.  In May 2015, the bankruptcy court certified the orders as final pursuant to Federal Rule of Civil Procedure 54(b) and recommended that this court consider the orders as final.  Thereafter, this court certified the orders as final and accordingly concluded JMW's motion for leave to appeal was moot.

JMW initially argues that NER's claims are barred by the economic loss rule.  The parties agree that if the economic loss rule bars New Bern's and Weaver Cooke's claims against NER,

then the rule likewise bars NER's claims against JMW. The bankruptcy court had denied New Bern's and Weaver Cooke's motions for summary judgment based on the economic loss rule. However, recently this court reversed and remanded those orders on NER's appeal for reconsideration in light of an earlier decision. See Nat'l Erectors Rebar, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-245-BR (E.D.N.C. Mar. 28, 2017); Nat'l Erectors Rebar, Inc. v. New Bern Riverfront Dev., LLC, No. 5:15-CV-30-BR (E.D.N.C. Mar. 28, 2017). Because the bankruptcy court's decision on remand of those orders is potentially determinative of NER's claims against JMW, remand and reconsideration of JMW's motion for summary judgment is also necessary.

    The bankruptcy court's 29 September 2014 and 17 March 2015 orders are REVERSED with direction to the bankruptcy court to reconsider its ruling on JMW's motion for summary judgment in conjunction with New Bern's and Weaver Cooke's motions for summary judgment on NER's claims.

    This 29 March 2017.

_____
W. Earl Britt
Senior U.S. District Judge