# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| WEAVER COOKE CONSTRUCTION, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 5:17-CV-00545-BR** |
| | ) | |
| STOCK BUILDING SUPPLY, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

| | | |
|---|---|---|
| WEAVER COOKE CONSTRUCTION, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 5:17-CV-00546-BR** |
| | ) | |
| STOCK BUILDING SUPPLY, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

This matter is before the court on the following: (1) Weaver Cooke Construction, LLC's ("Weaver Cooke") notice of appeal of the bankruptcy court's 29 September 2017 order; (2) Weaver Cooke's motion for leave to appeal the 29 September 2017 order; and (3) appellee Stock Building Supply, LLC's ("Stock") motion to dismiss the appeal.[1]  The factual background of the underlying proceeding has been set forth in numerous prior orders and will not be repeated.  The procedural history is, however, helpful to an understanding of the matters before the court.

---

[1] Weaver Cooke filed two identical notices of appeal.  However, it attached to one notice of appeal its motion for leave to appeal.  Each notice of appeal was docketed as a separate proceeding, hence the two captions above. Because there is no substantive difference in the proceedings, the court discusses them collectively and references to docket entries are to Case No. 5:17-CV-545-BR.

On 22 August 2014, the bankruptcy court allowed Stock's motion for summary judgment on Weaver Cooke's indemnity claim against it.  (DE # 5-6.)  Weaver Cooke appealed.  The bankruptcy court (and this court) certified that order as final pursuant to Federal Rule of Civil Procedure 54(b).  (DE # 6-1.)  On 12 August 2016, this court affirmed in part and reversed in part the 22 August 2014 order and remanded for further proceedings.  (DE # 6-8.)  On remand, the bankruptcy court excluded the expert report and testimony on which Weaver Cooke relied to support its indemnity claim and again allowed Stock's motion for summary judgment on that claim.  (DE # 1-1.)  It is this order from which Weaver Cooke seeks to appeal.

Stock contends that Weaver Cooke's notice of appeal should be dismissed and that the motion for leave to appeal should be denied because the bankruptcy court has not certified its order as final under Rule 54(b) and Weaver Cooke has not satisfied the requirements of 28 U.S.C. § 158(a)(3) to enable it to appeal an interlocutory order.  The court agrees.  Recently, the bankruptcy court denied Weaver Cooke's motion to certify the 29 September 2017 order as final.  (DE # 34-1.)  Without such certification, the bankruptcy court's order remains interlocutory.  See Robinson v. Parke-Davis & Co., 685 F.2d 912, 913 (4th Cir. 1982) (per curiam) (recognizing that "[w]hile the district court's order appears to end [one party]'s litigation," appellate jurisdiction was lacking because the lower court had not certified its order as final under Rule 54(b)).  Section 158(a)(3) permits appeal of bankruptcy courts' orders with leave of court.  28 U.S.C. § 158(a)(3).  The court may grant leave where the movant has shown:

> 1) the interlocutory order involves a controlling question of law as to which there is substantial ground for a difference of opinion, [] 2) immediate appeal would materially advance the termination of litigation . . . [and 3)] exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.

<u>Weaver Cooke Const., LLC v. Stock Bldg. Supply, LLC</u>, No. 5:14-CV-475-BR, 2014 WL 5307501, at *1 (E.D.N.C. Oct. 16, 2014) (internal quotation marks and citations omitted). Weaver Cooke has not met its burden concerning these requirements.

 For the foregoing reasons, Weaver Cooke's appeal is DISMISSED, and its motion for leave to appeal is DENIED.  The Clerk is DIRECTED to close these cases.

 This 9 March 2018.

         _____
          W. Earl Britt
          Senior U.S. District Judge

3