**SO ORDERED.**

**SIGNED this 23 day of January, 2019.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10340-8-SWH |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | |
|     DEBTOR | |
| | |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC | ADVERSARY PROCEEDING NO. |
|     Plaintiff | 10-00023-AP |
|     v. | |
| WEAVER COOKE CONSTRUCTION, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; J. DAVIS ARCHITECTS, PLLC; FLUHRER REED PA; and NATIONAL ERECTORS REBAR, INC. f/k/a NATIONAL REINFORCING SYSTEMS, INC., | ORDER ALLOWING NAT'L ERECTORS REBAR INC.'S MOTION FOR RECONSIDERATION AND ALLOWING SUMMARY JUDGMENT ON INDEMNITY CLAIM |
|     Defendants, | |
|     and | |
| WEAVER COOKE CONSTRUCTION, LLC; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     Defendants, Counterclaimants, Crossclaimants and Third-Party Plaintiffs, | |
|     v. | |

**J. DAVIS ARCHITECTS, PLLC, FLUHRER REED PA, SKYSAIL OWNERS ASSOCIATION, INC.; NATIONAL REINFORCING SYSTEMS, INC., ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., CAROLINA CUSTOM MOULDING, INC., CURENTON CONCRETE WORKS, INC., WILLIAM H. DAIL d/b/a DD COMPANY, EAST CAROLINA MASONRY, INC., GOURAS, INC., HAMLIN ROOFING COMPANY, INC.; HAMLIN ROOFING SERVICES, INC., HUMPHREY HEATING & AIR CONDITIONING, INC.; PERFORMANCE FIRE PROTECTION, LLC; RANDOLPH STAIR AND RAIL COMPANY; STOCK BUILDING SUPPLY, LLC; PLF OF SANFORD, INC. f/d/b/a LEE WINDOW & DOOR COMPANY; UNITED FORMING, INC. a/d/b/a UNITED CONCRETE, INC.; JOHNSON'S MODERN ELECTRIC COMPANY, INC.; and WATERPROOFING SPECIALITIES, INC.,**
      Crossclaimants, Counterclaimants and
      Third-Party Defendants.

      **and**

**NATIONAL ERECTORS REBAR, INC.**
      **Defendant, Counterclaimant,**
      **Crossclaimant and Third-Party**
      **Plaintiff,**

      **v.**

**ROBERT P. ARMSTRONG, JR., ROBERT ARMSTRONG, JR., INC., SUMMIT DESIGN GROUP, INC., JMW CONCRETE CONTRACTORS, and JOHNSON'S MODERN ELECTRIC COMPANY, INC.**
      **Third-Party Defendants.**

      **and**

**J. DAVIS ARCHITECTS, PLLC,**
    **Third-Party Plaintiff,**

    **v.**

**MCKIM & CREED, P.A.,**
    **Third-Party Defendant.**

    **and**

**GOURAS, INC.,**
    **Third Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**RAFAEL HERNANDEZ, JR., CARLOS**
**CHAVEZ d/b/a CHAVEZ DRYWALL,**
**5 BOYS, INC. and ALEX GARCIA**
**d/b/a/ JC 5,**
    **Fourth-Party Defendants.**

    **and**

**STOCK BUILDING SUPPLY, LLC,**
    **Third-Party Defendant and**
    **Fourth-Party Plaintiff,**

    **v.**

**CARLOS O. GARCIA, d/b/a/ C.N.N.C.,**
    **Fourth-Party Defendant.**

### ORDER ALLOWING NATIONAL ERECTORS REBAR, INC.'S
### MOTION FOR RECONSIDERATION
### AND ALLOWING SUMMARY JUDGMENT ON INDEMNITY CLAIM

The matter before the court is National Erectors Rebar, Inc.'s Motion for Reconsideration, Relief from Orders, To Amend, Alter or Clarify Order Denying Motion for Summary Judgment as to Weaver Cooke's Indemnity Claim Relating to Installation ("Motion to Reconsider") (D.E. 1585), which it filed on November 27, 2018, along with a supporting memorandum. (D.E. 1586) In the

3

Motion to Reconsider, National Erectors Rebar, Inc. ("NER") asks the court to revisit its order on summary judgment, wherein the court denied most aspects of NER's motion for summary judgment on crossclaims relating to the allegedly defective design and construction of the post-tension system in the SkySail project. (D.E. 970, the "Original NER Order") NER argues that it is now entitled to summary judgment on Weaver Cooke's indemnity claim for reasons that are the same or similar to those underlying the orders entered by this court, on remand, regarding Weaver Cooke's indemnity claim against Stock Supply and certain other third-party defendants. NER made these arguments in a post-Stock memorandum (D.E. 1416), to which Weaver Cooke filed a response in opposition (D.E. 1434). Weaver Cooke also filed a response in opposition to this motion. (D.E. 1587)

For the reasons set out below, the motion to reconsider will be allowed despite certain procedural irregularities, and the Original NER Order will be amended by entry of this order, which allows summary judgment for NER on the indemnity claim on grounds that the damages sought by Weaver Cooke relate to "the Work" performed by NER, as outlined in this court's ECM Indemnity Remand Order of June 26, 2018. (D.E. 1568)

**PROCEDURAL POSTURE**

NER seeks reconsideration of the Original NER Order, entered on September 30, 2014. To review, in that order, this court *allowed* summary judgment for NER as to the indemnity claim to the extent that the motion pertained to damages caused by the defective *design* of the post-tension system, because Weaver Cooke had alleged that multiple parties were responsible in varying degrees for the design of the system. D.E. 970 at 7-9. As noted by the district court, Weaver Cooke did not appeal that aspect of the order. D.E. 1386 at 2, n.2. In the Original NER Order, this court *denied*

summary judgment on the indemnity claim to the extent it pertained to the *installation* of the post-tension system, because Weaver Cooke had not asserted claims against any party other than NER, which, per this court's initial analysis of the contractual and statutory indemnity language (indemnity claim survived only if Weaver Cooke alleged that the subcontractor was "wholly" responsible for the alleged damage), permitted the claim to go forward. D.E. 970 at 9-10. On appeal, the district court affirmed, though it did so for a different reason; namely the reasoning it articulated in its Stock Supply order, which was that the "contributing negligence of other parties" would not preclude Weaver Cooke from seeking indemnity.[1] D.E. 1386 at 5 (discussing D.E. 1326 (the "District Court Stock Indemnity Order")). Thus, Weaver Cooke's indemnity claim against NER, which related to the defective *installation* of the post-tension system, remained viable, and it is that aspect of the Original NER Order that is at issue here.

Also in the Original NER Order, this court denied NER's motion for summary judgment on application of the economic loss rule. The district court reversed and remanded with the direction that this court reconsider its ruling in light of the district court's decision in *Weaver Cooke Construction v. East Carolina Masonry, Inc.*, No. 5:14-CV-710-BR (March 17, 2017) (D.E. 1376) (the "ECM Order").[2] Finally, and significantly, this court denied NER's motion for summary

---

[1] Put another way, the district court held in that order and in the other related cases that the appealing parties could not be shielded from the repercussions of their own negligence by the fact that others may also have been negligent. In those cases, the district court remanded with the directive that this court reconsider the indemnity issue in accord with the district court's disposition of it, and also observed that this court could, if necessary, address other issues that remained unresolved as to some parties.

[2] The district court remanded with the direction that this court reconsider that issue with reference to the Weaver Cooke-NER contract, which had been omitted from the record on appeal to the district court: For other parties, where the district court had all relevant documents, the court remanded with a directive that this court enter summary judgment. On remand, after reviewing the contract, this court entered an order allowing summary judgment for NER on the

judgment on contributory negligence grounds based on its determination that genuine issues of material fact still remained as to the cause of the displacement of post-tension cables and concrete fracturing, *i.e.* "blowouts." D.E. 970 at 7-11.  NER appealed this issue as well, but the court did not consider this issue because it disposed of the appeal on other bases, which included allowing summary judgment on the negligence claim on grounds that it was precluded by the economic loss rule.  D.E. 1386 at 5.

Flash forward to the entry of this court's Stock Indemnity Remand Order, after which the court invited memoranda from the other third-party defendant subcontractors that were similarly situated with Stock Supply, meaning that, as to them, the district court had reversed as to the indemnity claim and remanded with the directive that this court reconsider its ruling based on the District Court Stock Indemnity Order.  The indemnity issue *was not remanded* as to NER. Nonetheless, NER filed a memorandum (D.E. 1416) explaining why the Stock analysis should be applied to it, and Weaver Cooke filed a response (D.E. 1434).   During a status conference on October 30, 2018, the court informed counsel for NER that in the court's view, NER's arguments were not properly before it, and the court perceived no basis upon which it could consider them. The court stated further that if NER saw things differently, it was incumbent upon NER to articulate the bases upon which it believed the court could revisit the Original NER Order.  NER filed the instant Motion for Reconsideration and supporting memorandum (D.E. 1585, 1586), to which Weaver Cooke responded (D.E. 1587).  The matter is ripe for disposition.

---

economic loss claim. (D.E. 1404)

**DISCUSSION**

NER is asking the court to reconsider its ruling denying NER's motion for summary judgment on Weaver Cooke's indemnity claim as to installation of post-tension concrete. As was outlined above, this request is irregular from a procedural standpoint because the court's ruling on the indemnity claim has been affirmed on appeal, albeit on different reasoning. No appeal is pending on the district court's ruling, and because the district court agreed with the bankruptcy court's ultimate determination, the matter has not been remanded. The question, then, is whether the bankruptcy court can revisit and revise an order that already has been affirmed by the district court?

**I.      Obstacles to Reconsideration**

According to NER, the court can and should use "its discretionary power" to reconsider, modify, alter, or amend the Original NER Order, which NER characterizes as "interlocutory" and subject to reconsideration. Though the court will conclude that it can reconsider the order and that summary judgment for NER should be allowed, it is appropriate to acknowledge at the outset that there are multiple obstacles to the court undertaking such an exercise. First, and most obviously, the order NER describes as "interlocutory" was certified as final under Rule 54(b) of the Federal Rules of Civil Procedure. The Original NER Order was among the orders cited by this court in its Order Regarding Rule 54(b) Certification of Orders on Summary Judgment as Final Orders. (D.E. 1182 (the "Certification Order")) NER filed a notice of appeal from the Original NER Order, as well as a motion for leave to appeal that same order, both of which were noted in the charts accompanying the Certification Order. D.E. 1182 at 21, 24. The Original NER Order was likewise

certified as final by the district court for purposes of the appeals, after which the district court affirmed in part, reversed in part, and remanded, as discussed above.

Rule 54(b), made applicable in bankruptcy by Rule 7054 of the Federal Rules of Bankruptcy Procedure, provides:

> (b) Judgment on Multiple Claims or Involving Multiple parties.  When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. *Otherwise*, any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P.  54(b) (emphasis added).

Even in completely ordinary procedural circumstances, NER would have an extremely high hurdle to jump in seeking reconsideration under the latter part of the rule; for example, there has been no "intervening change of controlling law" as that term typically would be used in the context of a motion to reconsider.  Instead, in remanding the indemnity issue to this court for parties *other* than NER, the district court disagreed with this court's interpretation of the contractual language at issue, and remanded with the directive that the court reconsider the matter in light of the district court's interpretation.  More significantly, in its Motion to Reconsider, NER fails to acknowledge or address the Original NER Order's procedural posture (having been certified as final; appealed to the district court; then affirmed in part, reversed in part, and remanded on grounds other than those at issue now), which at the very least makes this motion atypical and warrants discussion.  Those obstacles notwithstanding, the court will allow the motion and amend the Original NER Order for the reasons set out below.

**II.     Authority for Reconsideration and Amendment of Prior Order**

As this court recently noted in this proceeding, in its order allowing New Bern's motion to strike the third party complaint filed by Travelers Casualty & Surety Company of America against the indemnitors, the "ability of a court to review and modify its own orders is well-recognized. Federal Rule of Civil Procedure 60(b)(6), made applicable to this case by Federal Rule of Bankruptcy Procedure 9024, allows the court to grant relief from an order, in addition to the grounds set out in Rule 60(b)(1)-(5), for 'any other reason that justifies relief.'" D.E. 1561 at 6, citing Fed. R. Civ. P. 60(b)(6). And, the court went on, it "is axiomatic that a court can reconsider its own orders in appropriate circumstances." *Id.*; *see, e.g.,* Fed. R. Civ. P. 60. Moreover, bankruptcy courts, "as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *Meyer v. Lenox (In re Lenox)*, 902 F.2d 737, 739-40 (9th Cir. 1990), *quoted in In re Phillips*, 553 B.R. 536, 544 (Bankr. E.D. N.C. 2016); *see also In re Renaissance Stone Works, L.L.C.*, 373 B.R. 817, 822 (E.D. Mich. 2007) (under 11 U.S.C. § 105(a), bankruptcy courts may, *sua sponte*, exercise their inherent power to reconsider, modify or vacate prior orders).

Also relevant here is the doctrine of the "law of the case," which is a legal principle that "exists in order to promote 'the interests of stability, finality, and judicial efficiency.'" *In re New Bern Riverfront Dev't, LLC*, 516 B.R. 316, 321 (Bankr. E.D.N.C. 2014), *quoting United States v. Williams*, 162 Fed. Appx. 254, 258-59 ( 4th Cir. 2006). In that decision, this court "adopt[ed] Judge Leonard's analysis and interpretation of the economic loss rule in accordance with the doctrine of law of the case." *Id.* Now, at this stage in the proceedings, it is both consistent with that doctrine and incumbent on the court to ensure that the analyses set out by the district court in its orders on

appeal likewise are given effect in such a way as to promote consistency and efficiency. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Id., quoting City of Charleston, S.C. v. Hotels.com, LP*, 520 F. Supp. 2d 757, 774 (D.S.C. 2007). Specifically, the district court's treatment of both the indemnity issue and the economic loss analysis support this court's reconsideration of the Original NER Order.

The court reaches that decision by taking a practical look at this proceeding's big picture. This court entered orders on indemnity in batches, applying the same interpretation of the indemnity clause to all similarly situated parties. On appeal, the district court likewise approached the issue in batches, and reversed and remanded for virtually all parties with the direction that this court examine the matter using the district court's analysis and, if necessary, resolving other issues that were not addressed in the initial summary judgment orders. This court approached the economic loss rule issue the same way, as did the district court on appeal: After reversing on grounds that this court had applied too narrow a definition in determining that the economic loss rule did not apply, the district court articulated its more expansive definition and remanded for the entry of summary judgment in favor of the third-party defendants.

Returning to NER, it is apparent that on the indemnity issue, this court was affirmed on appeal, instead of being reversed and remanded as with the other parties, only because Weaver Cooke alleged that only NER was negligent in connection with installation of the post-tension concrete. The district court, in applying the exact same reasoning it had with other parties, simply affirmed on that basis. The practical result of that affirmance is that NER was left in a very different posture, as compared to other similarly situated parties: For the other parties as to which the

indemnity issue was remanded, this court undertook a thorough re-examination of the matter on remand to consider issues that were not material to its initial (now reversed) analysis, but were acutely relevant on remand. That included the issues of, for example, contributory negligence and proximate cause.

Ultimately, the court finds it appropriate to allow NER's motion to consider the Original NER Order for the same reasons that this court could, alternatively, exercise its inherent authority to do so on a *sua sponte* basis, or to give proper effect to the doctrine of the law of the case. By reconsidering the Original NER Order and allowing summary judgment in favor of NER on the indemnity claim, this court aligns its rulings and provides a more efficient platform for trial preparation and review by an appellate court.

### III.    Indemnity Provision Precludes Recovery for Damages Within Scope of "the Work"

The court will allow NER's motion for summary judgment on the indemnity claim on the same basis first set out in the ECM Indemnity Remand Order (D.E. 1568), and reiterated in multiple additional orders on remand, which rests on the exclusion of the subcontractor's "work" from the damages for which Weaver Cooke may seek indemnity. The language to which the court referred in that order is identical to the language used in the Weaver Cooke-NER subcontract, and provides as follows:

> 16.2  To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Contractor, its agents and employees from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from Subcontractor's performance of Subcontractor's Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (*other than Subcontractor's Work itself*) including loss of use resulting therefrom, if caused in whole or in part by the negligent acts or omissions of Subcontractor, a sub-subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or

> expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity, which would otherwise exist as to a party or person described in this Article.

D.E. 1568 at 14 (emphasis added). Here, the subcontract between NER and Weaver Cooke provides that NER's scope of work includes the following:

> Provide all required labor, material, equipment, supervision, taxes and insurance to, unload, place and tie all reinforcing steel and post tensioning in strict accordance with the plans and specifications, CRSI, ACI, and PTI recommended practices and the following special requirements:
> Necessary chokers to unload and hoist materials
> Installation of pocket formers and stud rails
> Post-tensioning design and provision of engineer-sealed drawings[3]
> Bar supports for vertical and flat work (INSTALLATION)
> Pre-positioning of augered pile and masonry reinforcement
> All supervision is included

D.E. 709-2 at 7 (Attachment "A-1"). Again, as the court explained in the ECM Indemnity Remand Order,

> per the language in its own contract, Weaver Cooke may seek indemnity for those damages "arising out of or resulting from Subcontractor's performance of Subcontractor's Work, provided that such claim, damage, loss or expense is attributable to ... injury to or destruction of tangible property (other than Subcontractor's Work itself)." D.E. 686, Ex. 1, ¶ 16.2 (emphasis added). To the extent that Weaver Cooke seeks damages based on alleged injury *to these components*, that recovery is precluded by the language just discussed.

D.E. 1568 at 15. Here, the court finds that the damages for which Weaver Cooke would seek indemnity from NER are wholly within NER's "Work" as that term is used in the parties' subcontract.

---

[3] On the original document, this line is crossed-through and then initialed in connection with a division of labor as between design and installation of the post-tension system; the distinction is irrelevant to the present discussion.

Moreover, the court would arrive at the same result under the more expansive analysis articulated by the district court in *Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc.*, No. 5:14-CV-710-BR (E.D.N.C. Mar. 17, 2017), which that court also applied in its disposition of the appeals of similarly situated subcontractors, including NER. In particular, in its order resolving the majority of NER's appeals, the district court explained:

> Relying on its earlier analysis of the economic loss rule in the context of New Bern's negligence claim against NER, the bankruptcy court concluded that the damages alleged to have been caused by defects in the post-tension concrete system were to property other than that which was the subject matter of the contract between Weaver Cooke and NER and in turn concluded that a genuine issue of material fact exists as to whether this "other property" exception applies. [Weaver Cooke] argues that this "other property" exception does not apply because NER's alleged negligence caused damage to several areas of the project, such as the parking deck, the pool, and the main building, which property was the subject of its contract with Weaver Cooke.
>
> This court recently reversed that earlier analysis of the bankruptcy court and remanded for the bankruptcy court to reconsider in light of *Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc*., No. 5:14-CV-710-BR (E.D.N.C. Mar. 17, 2017). *See Nat'l Erectors Rebar, Inc. v. New Bern Riverfront Dev., LLC*, No. 5:15-CV-30-BR (E.D.N.C. Mar. 28, 2017). Having reversed the earlier decision on which the bankruptcy court relied, the court will also reverse as to the bankruptcy court's application of the economic loss rule's "other property" exception to Weaver Cooke's negligence claim against NER and remand for reconsideration.

D.E. 1386 at 3-4. The court is well aware of Weaver Cooke's position that the indemnity provision is not limited to claims for "bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than Subcontractor's Work itself)," but, again, the court disagrees. As it explained in its order on remand determining that the damages Weaver Cooke attributed to subcontractor Randolph Stair were within the scope of "the Work":

> The economic loss rule obviously does not, of itself, determine the parameters of whether the damages Weaver Cooke attributes to Randolph Stair are within, or outside, the scope of "the Work." ... The court finds the district court's analysis of the rule to be both informative and persuasive. Further, the court sees no sound basis

13

upon which it could conclude, using the district court's broader view, that the damages for which Weaver Cooke seeks contractual indemnity (and which must be based upon a showing of negligence) are for damage outside the scope of Randolph Stair's "Work."

D.E. 1573 at 17. This reasoning is fully applicable to NER, and summary judgment will be granted to NER on this basis.

## CONCLUSION

For the foregoing reasons, NER's Motion to Reconsider is **ALLOWED**. The court's Original NER Order (D.E. 970) is hereby amended by entry of this order, wherein summary judgment for NER on the indemnity claim is **ALLOWED**.[4]

**END OF DOCUMENT**

---

[4] The parties to this adversary proceeding are advised that the court's decision to review its own summary judgment order relating to the indemnity claim against NER is not an open invitation for other parties to request the same treatment of their rulings. The court's decision to review its ruling in this matter is based upon the peculiar procedural status in which NER was placed.